UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similarly situated, | Case No. C15-1808 |
| Plaintiff, | |
| *v.* | **COMPLAINT—CLASS ACTION** |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | |
| | **JURY DEMAND** |
| Defendant. | |

Plaintiff Juanita Garcia ("Plaintiff") brings this action individually and on behalf of all others similarly situated against Defendant Nationstar Mortgage LLC ("Nationstar") to stop Nationstar's practice of charging unlawful debt collection fees and to obtain redress for all persons injured by Nationstar's conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by her attorneys.

**NATURE OF ACTION**

1.     Defendant Nationstar claims to be "one of the largest residential mortgage servicers in the United States."[1]  Its servicing portfolio consists largely of "credit-sensitive"

---

[1]     Nationstar Mortgage Holdings Inc., Annual Report (*Form 10-K*), at 2 (Feb. 27, 2015),

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

residential mortgage loans that it "primarily acquired through bulk acquisitions." *Id*. Nationstar specializes in servicing high-risk and high-interest loans, and a substantial percentage of its $380-billion debt portfolio consists of loans that were in default at the time it acquired them.

2.      With over 10,000 consumer complaints officially filed against it, Nationstar is one of the Consumer Finance Protection Bureau's ("CFPB") "Top 10 Most-Complained-About Companies."[2]  Nonetheless, and "[d]espite the billions of dollars in fines levied against mortgage lenders and servicers, the mortgage industry continues to mislead and mistreat homeowners, according to the federal government. . . . [J]ust under half of the 187,818 complaints filed with the agency concerned mortgage problems, with the overwhelming majority of these involving servicing, loan modifications and foreclosure activities by mortgage servicers."[3]

3.      Nationstar's business model of targeting high-risk "credit-sensitive" loans not surprisingly causes Nationwide's overall loan delinquency rate to be substantially higher than industry averages, and a large percentage of Nationstar consumers have difficulty making their mortgage payments precisely when due. Nationstar's target consumers are often in unstable circumstances where they are relatively more susceptible to harassment, oppression, and abuse.

4.      Unfortunately, Nationstar capitalizes on these circumstances by steering consumers into using unnecessary high-fee services to make routine loan payments under fear of otherwise potentially losing their homes. For instance, Nationstar often tells consumers that phone payments—with excessive processing fees—are the only available means of avoiding late fees and adverse debt collection actions, while other free methods of timely payment are in fact available. Additionally, when consumers fall behind on their payments, Nationstar often

---

available at https://www.sec.gov/Archives/edgar/data/1520566/000152056615000009/nsmhinc-1231201410xk.htm.

[2]      CFPB, *Monthly Complaint Report*, available at http://files.consumerfinance.gov/f/201509_cfpb_monthly-complaint-report-vol-3.pdf.

[3]      CBS, *Mortgage Abuses Still Plague Homeowners*, available at http://www.cbsnews.com/news/cfpb-mortgage-servicer-abuses-still-plague-homeowners.

COMPLAINT—CLASS ACTION
No. C15-1808

2

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

arbitrarily locks them out of their online accounts, forcing them to find alternate means of making payments and, all too often, charging them excessive "convenience" fees for the privilege of doing so. These fees are not pass-through costs reflective of actual third-party processing charges but rather are arbitrary amounts imposed by Nationstar to drive excess profits for itself.

5.     The CFPB has imposed millions of dollars of penalties on mortgage servicers like Nationstar for unlawfully steering consumers towards similar "pay-to-pay" options where, like here, such options are neither authorized by the original agreements creating the underlying debts nor specifically permitted by law.[4] Nonetheless, Nationstar continues to enrich itself and victimize consumers by steering them towards these unlawful and excessive debt collection fees.

6.     Through this standardized course of conduct, Nationstar routinely and willfully violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), which prohibits debt collectors like Nationstar from collecting "*any* amount" from a debtor unless "such amount is *expressly* authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1) (emphasis added). Furthermore, Nationstar routinely and willfully commits *per se* unfair or deceptive acts or practices under the Washington Consumer Protection Act, RCW ch. 19.86 ("CPA") by repeatedly violating the Washington Collection Agency Act, RCW ch. 19.16 ("WCAA"). The WCAA, in turn, prohibits licensed debt collectors like Nationstar from collecting "*any* sum" from a debtor in addition to the principal amount owed "other than allowable interest, collection costs or handling fees *expressly* authorized by statute." RCW § 19.16.250(21) (emphasis added).

7.     Plaintiff seeks an injunction requiring Defendant to stop imposing unlawful "pay-to-pay" convenience fees on Washington consumers. Plaintiff seeks a further injunction pursuant to RCW § 19.16.450 prohibiting Defendant from seeking to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise

---

[4]     *See FTC and CFPB v. Green Tree Servicing*, No. 15-cv-2064 (D. Minn. Apr. 21, 2015).

COMPLAINT—CLASS ACTION
No. C15-1808

3

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

legally chargeable to any Washington consumer to whom it previously charged an unlawful fee. Plaintiff further seeks an award of actual damages to the members of the Classes as provided under both the FDCPA and CPA, treble damages as provided under the CPA, additional statutory damages as provided under the FDCPA, costs, and reasonable attorneys' fees.

## PARTIES

8.      Plaintiff Juanita Garcia is a natural person and citizen of the State of Washington.

9.      Defendant Nationstar is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 8950 Cypress Waters Boulevard, Coppell, Texas 75019. Defendant is registered to do business in Washington and lists a business address of One Convention Place, 701 Pike Street, 7th Floor, Seattle, Washington 98101. It has a Washington collection agency license (associated with UBI # 602110305) and regularly engages in collection agency activities within this District, Washington state, and throughout the United States.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises under the FDCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant is registered to conduct collection-agency activities in this District and in fact does conduct significant collection-agency activities and other business transactions in this District.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant is registered to conduct Washington debt-collection activities from its offices in this District; has registered its collection-agency office using an address in this District; and conducts significant amounts of collection activities from within this District.

## COMMON FACTUAL ALLEGATIONS

12.     Nationstar services billions of dollars worth of consumer residential loans. Among other things, Nationstar is generally responsible for creating and sending monthly statements to consumers, collecting loan payments, and processing loan payments. It regularly

COMPLAINT—CLASS ACTION
No. C15-1808

4

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

collects or attempts to collect debts owed to others and when doing so is a "debt collector" as that term is defined under the FDCPA. Nationstar has a collection-agency license from the State of Washington and is a "collection agency" as that term is defined in the WCAA. Many of the debts Nationstar services were in default at the time Nationstar acquired them.

13.     Most of Nationstar "customers" are, in fact, involuntary consumers who are only forced to work with Nationstar because Nationstar acquired the rights to collect on their loans without their prior knowledge or consent. These consumers, locked into involuntary relationships with Nationstar, often find that in order to remain in their family homes they must deal with Nationstar for as long as it services their loans, regardless of how they are treated by it or its employees.

14.     Due to these captive economics, Nationstar has little incentive to treat its customers well. Nationstar—as a loan servicer—makes much of its money from the fees it imposes and collects. Nationstar pays its collections agents on a commission or bonus-based system, where they are encouraged to aggressively collect money as fast as possible while imposing as many fees as they can. This incentivizes a system of incessant, aggressive collection calls by trained collection agents.

15.     Consequently, Nationstar often subjects residential consumers, who may already feel overwhelmed by their struggles to make timely payments and who may believe their family homes are at risk, to the private importuning of trained and aggressively incentivized collection agents applying high-pressure collection techniques in direct, intense, real-time encounters. When these collection agents order consumers to pay immediately over the phone or face adverse consequences (such as potentially losing their homes or decreasing their credit ratings), consumers find it difficult fully to evaluate all available alternatives with reasoned judgment and may readily succumb to the agent's insistence upon immediate payment, despite the imposition of extra processing fees.

16.     Nationstar has routinely represented that payment methods with convenience fees, processing fees, or other such fees were the only payment methods available for consumers to

COMPLAINT—CLASS ACTION
No. C15-1808

5

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

use to make timely payments on their personal debts, even when other no-cost or lower-cost payment methods were available. These fees exceed any charges actually imposed by third-party payment processors, if any, for the cost of processing payments, and as such are not pass-through costs but rather serve as arbitrary profit drivers. By imposing these arbitrary fees, Nationstar has effectively and artificially enlarged the debts owed by thousands of consumers, enriching itself at the expense of those least able to afford it.

17.     Not surprisingly, the consumer backlash against Nationstar's fee-steering practices and against Nationstar in general, has been tremendous:



**Figure 1** (Better Business Bureau.)



**Figure 2** (One-star Yelp rating.)



**Figure 3** (Detailed Yelp rating.)

//

//

//

//

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

**Nationstar Mortgage**

Posted: 2015-05-19 by [redacted]

Nationstar Mortgage Contacts & Informations

**Fees for payments**

Complaint Rating:

Contact information:
Nationstar Mortgage
Not sure, United States

My loan originated with USAA who then contracted with a 3rd party servicer. At the time, it was with GMAC. GMAC went bankrupt and my loan servicing was sold to Ocwen. As of April 16th, my servicing was sold to Nationstar. Now, I can't pay every two weeks unless I pay a fee. I can pay online for free only until the 9th of the month. I can't do automatic payments for every two weeks without going on their Equity Accelerator program...which costs money. I could pay by check, but then I would run the risk of a check getting lost in the mail or Nationstar claiming they never received it. I originated my loan with USAA for a reason. They promised the servicer would have a USAA Memeber dedicated team and that the loan would not continue to be sold once it was with that servicer. I had a USAA dedicated team at Ocwen, but not at Nationstar. I've already spoken to USAA and to an Attorney. USAA has since changed their contracts so what is happening to me can't happen to future members (due to them not being able to buy back the loans involved in GMAC's bankruptcy). But there's nothing now that can be done. I'm stuck with paying more to make my payments in a way that works for my family or changing around the pay dates of several other bills (electric, water, cell phone), just so that we can make a mortgage payment. Twice I've asked to speak with a supervisor at Nationstar and twice I have been transferred to a line that constantly rings and no one picks up.

**Figure 4** (Consumer complaining of pay-to-pay fees.)

**Jack F.**
Freeport, NY
4 friends
8 reviews

★☆☆☆☆  8/19/2015

run run run don't even think about doing business with this company !!!!!!!
There customer service dept Is horrific , they charge you for everything including paying your mortgage every month on there website a $9.99 fee , there just criminal and have very shady way of scamming you bone dry , they will hi jack your money and good luck getting it back . You would rather swim in shark infested waters then to deal with these flounders ... They bought out my mortgage from Bank of America  since they bought out my mortgage it's just been a nightmare . I came over from Bank of America on the accelerated payment plan hence paid ahead and they claimed they couldn't find my payments made my life a living hell to pay them , and in 18 years I have never missed a payment but they answer there phone saying there debt collectors , what kind of slim shady company is this . I have filed multiple complaints with the banking commission .,

**Figure 5** (Consumer complaining of repeat $9.99 pay-to-pay online fee.)

COMPLAINT—CLASS ACTION
No. C15-1808

7

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752



**Figure 6** (Consumer complaining of $9.99 fee after payment enrollment failed.)

18.     Consumers are not alone in their complaints:



**Figure 7** (Employee claiming to get "scored" on "fees you get people to pay.")

COMPLAINT—CLASS ACTION
No. C15-1808

8

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752



**Figure 8** (Employee noting Nationstar's emphasis on collections.)



**Figure 9** (Employee noting improper late fee charges.)

19.    For years, Nationstar has knowingly embarked on a systematic campaign of imposing unlawful and excessive convenience fees during routine consumer payment transactions, all to artificially and unilaterally enlarge the consumer debts owed to it. These convenience fees are not mere pass-through costs for payment processing. They far exceed any actual third-party processing costs that Nationstar actually incurs, are not expressly authorized by the original agreements creating the consumer debts, and are not permitted by Washington law.

20.    Nationstar's financial statements indicate that, in 2014, it received ~$333 million in "ancillary" revenues, which are "composed of late charges, modification fees and other fees collected from borrowers," an amount comprising ~33% of its total "Service related revenue" for the year.[5] These fees, most often imposed on those least able to afford them, pushed Nationstar's servicing income from a ~$110 million loss to a ~$220 million profit. *Id*. at 89.

---

[5]    *See supra* at n.1, Nationstar Mortgage Holdings Inc., Annual Report *(Form 10-K)*, at 26.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

**FACTS RELATING TO PLAINTIFF GARCIA**

21.     Plaintiff Garcia is a consumer obligated to pay a residential mortgage debt that arose from the transaction to purchase her personal family home.

22.     Nationstar did not originate this consumer debt and instead independently solicited and acquired the servicing rights to collect payments on this debt.

23.     Plaintiff's debt is owed to another entity, the Federal National Mortgage Association; and Nationstar, having solicited and acquired the servicing rights, now collects payments on that entity's behalf. Pursuant to these collection efforts, Nationstar sends Plaintiff monthly statements that state, "This is an attempt to collect a debt."

24.     Pursuant to its Washington Collection Agency license, Nationstar acts as a collection agency with regards to Plaintiff and her residential mortgage debt.

25.     Nationstar began servicing Plaintiff's consumer debt at a time when Plaintiff had missed making payments for several consecutive months and was in default. Nationstar is a debt collector with regards to Plaintiff and her residential mortgage debt.

26.     Within the past year, Plaintiff has paid several "convenience" fees to make payments on her residential mortgage debt. All or a part of these fees were collected by Nationstar incidentally to Plaintiff's debt but were not expressly authorized by the original agreement creating this debt or otherwise specifically permitted by law.

27.     The "convenience" fees that Nationstar collected from Plaintiff to make debt payments exceeded any actual pass-through costs that Nationstar paid to third parties, if any, to process such payments.

**CLASS ACTION ALLEGATIONS**

28.     **Class Definitions**: Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(1), (b)(2), and (b)(3) on behalf of herself and the following two Classes and Subclass of similarly situated individuals, defined as follows:

**CPA Class**: All individuals in Washington state who within the past four years (i) paid a "convenience fee," (ii) collected in whole or in part by Defendant, (iii) in

COMPLAINT—CLASS ACTION
No. C15-1808

10

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

order to make a payment on a residential mortgage debt, (iv) where the term "convenience fee" was not specifically enumerated in the original agreement creating such debt.

**FDCPA Class**: All individuals in the United States who within the past year (i) paid a "convenience fee," (ii) collected in whole or in part by Defendant, (iii) in order to make a payment on a residential mortgage debt, (iv) where the term "convenience fee" was not specifically enumerated in the original agreement creating such debt, and (v) where Defendant's records indicate that the debt had not been current for 30 or more consecutive days at the time Defendant began servicing it.

**Washington Subclass of FDCPA Class**: All individuals in the FDCPA Class who reside in the State of Washington.

For convenience, the Classes and Subclass are referred to herein as the "Classes."

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and Defendant's current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Numerosity**: The exact sizes of the Classes are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, thousands of consumers who are geographically dispersed are members of each of the Classes/Subclass. Members of the Classes can be easily identified through Defendant's records.

30. **Commonality and Predominance**: There are many questions of law and fact common to Plaintiff's and the Classes' claims, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

**CPA Class**:

    (a)    Whether Defendant systematically imposed fees and collected amounts not permitted by law;

    (b)    Whether Defendant's conduct otherwise constituted unfair or deceptive practices occurring in trade or commerce and impacting the public interest;

    (c)    Whether Defendant's conduct caused injury to the CPA Class members;

    (d)    Whether Defendant's conduct violated the WCAA;

    (e)    Whether Defendant's conduct violated the CPA; and

    (f)    Whether Plaintiff and the CPA Class members are entitled to treble damages from Defendant's wrongful conduct.

**FDCPA Class and Washington Subclass**:

    (a)    Whether Defendant is a "debt collector" as that term is defined under the FDCPA;

    (b)    Whether Defendant's conduct violated the FDCPA; and

    (c)    Whether the members of the FDCPA Class are entitled to additional statutory damages as a result of the frequency, persistence, and intentionality of Defendant's conduct.

    31.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Classes in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

    32.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's interests are the same as or similar to those of the other members of the Classes in that her claims arise from the same misconduct and share the same essential characteristics as the claims belonging to the other members of the Classes. Plaintiff has no interests antagonistic to those of the Classes and Defendant has no defenses

COMPLAINT—CLASS ACTION
No. C15-1808

12

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Classes.

33.     **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to each of the Classes as a whole. Defendant's practices challenged herein apply to and affect each of the members of each of the Classes, and Plaintiff's challenge of those practices hinges on facts and law that apply to the Classes as a whole, not facts or law applicable only to Plaintiff.

34.     **Superiority**: This case is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Classes are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. Absent a class action, it would be difficult if not impossible for the individual members of the Classes to obtain effective relief from Defendant. Even if members of the Classes themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

35.     Plaintiff reserves the right to revise these Class allegations and Class definitions based on facts learned through additional investigation and in discovery.

COMPLAINT—CLASS ACTION
No. C15-1808

13

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

## COUNT I

### Violations of the CPA, RCW ch. 19.86

### (on behalf of Plaintiff and the CPA Class)

36.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37.     Plaintiff and the CPA Class members are individuals obligated for the payment of money concerning debts incurred primarily for personal, family, and/or household purposes and as such are consumer "debtors" owing non-commercial "claims" within the meaning of RCW § 19.16.100(2), (7).

38.     Defendant acts as a "collection agency" within the meaning of RCW § 19.16.100(4). Defendant has a Washington collection-agency license and is a "licensee" under the Washington Collection Agency Act within the meaning of RCW § 19.16.100(9). Defendant regularly solicits claims for collection and otherwise engages in collection efforts. With respect to the debts that it does not own but merely services, Defendant routinely collects and attempts to collect claims owed or due (or asserted to be owed or due) to another. With respect to debts that Defendant does own, it generally bought such debts pursuant to its business of purchasing delinquent or charged off claims for collection purposes. Regardless of ownership, Defendant furnishes regular account forms for residential mortgage debts that proclaim to be "attempt[s] to collect a debt" and which thus represent to be part of a collection system intended to be used to collect debts.

39.     Defendant has routinely engaged in unfair or deceptive collection and mortgage servicing conduct that both occurs in trade or commerce and impacts the public interest. Among other things, Defendant has required or encouraged Plaintiff and the members of the CPA Class to agree to pay convenience fees not enumerated in any prior agreements executed by such individuals, and has carried on collection activities in a manner that is neither confined nor directly related to the legitimate operation of a residential mortgage servicing business. These fees are expressly authorized neither by statute nor by the original agreements creating such debts and Defendant had no legal authority to collect the fees. For any given payment

COMPLAINT—CLASS ACTION
No. C15-1808

14

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

transaction, the convenience fees charged by Defendant exceeded the incremental pass-through costs, if any, that third-party companies actually imposed on Defendant to process such transaction.

40.     By requesting, imposing, and collecting these fees, Defendant violated WAC 208-620-551(1)(d), which specifically prohibits residential mortgage loans servicers from "requiring or encouraging borrowers" to "agree to pay charges not enumerated in any agreement between the borrower and the lender, servicer, or owner of the loan."

41.     By collecting and by attempting to collect these fees, Defendant violated the WCAA, RCW § 19.16.250(21), which prohibits licensed collection agencies from collecting or attempting to collect "any sum" from a debtor in addition to the principal amount owed "other than allowable interest, collection costs or handling fees expressly authorized by statute."

42.     While collecting and by attempting to collect these fees, Defendant violated the WCAA, RCW § 19.16.250(15), which prohibits licensed collection agencies from representing or implying to a debtor that his or her existing obligation may be increased by the addition of any fees or charges when in fact such fees or charges may not legally be added to such obligation.

43.     Defendant's collection of fees in violation of RCW § 19.16.250(15) and RCW § 19.16.250(15) are *per se* unfair and deceptive acts under the CPA pursuant to RCW § 19.16.450, which states that "commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW."

44.     Defendant's collection of fees in violation of WAC 208-620-551(1)(d) is also unfair under the CPA because Defendant enriched itself and harmed individual consumers through acts forbidden by applicable Washington regulations. Defendant's fee-collection practices are also deceptive (in addition to being unfair) in that Defendant creates the impression that the debtor must incur the fee when in fact other options are available, which has a capacity to mislead debtors.

COMPLAINT—CLASS ACTION
No. C15-1808

15

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

45.     Defendant's widespread and unfair and deceptive practice of collecting convenience fees in violation of Washington laws and regulations affects the public interest in that such practices have the capacity to injure other persons in this state, especially those who can least afford it, and such practices have in fact already harmed thousands of consumers in Washington state. Such harm is capable of repetition.

46.     As a direct and proximate result of Defendant's wrongful collection of these convenience fees, Plaintiff's and the CPA Class members' consumer debts were in effect artificially enlarged, and they each suffered direct financial loss in that they paid and lost amounts of money above and beyond what they legally owed pursuant to their debt agreements.

47.     Pursuant to RCW § 19.86.090, Plaintiff and the members of the CPA Class are entitled to, *inter alia*, actual damages, costs, and reasonable attorneys' fees, as well as an injunction enjoining Defendant's wrongful conduct and, pursuant to RCW § 19.16.450, an injunction prohibiting Defendant from recovering any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges that would otherwise be legally chargeable to Plaintiff and the CPA Class members concerning their consumer debts.

48.     The Court should also award treble damages to Plaintiff and each of the CPA Class members up to a maximum of $25,000 per individual.

## COUNT II

### Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

### (on behalf of Plaintiff, the FDCPA Class, and the Washington Subclass)

49.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50.     Plaintiff and the members of the FDCPA Class and Washington Subclass are natural persons obligated or allegedly obligated to debts incurred for personal, family, and/or household purposes, and as such are "consumers" within the meaning of 15 U.S.C. § 1692a(3).

51.     Defendant acquired the rights to service or otherwise collect on the debts of Plaintiff, the FDCPA Class members, and the Washington Subclass members at times when such debts were in default. Further, Defendant regularly uses instrumentalities of interstate commerce

COMPLAINT—CLASS ACTION
No. C15-1808

16

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

to collect, directly and indirectly, debts owed or due or asserted to be owed or due another. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

52.     Defendant used telephones and other instrumentalities of interstate commerce to employ unfair or unconscionable means to collect or attempt to collect debts. Among other things, Defendant charged and collected "convenience" fees to process certain consumer debt payments made by Plaintiff and the members of the FDCPA Class and Washington Subclass. These fees, although collected incidentally to the consumer debts of Plaintiff and the members of the FDCPA Class and Washington Subclass, were not expressly authorized by the original agreements creating such debts and were not specifically permitted by Washington law. For any given payment transaction, the convenience fees charged by Defendant exceeded the incremental pass-through costs, if any, that third-party companies actually imposed on Defendant to process such transaction.

53.     By collecting these fees, Defendant violated the FDCPA, 15 U.S.C. § 1692f, which prohibits debt collectors from using unfair means to collect or attempt to collect debts, and 15 U.S.C. § 1692f(1), which prohibits debt collectors from collecting "any amount" unless such amount is "expressly authorized by the agreement creating the debt or permitted by law."

54.     Defendant's fee-collecting misconduct was frequent, persistent, and intentional.

55.     As a result of Defendant's wrongful conduct, the consumer debts of Plaintiff and the members of the FDCPA Class and Washington Subclass were in effect artificially enlarged, and they each paid and lost amounts of money above and beyond what they legally owed pursuant to their debt agreements.

56.     Accordingly, pursuant to 15 U.S.C. § 1692k, Plaintiff and the members of the FDCPA Class and Washington Subclass are each entitled to, *inter alia*, actual damages, costs, and attorneys' fees, as well as additional statutory damages of up to $1,000 each.

## PRAYER FOR RELIEF

Plaintiff Juanita Garcia, on behalf of herself and the members of the Classes, requests the following relief:

COMPLAINT—CLASS ACTION
No. C15-1808

17

A.      An order certifying the Classes as defined above, appointing Plaintiff Juanita Garcia as the representative of the Classes, and appointing her counsel as Counsel for the Classes;

B.      An injunction requiring Defendant to cease all unlawful fee-charging conduct and protecting the interests of the Classes generally and pursuant to RCW § 19.16.450;

C.      An award of actual and statutory damages;

D.      An award of treble damages;

E.      An award of reasonable attorneys' fees, expenses, and costs, to the extent allowable;

E.      Such other and further relief that the Court deems reasonable, just, or equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all issues that can be so tried.


Dated November 17, 2015                          Respectfully Submitted,

                                                 /s/ Cliff Cantor
                                                 By: Cliff Cantor, WSBA # 17893
                                                 LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                                                 627 208th Ave. SE
                                                 Sammamish, WA 98074
                                                 Tel:     (425) 868-7813
                                                 Fax:     (425) 732-3752
                                                 Email:  cliff.cantor@outlook.com

                                                 John E. Norris*
                                                 Frank Davis*
                                                 DAVIS & NORRIS, LLP
                                                 2154 Highland Avenue South
                                                 Birmingham, Alabama 35205
                                                 Tel:     (205) 930-9900
                                                 Fax:     (205) 930-9989
                                                 Email:  jnorris@davisnorris.com
                                                          fdavis@davisnorris.com

                                                 Counsel for Plaintiff

                                                 *Pro hac vice admission to be sought

COMPLAINT—CLASS ACTION
No. C15-1808

18