The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similarly situated, | Case No. 2:15-cv-1808-TSZ |
| Plaintiff, | **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND TO ALLOW SUPPLEMENTATION** |
| v. | |
| NATIONSTAR MORTGAGE LLC, | |
| Defendant. | NOTE ON MOTION CALENDAR: Friday, May 13, 2016 or as otherwise determined by the Court |

ORAL ARGUMENT REQUESTED

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................1

II.     FACTUAL BACKGROUND .............................................................................2

        A.      Common Facts Applicable to All Members of the Classes ..........................2

        B.      Facts Applicable to Plaintiff Juanita Garcia ................................................3

        C.      The Proposed Classes ...................................................................................3

III.    ARGUMENT ......................................................................................................4

        A.      The Classes Are Ascertainable Because They Are Defined by Reference to
                Objective Criteria .......................................................................................5

        B.      The Classes Satisfy Rule 23(a)'s Four Requirements ..................................6

                i.      The Classes are sufficiently numerous because thousands of
                        individuals, both in Washington and nationwide, have paid
                        "convenience fees" to Nationstar ......................................................7

                ii.     Classwide resolution will provide uniform answers to common
                        questions of both law and fact ..........................................................8

                iii.    Plaintiff Garcia's claims are typical because she has been injured by
                        the same standardized course of conduct as all members of each of the
                        Classes—Defendant's unlawful collection of convenience fees ...............9

                iv.     Garcia and her counsel have no conflicts with and are committed to
                        adequately representing the proposed Class ....................................10

        C.      The Class Satisfies the Requirements of Rules 23(b)(2) and (b)(3) .............11

                i.      Rule 23(b)(2) is satisfied ...............................................................11

                ii.     Rule 23(b)(3) is also satisfied .........................................................12

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION                    i
No. 2:15-cv-1808-TSZ

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1.   Common issues regarding the collection and legality of
     Nationstar's convenience fees predominate over any individual
     questions .............................................................................................13

2.   A class action is a superior means of adjudicating this
     controversy ..........................................................................................14

IV.   CONCLUSION ............................................................................................16

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

ii

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## TABLE OF AUTHORITIES

### Cases

*Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559 (W.D. Wash. 2012)......................................5, 15

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997)............................................................12, 13

*Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184 (2013).......................................5

*Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 (U.S. May 18, 2015) .................1

*Carnegie v. Household Int'l, Inc.*, 376 F.3d 656 (7th Cir. 2004) ..................................................14

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974).....................................................................15

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011) .....................................................5

*Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982)...................................................10

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...............................................9, 10, 12

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992).........................................................9

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964) ..................................7

*Holloway v. Full Spectrum Lending*,
    No. 06-5975, 2007 WL 7698843 (C.D. Cal. Jun. 26, 2007)................................................14

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir.), as amended (2000)....................10, 11

*Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) ...........................................13

*McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Trust*,
    268 F.R.D. 670 (W.D. Wash. 2010)......................................................................................7

*Murray v. Fin. Visions, Inc.*, No. 07-2578, 2008 WL 4850328 (D. Ariz. Nov. 7, 2008) ............12

*Murray v. GMAC Mortg. Corp.*, 434 F.3d 948 (7th Cir. 2006)....................................................14

*O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311 (C.D. Cal. 1998) .............................................5

*Parra v. Bashas', Inc.*, 536 F.3d 975 (9th Cir. 2008).....................................................................8

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

iii

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011)...........................................................1

*Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675 (D. Nev. 2008)................................................16

*Schwartz v. Harp,* 108 F.R.D. 279 (C.D. Cal.1985).......................................................................9

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990).......................15

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996)..................................................14

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) .......................................................5, 8, 13

*Walters v. Reno*, 145 F.3d 1032 (9th Cir. 1998) ..........................................................................12

*Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350 (11th Cir. 2009)...............................................16

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010) ...........................14, 15

*Z.D. ex rel. J.D. v. Group Health Coop.*,
    No. 11-1119, 2012 WL 1977962 (W.D. Wash. Jun. 1, 2012) ...............................................7

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180,
    *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) .................................15

## Statutes and Rules

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*.................................................1, 3, 13

Washington Collection Agency Act, RCW ch. 19.16 ...............................................................1, 13

Washington Consumer Protection Act, RCW ch. 19.86 ...........................................................1, 13

Fed. R. Civ. P. 23............................................................................................................ passim

## Other Authorities

Alba Conte & Herbert Newberg, *Newberg on Class Actions* (4th ed. 2002)................................7

William B. Rubenstein, *Newberg on Class Actions* (5th ed. 2011) ...............................................5

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* (3d ed. 2002) ...........5

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

iv

**Law Offices of**
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

## I.   INTRODUCTION

This case satisfies the prerequisites for class certification.[1] Through a standardized course of conduct, Defendant Nationstar Mortgage LLC ("Nationstar") collected thousands of unlawful pay-to-pay "convenience" fees from residential mortgage debtors nationwide—fees that were *never* expressly authorized under any of the original standard-form mortgage agreements nor specifically permitted by law.

All of Nationstar's collections of those "convenience" fees violated (or did not violate) the same provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 e*t seq.* (the "FDCPA"), which prohibits debt collectors like Nationstar from collecting "*any* amount" incidental to a consumer debt unless "such amount is *expressly* authorized by the agreement creating the debt or permitted by law", and the Washington Collection Agency Act, RCW ch. 19.16 ("WCAA"), which prohibits licensed debt collectors like Nationstar from collecting "*any* sum" from a debtor in addition to the principal amount owed "other than allowable interest, collection costs or handling fees *expressly* authorized by statute." *See* 15 U.S.C. § 1692f(1), RCW § 19.16.250(21) (emphasis added). WCAA violations are also *per se* unfair and deceptive practices under the Washington Consumer Protection Act, RCW ch. 19.86.

This uniform allegedly wrongful conduct caused identical injuries to Plaintiff and the members of putative Classes in that they each paid more on their consumer debts than they lawfully owed. Such injuries, which can be calculated as simply the total convenience fees paid

---

[1]   Plaintiff requests leave to supplement this motion after discovery on relevant issues. Plaintiff files this motion at the outset of the litigation to prevent Defendant from attempting any so-called "pick-off" to moot her representative claims (*i.e.*, attempting to terminate her standing to assert class claims by tendering to her the full amount of her individual claims). Although the Ninth Circuit has held that "a rejected offer of judgment for the full amount of a putative class representative's individual claim" does not "moot[] a class action complaint where the offer precedes the filing of a motion for class certification," *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1084 (9th Cir. 2011), the Supreme Court recently granted certiorari in a case dealing with "pick-off" issues, leaving uncertain the Ninth Circuit's holding in *Pitts*. *See Campbell-Ewald Co. v. Gomez*, No. 14-857, 2015 WL 246885 at *1 (U.S. May 18, 2015).

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

1

1   during defined periods of time, can be easily identified and measured through objective and basic

2   formulas applied to Defendant's own records. The proposed Classes are ascertainable and satisfy

3   each of the prerequisites to certification under Rules 23(a), (b)(2), and (b)(3), and this motion

4   should be granted in its entirety.

5   　　　Notwithstanding, Plaintiff respectfully requests that the Court (1) reserve ruling on class

6   certification; (2) allow discovery to take place on the relevant issues; (3) grant Plaintiff leave to

7   file a supplemental motion or brief at the conclusion of such discovery; and (4) grant class

8   certification after full briefing of the issues.

9   **II.     FACTUAL BACKGROUND**

10   　　　**A.     Common Facts Applicable to All Members of the Classes.**

11   　　　Defendant Nationstar, one of the largest residential mortgage servicers in the United States,

12   services a loan portfolio that disproportionately consists of high-risk, "credit-sensitive" loans that

13   it primarily obtained through bulk acquisitions. (Compl. ¶ 1.) Its business model of targeting

14   credit-sensitive loans causes its overall loan delinquency rate to be substantially higher than

15   industry averages, and a large percentage of Nationstar consumers have difficulty making their

16   mortgage payments precisely when due. (*Id*. ¶ 3.) Many of the loans Nationstar services were

17   already in default at the time Nationstar acquired them. (*Id*. ¶ 1.)

18   　　　Nationstar capitalizes on these circumstances by steering distressed consumers into using

19   unnecessary high-fee services to make routine loan payments on fear of otherwise potentially

20   losing their homes or damaging their credit. (*Id*. ¶ 4.) It does so even when other methods of free,

21   timely payments are available. (*Id*.) The fees it charges are not pass-through costs reflective of

22   actual third-party processing charges but rather are arbitrary amounts imposed at Nationstar's

23   direction in order to derive excess profits for itself. (*Id*.) Not surprisingly, these debt collection

24   practices have led to significant consumer complaints. (*Id*. ¶ 17.)

25   　　　These convenience fees that Nationstar imposed and collected were never expressly

26   authorized by the original standard-form mortgage agreements underlying the consumer debts

27

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

2

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

and were not specifically permitted by law. (*Id*. ¶ 19.) Defendant not only imposed and collected arbitrary fees from Plaintiff and members of the Classes but also frequently, persistently, and intentionally violated the FDCPA and the WCAA.

### B.      Facts Applicable to Plaintiff Juanita Garcia.

Plaintiff Garcia is a consumer who took out a mortgage loan when purchasing her personal family home. (*Id*. ¶ 21.) The actual lender for this loan is the Federal National Mortgage Association. Nationstar, having solicited and acquired the servicing rights, collects the loan payments on Federal National's behalf. (*Id*. ¶ 23.) Nationstar acquired the rights to service Plaintiff's loan at a time when her loan was in default, and ever since Nationstar has regularly sent her collection statements that state, "This is an attempt to collect a debt." (*Id*. ¶¶ 23, 25.)

Like thousands of others debtors, Plaintiff regularly pays "convenience" fees to Nationstar just to make routine payments on her residential mortgage debt. (*Id*. ¶ 26.) She never paid these types of fees before Nationstar began servicing her loan as they are not expressly authorized under her original standardized mortgage note nor otherwise specifically permitted by law. (*Id*.) These fees exceed any actual pass-through costs, if any, that Nationstar paid to third parties to process such payments. (*Id*. ¶ 27.) Plaintiff paid and lost money above and beyond what she legally owed pursuant to her loan/mortgage agreements. (*Id*.)

### C.      The Proposed Classes.

Plaintiff Garcia seeks certification of two Classes and a Subclass of similarly situated individuals (the "Classes"), defined as follows:[2]

---

[2]      The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and Defendant's current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

3

**CPA Class**: All individuals in Washington state who within the four years preceding the filing of this case (i) paid a "convenience fee," (ii) collected in whole or in part by Defendant, (iii) in order to make a payment on a residential mortgage debt, (iv) where the term "convenience fee" was not specifically enumerated in the original agreement creating such debt.

**FDCPA Class**: All individuals in the United States who within a year preceding the filing of this case (i) paid a "convenience fee," (ii) collected in whole or in part by Defendant, (iii) in order to make a payment on a residential mortgage debt, (iv) where the term "convenience fee" was not specifically enumerated in the original agreement creating such debt, and (v) where Defendant's records indicate that the debt had not been current for 30 or more consecutive days at the time Defendant began servicing it.

**Washington Subclass of FDCPA Class**: All individuals in the FDCPA Class who reside in the State of Washington.

As demonstrated below, the proposed Classes each meet Rule 23's prerequisites, and this motion should be granted.

## III.  ARGUMENT

This Court should certify the proposed Classes because they are ascertainable and they each satisfy the requirements of Rule 23. Certification is appropriate when a proposed class meets Rule 23(a)'s four requirements—numerosity, commonality, typicality, and adequacy of representation—and satisfies at least one of Rule 23(b)'s subparts. *See* Fed. R. Civ. P. 23(a), (b). Plaintiff seeks certification under Rule 23(b)(2) and 23(b)(3).

In order to certify a class under 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). In order to certify a class under 23(b)(3), the common questions of law or fact must predominate over questions affecting only individual members, and the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION                    4
No. 2:15-cv-1808-TSZ

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

In determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013). Indeed, while a court may look behind the pleadings and otherwise consider evidence for purposes of deciding the question of certification itself, "a district court has no authority to conduct a preliminary inquiry into the merits of a suit at class certification unless it is necessary to determine the propriety of certification," as "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Id.* (citing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2552, n. 6 (2011)) (internal citations omitted). "Rule 23 does not authorize a preliminary inquiry into the merits of the suit for purposes other than determining whether certification was proper." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983, n.8 (9th Cir. 2011).

The proposed Classes are ascertainable and satisfy Rule 23's requirements. To protect the rights of those who have no wherewithal, power, knowledge, or practical means of individually adjudicating their claims, the Court should grant Plaintiff's motion for class certification.

### A.     The Classes Are Ascertainable Because They Are Defined by Reference to Objective Criteria.

A party seeking class certification must demonstrate that "the class definition [is] 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'" *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566 (W.D. Wash. 2012) (Coughenour, J.) (quoting *O'Connor v. Boeing N. Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998)). Administrative feasibility does not turn on whether a ready list of putative class members exists, *O'Connor*, 184 F.R.D. at 319 (citing 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1760 (3d ed.)), but rather asks whether "[t]he class definition provides sufficiently precise and objective criteria to determine class membership." *Agne*, 286 F.R.D. at 566; *see also* 1 William B. Rubenstein, *Newberg on Class Actions* § 3:1 (5th ed. 2011).

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

5

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

The proposed class definitions are both objective and precise because liability will track Nationstar's common conduct—*i.e.*, its standardized imposition and collection of convenience fees—and because membership in any given Class turns on objective criteria from Defendant's own records. Indeed, the criteria governing whether a given debtor is included in one of the Classes amounts to whether (1) he or she paid a "convenience fee" (2) collected in whole or in part by Nationstar (3) in order to make a payment on a residential mortgage debt (4) where the specific term "convenience fee" does not appear in his or her original mortgage documents. (Compl. ¶ 28.)

Other Class-specific questions are also objective, such as (1) whether an individual resides in Washington, and (2) whether Defendant's records indicate that an individual's residential mortgage debt had not been current for 30 or more consecutive days at the time Defendant began servicing it. (*Id.*)

These criteria can be readily analyzed entirely from Defendant's records, which contain the timing and amounts of convenience fees paid, the identities and residential addresses of the debtors who paid such fees, the nature of the properties securing the debts, the terms of each debtors' loan/mortgage agreements, and the timing and history of each debtors' loan payments. It is administratively feasible for the Court and the parties to ascertain, based on objective criteria, whether any given individual is a member of one or more of the proposed Classes. The proposed Classes are ascertainable.

## B. The Classes Satisfy Rule 23(a)'s Four Requirements.

The Classes meet Rule 23(a)'s four requirements because the proposed Classes (1) are sufficiently numerous, (2) raise common questions of law and fact, (3) feature a proposed representative whose claims are typical of each of the Classes, and (4) are each adequately represented by the named Plaintiff and counsel. Fed. R. Civ. P. 23(a). The Classes each consist of thousands of similarly situated persons whose common experiences relating to Nationstar's convenience fees can be uniformly and collectively resolved through a single action. As these

common issues directly track Plaintiff Garcia's own facts and claims, her class certification motion should be granted.

> ### i. The Classes are sufficiently numerous because thousands of individuals, both in Washington and nationwide, have paid "convenience fees" to Nationstar.

For a class to be certified, it must satisfy Rule 23's requirement that "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). "'[I]impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964).

While no "magic number" is required for a class to be numerous, *McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670, 673 (W.D. Wash. 2010) (Martinez, J.), "[i]n general, courts find the requirement satisfied when a class includes at least 40 members." *Z.D. ex rel. J.D. v. Group Health Coop.*, No. 11-1119, 2012 WL 1977962 at *3 (W.D. Wash. Jun. 1, 2012) (Lasnik, J.). And, the proposed Class members are geographically dispersed, rendering joinder more impractical.

Plaintiff alleges—and discovery will show—that Defendant has charged convenience fees to thousands of individuals throughout Washington and the United States. (Compl. ¶ 29.) *See* Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 3:5, 243–46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, joinder is impracticable and the numerosity requirement is met.[3]

---

[3]   To the extent the Court requires additional details regarding the number of members in each of the Classes, such information may be obtained from Defendant's records through discovery.

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

7

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

### ii. Classwide resolution will provide uniform answers to common questions of both law and fact.

The proposed Classes meet the commonality requirement because Plaintiff seeks common answers to questions of law and fact that will determine Defendant's liability to her as well as every other member of each of the proposed Classes. These common answers turn on the existence and lawfulness Nationstar's standardized practice of imposing and collecting convenience fees when not specifically allowed by the underlying note/mortgage. The answers will be the same for all members within each of the Classes, ensuring that all will enjoy uniform rights to recovery.

Rule 23 requires that all Classes show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This rule is "construed permissively." *Parra v. Bashas', Inc.*, 536 F.3d 975, 978 (9th Cir. 2008). Commonality may be demonstrated when the claims of all class members "depend upon a common contention," and "even a single common question will do." *Dukes*, 131 S.Ct. at 2545, 2556; *see also Parra*, 536 F.3d at 978 ("[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class").

The common contention must be of such a nature that it is capable of class-wide resolution, and that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 131 S.Ct. at 2545. Moreover, the permissive standard of commonality provides that "[w]here the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Parra*, 536 F.3d at 978-79.

The claims of Plaintiff and the members of the Classes are based upon the same common contention: that Defendant violated the law by imposing and collecting convenience fees from Plaintiff and the members of the Classes, even though the standard-form mortgage agreements that the Class members originally entered into never expressly authorized such fees. (Compl. ¶¶ 3, 26, 30.) Defendant collected these fees systematically, and its conduct affected Plaintiff and

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

8

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

the members of the Classes in a virtually identical manner (*i.e.*, subjecting them to loss from paying wrongfully-imposed charges in excess of what they lawfully owed). (*Id*.) Moreover, Defendant's wrongful conduct will be proven through common and generalized evidence applicable to the Classes as a whole.

Defendant's conduct gives rise to several common questions of law and fact the answers to which are central to the validity of Plaintiff's and the Classes' claims. Such common questions include (i) whether Defendant systematically imposed fees and collected amounts not permitted by law; (ii) whether Defendant's standardized conduct violated the FDCPA and/or the WCAA; and (iv) whether Plaintiff and the members of the Classes are entitled to trebled and/or statutory damages as a result of the frequency, persistence, recklessness, or intentionality of Defendant's conduct. (*Id*. ¶ 30.)

Because the answers sought depend on Defendant's standardized course of conduct, common answers will ensue. Regardless of the ultimate outcome on the merits, these common questions will generate common answers especially about the legality of Nationstar's course of conduct. Plaintiff has easily established the commonality requirement.

### iii. Plaintiff Garcia's claims are typical because she has been injured by the same standardized course of conduct as all members of each of the Classes—Defendant's unlawful collection of convenience fees.

Rule 23(a)(3) provides that a representative party's claims or defenses must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Under the Rule's permissive standards, the representative claims need only be "reasonably co-extensive" with those of the class—not "substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp,* 108 F.R.D. 279, 282 (C.D. Cal.1985)).

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Typicality tends to merge with commonality. *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982).

No unique factual circumstances materially distinguish Plaintiff Garcia's claims from those held by other members of the Classes. Like everyone else included in the definitions of the Classes, Plaintiff Garcia paid convenience fees in order to make routine payments on her residential mortgage debt, and these fees were all collected in whole or in part by Defendant Nationstar. (Compl. ¶¶ 26-27, 31.)

Like everyone else included in each of the definitions of the Classes, these convenience fees were not specifically enumerated in the standard-form original note/mortgage underlying Plaintiff's consumer debt nor expressly permitted by law. (*Id*.) Plaintiff suffered the same injury as all members of the Classes in that she paid and lost money to Nationstar in excess of what she lawfully owed. (*Id*.)

Because Plaintiff Garcia has suffered the same injuries as all members of each of the Classes, and because these injuries all result from Nationstar's uniform conduct, her claims will rise or fall in tandem with those of the other members of the Classes. Her claims are typical.

### iv. Garcia and her counsel have no conflicts with and are committed to adequately representing the proposed Class.

Rule 23(a)(4) requires that the representative parties "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine whether a plaintiff satisfies the adequacy factor, courts ask: "(a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir.), as amended (2000) (citing *Hanlon*, 150 F.3d at 1020). "[T]he class representative must not have interests antagonistic to the unnamed class members, and [] the representative must be able to prosecute the action vigorously through qualified counsel." *Id*. (citation and

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

10

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1   quotation omitted). It is persuasive evidence that proposed class counsel have been found

2   adequate in prior cases. *See id*.

3        Plaintiff Garcia's interests are aligned with those of the Classes and she is committed to

4   prosecuting her claims on a representative basis. Plaintiff Garcia has been an active participant in

5   this case, having already reviewed filings, answered detailed questions, and secured and

6   produced documents for investigation. Like the other members of the Classes, her interests lie in

7   ensuring that Defendant's unlawful conduct does not continue in the future and that she and the

8   other members of the Classes recover the injunctive and monetary relief to which they are

9   entitled. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no

10   defenses unique to Plaintiff. (Compl. ¶ 32.)

11        Plaintiff's counsel are well-respected members of the legal community who have

12   extensive experience in class actions of similar size, scope, and complexity as this case. (*See*

13   Davis Decl. ¶¶ 3-4, 6-11, a true and accurate copy of which is attached hereto as <u>Exhibit 1</u>.) They

14   have regularly engaged in complex litigation involving consumer finance issues, have the

15   resources necessary to conduct litigation of this nature, and have frequently been appointed lead

16   class counsel by courts throughout the country. (*Id*.) Proposed class counsel have already

17   diligently investigated the claims at issue in this action and dedicated substantial resources to the

18   case, and they will continue to do so throughout its pendency. (*Id*. ¶ 5.)

19        As such, Plaintiff and her counsel have and will continue to adequately represent the

20   Classes, and Rule 23's adequacy requirement is met.

21      **C.**     **The Class Satisfies the Requirements of Rules 23(b)(2) and (b)(3).**

22        The prerequisites of Rule 23(a) are satisfied; and those of Rules 23(b)(2) and (b)(3) are as

23   well.

24          **i.**   **Rule 23(b)(2) is satisfied.**

25        Rule 23(b)(2) provides that the party opposing certification must have "acted or refused

26   to act on grounds generally applicable to the class," thereby making injunctive relief appropriate.

27

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION       11
No. 2:15-cv-1808-TSZ

1 | Fed. R. Civ. P. 23(b)(2). "It is sufficient if class members complain of a pattern or practice that is

2 | generally applicable to the class as a whole. Even if some class members have not been injured

3 | by the challenged practice, a class may nevertheless be appropriate." *Walters v. Reno*, 145 F.3d

4 | 1032, 1047 (9th Cir. 1998).

5 |       Defendant acted on grounds generally applicable to the Classes as a whole. Within each

6 | of the Classes, Defendant imposed and collected virtually identical convenience fees, all without

7 | authority under the law or under the standard agreements originally creating the consumer debts.

8 | (Compl. ¶¶ 11-27, 30.) Defendant's conduct did not vary significantly from Class member to

9 | Class member, and therefore final injunctive relief is appropriate to protect Plaintiff and the other

10 | members of the Classes from such conduct in the future. Thus, Rule 23(b)(2) is satisfied.

11 | **ii.  Rule 23(b)(3) is also satisfied.**

12 |       Plaintiff Garcia also seeks certification of the Classes under Rule 23(b)(3), which

13 | provides that a class action may be maintained where the questions of law and fact common to

14 | members of the class predominate over any questions affecting only individual members, and the

15 | class action mechanism is superior to other available methods for the fair and efficient

16 | adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). Certification under Rule 23(b)(3) is

17 | appropriate and encouraged "whenever the actual interests of the parties can be served best by

18 | settling their differences in a single action." *Hanlon*, 150 F.3d at 1022.

19 |       Where a proposed class meets Rule 23(b)(3)'s requirements, the class action mechanism

20 | has a "practical utility . . . achiev[ing] economies of time, effort, and expense." *Murray v. Fin.*

21 | *Visions, Inc.*, No. 07-2578, 2008 WL 4850328 at *4 (D. Ariz. Nov. 7, 2008); *see also* Fed. R. Civ.

22 | P. 23(b)(3) advisory committee's note. A case such as this—where individual recoveries for the

23 | members of the Classes would be relatively small and likely not pursued absent classwide

24 | litigation—exemplifies the class action's practical utility. *See Amchem Prods. Inc. v. Windsor*,

25 | 521 U.S. 591, 617 (1997) ("The policy at the very core of the class action mechanism is to

26 | overcome the problem that small recoveries do not provide the incentive for any individual to

27 |

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

12

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1  bring a solo action prosecuting his or her rights."). This Court should therefore find the

2  requirements of Rule 23(b)(3) satisfied.

3          **1.      Common issues regarding the collection and legality of Nationstar's**
           **convenience fees predominate over any individual questions.**

4

5          The predominance requirement is satisfied because the key questions at issue in this case

6  stem from Nationstar's uniform imposition of convenience fees without legal right, ensuring that

7  no uniquely individual concerns are at stake. Although predominance is a more demanding

8  standard than commonality, the predominance requirement is satisfied when a proposed class is

9  "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 622.

10 "When common questions present a significant aspect of the case and they can be resolved for all

11 members of the class in a single adjudication, there is clear justification for handling the dispute

12 on a representative rather than an individual basis." *Mazza v. Am. Honda Motor Co., Inc.*, 666

13 F.3d 581, 589 (9th Cir. 2012).

14         Here, Plaintiff has presented cognizable, unified theories of liability, and the claims she

15 shares with other members of the Classes arise from Defendant's standardized conduct of

16 imposing and collecting the challenged convenience fees. (Compl. ¶¶ 11-27, 30.) The common

17 questions predominate over issues affecting only individual Class members (*e.g.*, the total

18 amounts of convenience fees paid by each individual Class member).

19         The answers to these questions are subject to common proof, primarily from information

20 to be found within Defendant's own records. *See Dukes*, 131 S. Ct. at 2551 (2011) ("What

21 matters to class certification . . . is not the raising of common 'questions'—even in droves—but,

22 rather the capacity of a classwide proceeding to generate common answers apt to drive the

23 resolution of the litigation."). For example, evidence of the timing and amounts of convenience

24 fees paid and the identities and addresses of the debtors who paid them will come from within

25 Defendant's own records. The legal theories at issue—e.g., Defendant's alleged violations of the

26 FDCPA, WCAA, and CPA—will not require individual proof such that class treatment would be

27

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION          13
No. 2:15-cv-1808-TSZ

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1  inappropriate, and resolution of the common issues will "help achieve judicial economy." *See*

2  *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

3          **2.**     **A class action is a superior means of adjudicating this controversy.**

4        The proposed Classes also meet Rule 23(b)'s second requirement—that class resolution

5  be "superior to other methods for fairly and efficiently adjudicating the controversy." Fed. R.

6  Civ. P. 23(b)(3); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

7  "Where recovery on an individual basis would be dwarfed by the cost of litigating on an

8  individual basis, this factor weighs in favor of class certification." *Id.* at 1175. Moreover, the

9  class action mechanism is superior to individual actions in consumer cases with thousands of

10  members as "Rule 23(b)(3) was designed for situations such as this, in which the potential

11  recovery is too slight to support individual suits, but injury is substantial in the aggregate."

12  *Holloway v. Full Spectrum Lending*, No. 06-5975, 2007 WL 7698843 at *9 (C.D. Cal. Jun. 26,

13  2007) (citing *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006)).

14        In assessing superiority, courts examine a non-exclusive list of factors including (1)

15  whether any related litigation has already commenced, (2) the desirability of the chosen forum,

16  (3) the class members' interests in pursuing individual litigation, and (4) the likely difficulties in

17  managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D); *Wolin*, 617 F.3d at 1175. As to the first

18  and second factors, Plaintiff is unaware of any related litigation among class members or any

19  difficulties as to the forum where Defendant's Washington collection agency resides. The third

20  and fourth factors also weigh in favor of certification, as debtors pursuing small claims share a

21  strong interest in combining litigation into a single action and manageability concerns are not so

22  great as to outweigh the advantages of a class action. In assessing superiority, the alternative no

23  litigation is not considered a "means of adjudicating "th[e] controversy." *See, e.g., Carnegie v.*

24  *Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("a class action has to be unwieldy

25  indeed before it can be pronounced an inferior alternative . . . to no litigation at all").

26

27

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

**Law Offices of**
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    A class action would be particularly well suited for the fair and efficient adjudication of

2  the claims of Plaintiff and the proposed Classes. "Where recovery on an individual basis would

3  be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class

4  certification." *Wolin*, 617 F.3d at 1175-76 (holding class action was superior where "filing

5  hundreds of individual lawsuits . . . could involve duplicating discovery and costs that exceed the

6  extent of proposed class members' individual injuries"); *see also Zinser v. Accufix Research Inst.,*

7  *Inc.*, 253 F.3d 1180, 1190 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir.

8  2001) ("Where damages suffered by each putative class member are not large, this factor weighs

9  in favor of certifying a class action.").

10    Plaintiff and the proposed members of the Classes seek injunctive relief and monetary

11  recovery. The convenience fees they paid typically amount to $10-$15 per month. Even if trebled

12  under Washington law or increased to statutory damages under the FDCPS, the amounts sought

13  would be too small for the litigation of individual claims. Such claims would be cost prohibitive

14  and simply insufficient to justify the risk and cost of litigation against a corporation such as

15  Nationstar. Members of the Classes are therefore best served by pooling their resources into a

16  single proceeding, making a class action the superior method of resolving the controversy.

17    No actual or perceived manageability concerns outweigh the superiority of a class action.

18  Manageability refers to "the whole range of practical problems that may render the class action

19  format inappropriate for a particular suit," such as the calculation of individual damages,

20  distribution of damages, and notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164 (1974); *Six*

21  *(6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1304 (9th Cir. 1990); *see also*

22  *Agne*, 286 F.R.D. 559, at 566 (noting that notice is usually addressed after class certification,

23  unless it poses a significant Rule 23(b)(3) manageability problem). Cases that involve numerous

24  and substantial individual issues, or varying state-law causes of action, may pose management

25  difficulties, *see* Zinser, 253 F.3d at 1192, unlike this case.

26

27

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

15

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Manageability is a factor only if it outweighs the overall superiority of a class action. *See Santoro v. Aargon Agency, Inc.*, 252 F.R.D. 675, 686-87 (D. Nev. 2008). Courts do not assess manageability in the abstract, but instead examine "how the problems that might occur in managing a class suit compare to the problems that would occur in managing litigation without a class suit." 2 Newberg on Class Actions § 4:72; *see also Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1358 (11th Cir. 2009) ("[W]e are not assessing whether this class action will create significant management problems, but instead determining whether it will create relatively more management problems than any of the alternatives.").

No manageability issues in this case warrant denial of certification. The claims at issue arise pursuant to simple facts that may be redressed under a single federal statute and two state-law statutes. The questions that must be answered to determine Defendant's liability are not individual to members of the Classes, but common by virtue of Defendant's uniform and standardized course of conduct.

Class members have no other realistic means of pursuing their individual claims against Nationstar, so manageability concerns do not outweigh the superiority of a class action. Plaintiffs should be permitted to combine their claims together in a single class-wide proceeding, the superior method of resolving this controversy.

## IV.   CONCLUSION

This case is appropriate for class certification. Plaintiff, individually and on behalf of the proposed Classes, respectfully requests that the Court issue an order that (1) reserves ruling on class certification; (2) allows discovery to take place on the relevant issues; (3) grants Plaintiff leave to file a supplemental motion or brief at the conclusion of such discovery; and (4) grants class certification after full briefing of the issues.[4]

---

[4]   Plaintiff respectfully reserves the right to amend the definitions of the Classes, as appropriate, at the conclusion of discovery on class issues.

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION
No. 2:15-cv-1808-TSZ

16

Law Offices of
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    Dated: November 22, 2015                 Respectfully Submitted,

2
                                             s/   Cliff Cantor
3                                            By: Cliff Cantor, WSBA # 17893
                                             LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
4                                            627 208th Ave. SE
                                             Sammamish, WA 98074
5                                            Tel:    (425) 868-7813
                                             Fax:    (425) 732-3752
6                                            Email: cliff.cantor@outlook.com

7
                                             John E. Norris*
8                                            Frank Davis*
                                             DAVIS & NORRIS, LLP
9                                            2154 Highland Ave. S.
                                             Birmingham, AL 35205
10                                           Tel:    (205) 930-9900
                                             Fax:    (205) 930-9989
11                                           Email: jnorris@davisnorris.com
                                                     fdavis@davisnorris.com
12
13                                           Counsel for Plaintiff

14                                           * *Pro hac vice* application to be filed

15

16

17

18

19

20

21

22

23

24

25

26

27

PL.'S MOT. FOR CLASS CERT.
AND TO ALLOW SUPPLEMENTATION          17
No. 2:15-cv-1808-TSZ

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752