The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | NO. C15-1808TSZ<br><br>DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO COMPLAINT<br><br>AND JURY DEMAND |

Nationstar Mortgage LLC answers plaintiff Juanita Garcia's complaint as follows:

1. Defendant admits that its parent's publicly available form 10-K contains the quoted language, but refers to the statement itself for a more accurate representation of its contents. Defendant further admits that some of the loans it services are in default when it acquires their servicing rights. Defendant lacks information or belief sufficient to respond to the remaining allegations in this paragraph and on that ground denies them.

2. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

3. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

4. Defendant denies the allegations of this paragraph.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 1
(C15-1808TSZ)

5685422.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

5. Defendant denies the allegations of the second sentence of this paragraph. Defendant lacks information or belief sufficient to respond to the remaining allegations in this paragraph and on that ground denies them.

6. Defendant responds that the portions of the allegations set forth in this paragraph are a legal conclusion for which no admission or denial is required. To the extent this paragraph sets forth any factual allegations against Defendant, Defendant denies the allegations in this paragraph.

7. Defendant responds that the allegations set forth in this paragraph are a legal conclusion and characterization of the lawsuit for which no admission or denial is required. To the extent this paragraph sets forth any factual allegations against Defendant, Defendant denies the allegations in this paragraph.

8. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

9. Defendant admits the allegations of this paragraph.

10. Defendant admits that this Court has jurisdiction over the action and over defendant.

11. Defendant admits that this Court is a proper venue for the action.

12. Defendant admits that it is a loan servicer responsible for tasks such as sending borrowers' monthly statements and collecting and processing loan payments. Defendant further admits that it has a license under the Washington Collection Agency Act and engages in debt collection activity as part of its business. Defendant further admits that some of the loans it services are in default when it acquires the servicing rights. Defendant lacks information or belief sufficient to respond to the remaining allegations in this paragraph and on that ground denies them.

13. Defendant admits that it is a loan servicer that acquires servicing rights to home

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 2
(C15-1808TSZ)

5685422.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

loans from other servicers or loan originators. Defendant lacks information or belief sufficient to respond to the remaining allegations in this paragraph and on that ground denies them.

14. Defendant admits that some of its income stems from the assessment of certain fees on borrowers' accounts. Defendant denies the remaining allegations of this paragraph.

15. Defendant denies the allegations of this paragraph concerning Defendant and its employees or agents. Defendant lacks information or belief sufficient to respond to the remaining allegations in this paragraph and on that ground denies them.

16. Defendant admits that convenience fees it assesses are not pass-through charges, but denies that it retains the fees in their entirety as a portion of the fees is paid to a third party. Defendant denies the allegations of the remaining allegations of this paragraph.

17. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

18. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

19. Defendant admits that convenience fees it assesses are not pass-through charges, but denies that it retains the fees in their entirety as a portion of the fees is paid to a third party. Defendant denies the remaining allegations of this paragraph.

20. Defendant admits that its parent's publicly available form 10-K contains the quoted language, but refers to the statement itself for a more accurate representation of its contents. Defendant lacks information or belief sufficient to respond to the remaining allegations in this paragraph and on that ground denies them.

21. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

22. Nationstar admits that it did not originate plaintiff's loan and acquired the loan's servicing rights after origination.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 3
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

23. Defendant admits that it servicers plaintiff's loan on behalf of the Federal National Mortgage Association and that correspondence sent to plaintiff indicates Nationstar is attempting to collect a debt.

24. Defendant admits that it has a license under the Washington Collection Agency Act and engages in debt collection activity as part of its business.  Defendant lacks information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground denies them.

25. Defendant admits that it began servicing plaintiff's loan when it was in default. Defendant lacks information or belief sufficient to respond to the remaining allegations of this paragraph and on that ground denies them.

26. Defendant admits that plaintiff has paid it convenience fees on her mortgage loan.  Defendant denies the remaining allegations of this paragraph.

27. Defendant admits that convenience fees it assesses are not pass-through charges, but denies that it retains the fees in their entirety as a portion of the fees is paid to a third party.

28. Defendant responds that the allegations set forth in this paragraph are a legal conclusion and characterization of the lawsuit for which no admission or denial is required.  To the extent this paragraph sets forth any factual allegations against Defendant, Defendant denies the allegations in this paragraph and denies that any class can or should be certified.

29. Defendant denies the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph.

32. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

33. Defendant denies the allegations of this paragraph.

34. Defendant denies the allegations of this paragraph.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 4
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  35. Defendant responds that the allegations set forth in this paragraph are a legal conclusion and characterization of the lawsuit for which no admission or denial is required. To the extent this paragraph sets forth any factual allegations against Defendant, Defendant denies the allegations in this paragraph and denies that any class can or should be certified.

36. Defendant incorporates by reference it responses, admissions, and denials to paragraph 1-35.

37. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

38. Defendant admits that it has a license under the Washington Collection Agency Act, that it engages in debt collection as part of its business, and that some of the correspondence it sends to borrowers indicates that defendant is attempting to collect a debt. Defendant further admits that it services loans on behalf of investors and that some of the loans it services were in default when the loans' servicing rights were acquired. Defendant denies the remaining allegations of this paragraph.

39. Defendant admits that convenience fees it assesses are not pass-through charges, but denies that it retains the fees in their entirety as a portion of the fees is paid to a third party. Defendant denies the remaining allegations of this paragraph.

40. Defendant denies the allegations of this paragraph.

41. Defendant denies the allegations of this paragraph.

42. Defendant denies the allegations of this paragraph.

43. Defendant responds that some of the allegations set forth in this paragraph are a legal conclusion for which no admission or denial is required. Defendant denies the remaining allegations in this paragraph.

44. Defendant denies the allegations of this paragraph.

45. Defendant denies the allegations of this paragraph.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 5
(C15-1808TSZ)

5685422.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

46. Defendant denies the allegations of this paragraph.

47. Defendant denies the allegations of this paragraph.

48. Defendant denies the allegations of this paragraph.

49. Defendant incorporates by reference it responses, admissions, and denials to paragraph 1-35.

50. Defendant lacks information or belief sufficient to respond to the allegations in this paragraph and on that ground denies them.

51. Defendant admits that it uses telephones and transacts interstate commerce in the course of its business. Defendant admits that it acquired plaintiff's loan and loans of some other borrowers when they were in default. Defendant admits that it may in some circumstances be considered a debt collector under the FDCPA, but denies that it is a debt collector in connection with all of the loans it services. Defendant denies the remaining allegations of this paragraph.

52. Defendant admits that it uses telephones and transacts interstate commerce in the course of its business. Defendant admits that convenience fees it assesses are not pass-through charges, but denies that it retains the fees in their entirety as a portion of the fees is paid to a third party. Defendant denies the remaining allegations of this paragraph.

53. Defendant denies the allegations of this paragraph.

54. Defendant denies the allegations of this paragraph.

55. Defendant denies the allegations of this paragraph.

56. Defendant denies the allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof or burden not required by law, Nationstar alleges the following affirmative defenses with respect to Plaintiff and members of the putative classes she seeks to represent (even if the affirmative defense is addressed only to Plaintiff, and

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 6
(C15-1808TSZ)

5685422.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

without prejudice to Nationstar's contention that no class can be maintained).

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

This action is barred, in whole or in part, because the complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Voluntary Payment)

This action is barred, in whole or in part, by the voluntary payment doctrine.  Nationstar alleges on information and belief that plaintiff and members of the putative class she purports to represent voluntarily paid Nationstar the fees or other charges plaintiff alleges were wrongfully assessed.  These payments were made with knowledge of the facts underlying the lawsuit and so cannot be recovered in this action.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The damages sought must be reduced, or are barred, for failure to take reasonable steps to mitigate the alleged damages.  Plaintiff and the putative class members could have avoided any damages by timely making their payments and complying with their other obligations under their home loan contracts.  Plaintiff and the putative class members had prior notice and/or adequate warning that Nationstar would charge convenience fees for certain types of payments.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff and the putative class members' claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to 15 U.S.C. § 1692k(d) and RCW 19.86.120.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 7
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**FIFTH AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

Plaintiff and the putative class were at fault with respect to the matters alleged in the complaint and their recovery, if any, should be barred or reduced in proportion to their comparative fault. On information and belief, plaintiff and the putative class members failed to comply with one or more of their obligations under their mortgages, including defaulting by failing to timely make their payments.

**SIXTH AFFIRMATIVE DEFENSE**

**(Res Judicata/Collateral Estoppel)**

On information and belief, Nationstar or investors on behalf of which Nationstar services loans have obtained deficiency judgments against some members of the putative class which operate as res judicata and bar the claims asserted. The judgments conclusively establish that the borrowers owe Nationstar or investors that are in privity with Nationstar and the amount of their debts. These borrowers are barred by res judicata and/or collateral estoppel from attempting to recover damages or any other relief from Nationstar arising out of the assessment of convenience fees in this action.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff and the putative class members have waived their right to seek the relief herein due to their own acts and/or omissions with reference to the subject matter of the complaint. The convenience fees challenged in the complaint are optional. Plaintiff and the putative class members consented or acquiesced to the charging of convenience fees on their loans. Plaintiff and the putative class members also voluntarily paid the fees to Nationstar. In knowingly making these payments or otherwise authorizing Nationstar to assess the challenged fees, plaintiff and the putative class members have waived any right to recover in this action.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 8
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

### EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff and the putative class members, by reason of their knowledge, statements, conduct, approval, authorization and/or ratification, are estopped from recovery herein. Plaintiff and/or the putative class members contributed to or caused the assessment of the fees they challenge by failing to make their monthly mortgage payments or failing to comply with other obligations under their security instruments. Nationstar was authorized to charge certain fees by contract and applicable law. Plaintiff and/or the putative class members are, therefore, equitably estopped from recovering any damages.

### NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

On information and belief, some members of the putative class have filed bankruptcy. These borrowers lack standing to pursue the claims alleged in the complaint because the claims are property of their bankruptcy estates. Some of these borrowers have made payments to Nationstar pursuant to plans authorized by the bankruptcy court and are barred from attempting to recover those payments or challenge any fees that were assessed in this action.

### TENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

Defendant is informed and believes that some putative class members entered into subsequent agreements with defendant whereby defendant agreed to forbear from foreclosing and/or to modify their loans. Some members of the putative class made payments pursuant to such agreements. The subsequent agreements provide putative class members different consideration and extinguish any alleged prior obligation owed by Nationstar. These agreements therefore operate as an accord and satisfaction and bar the claims plaintiff attempt to pursue here.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 9
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

### ELEVENTH AFFIRMATIVE DEFENSE

### (Consent and Ratification)

Defendant is informed and believes that some putative class members entered into subsequent agreements with defendant whereby defendant agreed to forbear from foreclosing and/or to modify their loans. By entering into these agreements, some putative class members agreed to accept defendant's promise to modify their home loans and/or forbear from foreclosing in exchange for agreeing to pay amounts previously assessed to the loan, including convenience fees. These agreements operate demonstrate that the borrowers consent to the charging of fees and ratify any fees previously assessed.

### TWELFTH AFFIRMATIVE DEFENSE

### (Modification of Contract)

Defendant is informed and believes that some putative class members entered into subsequent agreements with defendant whereby defendant agreed to forbear from foreclosing and/or to modify their loans. Defendant has fully performed under those modifications to the extent not prevented by the putative class members. Accordingly, any claim based on an alleged assessment of fees not authorized under the parties' security instrument is precluded under applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

On information and belief, Nationstar alleges that the amount of damages suffered, if any, by putative class members whose loans have already been foreclosed in states that permit the recovery of deficiency balances following foreclosure is offset by the amount those borrowers owe Nationstar.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 10
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Benefit Received)

Plaintiff and the putative class members' recovery in this action is barred or limited by the benefit they retained from defendant's activities and the terms of their loans and security instruments.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's equitable claims are barred because she has an adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Assuming Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, which Defendant denies, any violation was a bona fide error that occurred despite the maintenance of reasonable procedures designed to avoid such a violation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reasonably Available Alternative)

Plaintiff is barred from bringing the complaint, and each count contained therein, because she had a reasonably available alternative to the action which she took or failed to take. The convenience fees plaintiff challenges are optional. Plaintiff and the putative class members could have avoided, in whole or in part, the damages alleged in the complaint by making their mortgage payments in a manner that did not require the payment of convenience fees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith/Privilege)

Defendant's actions or omissions challenged in the complaint were a good faith assertion of its own economic interest in collecting a debt owed to it and therefore privileged.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 11
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

### NINETEENTH AFFIRMATIVE DEFENSE

**(Failure to Satisfy Conditions Precedent)**

Plaintiff's claims are barred by failure to give the pre-filing notice required by her deed of trust or another condition precedent.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

Plaintiffs' equitable claims are barred, in whole or in part, by the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Reasonableness)**

Plaintiff's claims under the Consumer Protection Act are barred, in whole or in part, because Defendant's challenged practices are reasonable in relation to the development and preservation of business or are not injurious to the public interest.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses as to Putative Class Members)**

Nationstar asserts the foregoing and subsequent affirmative defenses, and any additional or different defenses, as to the claims of any persons who are made a member of a class if this Court certifies a class in this case. Nationstar reserves the right to amend this answer and assert additional affirmative defenses and/or counterclaims, including if a class is certified and/or if it acquires new or different information.

### DEMAND FOR JURY TRIAL

Nationstar hereby demands a trial by jury of all claims, causes of action and defenses in this lawsuit.

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 12
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## PRAYER FOR RELIEF

WHEREFORE, Nationstar demands that judgment be entered in its favor against Plaintiff, that the Court dismiss Plaintiff's claims with prejudice, that the Court award Nationstar costs and attorney fees as authorized by law, and that Nationstar be awarded such other relief as may be determined just and appropriate.

DATED this 1st day of February, 2016.

s/ John A. Knox
John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
jknox@williamskastner.com

Erik W. Kemp (admitted *pro hac vice*)
Mary Kate Kamka (admitted *pro hac vice*)
SEVERSON & WERSON,
A Professional Corporation
One Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone: (415) 398-3344
Fax: (415) 956-0439
E-mail: ek@severson.com;
mkk@severson.com

Attorneys for Defendant Nationstar Mortgage LLC

DEFENDANT NATIONSTAR MORTGAGE LLC'S
ANSWER TO COMPLAINT - 13
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2016 I caused the foregoing to be e-filed with the Clerk of Court through CM/ECF which caused a true and correct copy to be served upon counsel of record as shown below:

*Attorneys for Plaintiff:*

Clifford A. Cantor
Law Offices of Clifford A. Cantor, P.C.
627 - 208th Avenue SE
Sammamish, WA  98074
Tel:  (425) 868-7813
Fax:  (425) 732-3752
Email:  cliff.cantor@outlook.com

Frank Davis
Wesley W. Barnett
Davis & Norris, LLP
2154 Highland Ave. S.
Birmingham, AL  35205
Tel:  (205) 930-9900
Fax:  (205) 930-9989
Email:  fdavis@davisnorris.com
wbarnett@davisnorris.com
(Admitted *Pro Hac Vice*)

SIGNED at Seattle, Washington this 1st day of February, 2016.

s/ John A. Knox
John A. Knox, WSBA #12707
Attorneys for Defendant Nationstar Mortgage LLC
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone:  (206) 628-6600
Fax:  (206) 628-6611
jknox@williamskastner.com

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO COMPLAINT - 14
(C15-1808TSZ)

5685422.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600