The Honorable Thomas S. Zilly

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>                    Defendant. | NO. C15-1808 TSZ<br><br>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>NOTE ON MOTION CALENDAR: Friday, February 10, 2017<br><br>ORAL ARGUMENT REQUESTED |

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    FACTUAL BACKGROUND ............................................................................... 2

III.   ARGUMENT ...................................................................................................... 5

     A.     The Proposed Classes are Ascertainable.............................................. 6

     B.     The Proposed Classes Satisfy the Requirements of Rule 23(a) ................... 7

         1.     The Proposed Classes Are Sufficiently Numerous ........................... 7

         2.     The Claims of the Proposed Classes Share Common Questions of
              Law and Fact.................................................................................... 7

              a.     The State Law Claims Raise Questions Common to Each Member of
                   the Proposed Washington Class .......................................... 8

              b.     The Federal Claims Raise Questions Common to Each
                   Member of the Proposed Nationwide Class ......................... 9

         3.     Plaintiff's Claims are Typical of the Proposed Class Members'
              Claims .......................................................................................... 11

         4.     Plaintiff (and her Counsel) Will Adequately Represent the Classes.............. 12

     C.     The Proposed Classes Fall within Rule 23(b)(3)........................................... 13

         1.     Common Questions of Law and Fact Predominate ......................... 14

          2.     A Class Action is Superior to Other Available Methods of
              Adjudication ................................................................................... 15

     D.     Plaintiff's Counsel Should be Appointed Class Counsel............................. 18

IV.   CONCLUSION.................................................................................................. 18

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- i -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

# TABLE OF AUTHORITIES

**United States Supreme Court**

*Amchem Prods. v. Windsor*, 521 U.S. 591 (1997)  ........................................................13

*Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011).............................................14

*Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147 (1982)..............................................12

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .........................................................7, 8, 9

**United States Courts of Appeals**

*Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952 (9th Cir. 2013)....................................................8

*Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010)....................................................6

*Chapman v. First Index, Inc.*, 796 F.3d 783 (7th Cir. 2015) ........................................5 n.3

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) ..........................................7

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) ...................................................12

*Jimenez v. AllState Ins. Co.*, 765 F.3d 1161 (9th Cir. 2014)....................................................8

*Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012) ..................................11

*Parras v. Bashas', Inc.*, 536 F.3d 975 (9th Cir. 2008)....................................................7

*Parsons v. Ryan*, 754 F.3d 657 (9th Cir. 2014) ...........................................................8

*Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150 (9th Cir. 2016).....................................14

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010)........................... *passim*

*Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001) ..........................................15

**United States District Courts**

*Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559 (W.D. Wash. 2012) ............................6, 7, 14, 15

*Ali v. Menzies Aviation, Inc.*, No. 16-cv-00262,
    2016 WL 4611542 (W.D. Wash. Sept. 6, 2016) ................................................12

*Booth v. Appstack, Inc.*, No. C13-1533JLR,
    2015 WL 1466247 (W.D. Wash. Mar. 30, 2015) ..................................9, 11, 17

*Bueche v. Fidelity Nat. Mgmt. Servs., LLC*, No. 12-cv-01114,
    2014 WL 2468601 (E.D. Cal. June 2, 2014) ..............................................5 n.3

*Chapman v. Wagener Equities, Inc.*, No. 09 C 07299,
    2014 WL 540250 (N.D. Ill. Feb. 11, 2014) ......................................................15

*Darrington v. Assessment Recovery of Wash., LLC*, No. C13-286-JCC,
    2013 WL 12107633 (W.D. Wash. Nov. 13, 2013) ................................... *passim*

*Dibb v. AllianceOne Receivables Mgmt., Inc.*, No. C14-5835 RJB,
    2015 WL 8970778 (W.D. Wash. Dec. 16, 2015) ..................................2, 16, 17

*Geier v. m-Qube, Inc.*, No. C13-354,
    2016 WL 3458345 (W.D. Wash. June 24, 2016)..................................................6

*Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412 (W.D. Wash. 2003) ...............................2

*Ikuseghan v. MultiCare Health Sys.*, No. C14-5539 BHS,
    2015 WL 4600818 (W.D. Wash. July 29, 2015) ..............................................17

*Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292 (D. Nev. 2014) .................11

*McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*,
    268 F.R.D. 670 (W.D. Wash. 2010) ...............................................................7, 9

*Ott v. Mortg. Investors Corp. of Ohio*, 65 F. Supp. 3d 1046 (D. Or. 2014) ................15

*Rannis v. Recchia*, 380 F. App'x 646 (9th Cir. 2010) ...................................................7

*Silbaugh v. Viking Magazine Servs.*, 278 F.R.D. 389 (N.D. Ohio 2012) ......................15

*Tavenner v. Talon Grp.*, No. C09-1370RSL,
    2012 WL 1022814 (W.D. Wash. Mar. 26, 2012) ......................................10, 17

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- iii -

**Law Offices of**
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

**Federal Statutes and Rules**

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ............................................. *passim*

Fed. R. Civ. P. 23 ...................................................................................... *passim*

Fed. R. Civ. P. 30(b)(6) ............................................................................10

Fed. R. Civ. P. 34 ......................................................................................10

**State Statutes**

Washington Collection Agency Act, RCW § 19.16.250 ....................................1, 5, 8 n.4

Washington Collection Agency Act, RCW § 19.16.440 ........................................8 n.4

Washington Consumer Protection Act, RCW § 19.86.020 ....................................8 n.4

Washington Consumer Protection Act, RCW § 19.86.090 ................................8 n.4, 16

**Secondary Sources**

Consumer Finance Protection Bureau, *Monthly Complaint Report* (September 2015), available at http://files.consumerfinance.gov/f/201509_cfpb_monthly-complaint-report-vol-3.pdf ...................................................................................5

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- iv -

**Law Offices of**
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

## I.    INTRODUCTION

Defendant Nationstar Mortgage LLC ("Nationstar") is a mortgage servicer specializing in high-risk, high-interest residential loans. While many homeowners pay their mortgage by automatic withdrawal or by mailing a check at the same time every month, sometimes borrowers fall on hard times and need to wait until the last minute to make their payment. In that case, they may need to make their mortgage payment by phone or over the internet to ensure that the payment is processed on time. Nationstar allows their customers to make payments in this manner, but charges them extra fees for doing so. These fees are well in excess of the cost to Nationstar for processing these payments, and Nationstar has made millions of dollars (nearly $12.5 million in the last two years alone) charging these extra fees to struggling homeowners.

The question at the heart of this lawsuit is whether Nationstar, by charging its customers extra fees to make their mortgage payments by phone or online, violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1), and the Washington Collection Agency Act, RCW § 19.16.250(21).

This question has the same answer for Plaintiff Juanita Garcia and each of the ████ customers who paid these extra fees: The fees are either lawful or not. And, this common question predominates in importance over all other questions in the case.

Consequently, Plaintiff Juanita Garcia respectfully requests that the Court certify this case as a class action under Rule 23 of the Federal Rule of Civil Procedure. Specifically, Ms. Garcia requests that this Court certify two classes of Nationstar customers forced to pay these extra fees, one nationwide and one limited to Washington residents.

Each of Rule 23's requirements for class certification are met here. Ms. Garcia's claims are typical of the claims of every other member of the proposed classes, and she will fairly and adequately protect their interests. Nationstar engaged in a common course of conduct through the charging of these fees with respect to each member of the proposed classes, and by establishing her own claims, Ms. Garcia will have established the claims of all other class members in a

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 1 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

single stroke.

The fees charged are small enough (averaging less the $100 per person) such that no Nationstar customer has enough at stake on their own to pursue an individual lawsuit, and a class action is superior to ███ individual lawsuits in any event. Consequently, courts in this district routinely certify similar classes of consumers alleging that collection fees they paid were unlawful under the statutes at issue here, and this Court should not hesitate to do the same. *See, e.g., Dibb v. AllianceOne Receivables Mgmt., Inc.*, No. C14-5835 RJB, 2015 WL 8970778 (W.D. Wash. Dec. 16, 2015); *Darrington v. Assessment Recovery of Wash., LLC*, No. C13-286-JCC, 2013 WL 12107633 (W.D. Wash. Nov. 13, 2013); *Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412 (W.D. Wash. 2003).

## II.    FACTUAL BACKGROUND

Nationstar is one of the largest residential mortgage servicers in the United States, servicing 2.5 million borrowers with an aggregate outstanding principal balance of over $402 billion. (*See* Ex. A,[1] Nationstar Mortgage Holdings Inc., Annual Report (*Form 10-K*), at 2 (Mar. 1, 2016).) In its role as mortgage servicer, Nationstar is responsible for sending borrowers their monthly statements, and for collecting and processing borrowers' loan payments. (Dkt. 17 ¶ 12.) Nationstar offers borrowers a number of ways to make their monthly mortgage payments, including automatic draft from a bank account, sending a check by mail, or paying over the phone or internet. (Ex. B, Ex. 2 to the Transcript of the Rule 30(b)(6) Deposition of Jon Thorpe II.) Mortgage payments made by phone or online are sometimes referred to as "speedpay" payments. (Ex. C, Transcript of the Rule 30(b)(6) Deposition of Courtney Ehinger ("Ehinger Dep.") at 15:22–16:6.)

Nationstar charges borrowers a fee to make speedpay payments. For example, borrowers can make their mortgage payment to Nationstar over the phone either with the assistance of a

---

[1]    All references to exhibits refer to the exhibits to the Declaration of J. Dominick Larry ("Larry Decl."), filed contemporaneously herewith.

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 2 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

live customer service representative or using interactive voice response technology—"IVR" for short. (*See* Ex. B.) When a borrower makes a payment over the phone and speaks to a live representative, Nationstar will charge that borrower a fee of $ ███ (*Id.*; *see also* Ex. C, Ehinger Dep. at 30:11–13.) If the borrower makes a payment over the phone using IVR, the fee charged by Nationstar is $ ███ (Ex. B; *see also* Ex. B, Ehinger Dep. at 30:24–31:14.) Similarly, borrowers can make their mortgage payment to Nationstar over the internet by logging into their Nationstar account online. (*See* Ex. B.) Almost a year after this case was filed, Nationstar reduced the fee for making an online payment to $0, but previously Nationstar charged borrowers $ ████████ to make such payments if made more than nine days after the payment was due. (Ex. D, Transcript of the Rule 30(b)(6) Deposition of Jon Thorpe II ("Thorpe Dep."), at 19:7-10.)

Plaintiff Juanita Garcia, a resident of Fairfield, Washington, holds a mortgage that has been serviced by Nationstar since October 2009. (Ex. E, NSM/Garcia 00930.) When she originally entered into the mortgage, she and her husband were well employed, and she made her monthly payments by automatic withdrawals from a bank account. (Declaration of Juanita Garcia ("Garcia Decl.") (filed contemporaneously herewith) at ¶ 2; *see also* Ex. F, Transcript of the Deposition of Juanita Garcia ("Garcia Dep.") at 107:25–108:12.) Unfortunately, some time after taking out the mortgage, the Garcias' employment situations changed radically, and a renter who had been living in an income property of theirs left. (Garcia Decl., ¶ 3.) The family income was halved, and her financial situation became less secure. (*Id*, ¶ 4.) During this period, Ms. Garcia and her husband even had to eat at a soup kitchen from time to time in order to try and save enough money to pay the mortgage. (*Id.*) In light of her lowered household income and the fact that it fluctuated throughout the month, Ms. Garcia had to stop using automatic withdrawals to make her monthly mortgage payments. (Ex. F, Garcia Dep. at 62:5-8, 102:3-4, 108:8-22.) Nor was she able to make the payments by check because she did not get paid until the last day of each month, and a check mailed thereafter would arrive at Nationstar too late to avoid going into

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 3 -

**Law Offices of
Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

foreclosure. (*Id.* at 14:11–15:3, 43:9-17, 45:1-11, 102:3-8, 109:18–110:6.) She thus turned to speedpay. (*Id.*)

Ms. Garcia's original loan documents made no mention of speedpay or other potential convenience fees. (Ex. F, Garcia Dep. at 63:6–20; Ex. G, NSM/Garcia 000049–141.) In fact, she was unaware that Nationstar charged fees for making speedpay payments until she made her first payment by phone. (Ex. F, Garcia Dep. at 111:7-10, 107:25–108:7, 112:19-25.) And while she would have preferred not to use speedpay at all and to avoid these extra fees altogether, she ultimately had no choice. (*Id.* at 14:11–15:3, 64:8-12, 109:8–112:2.) Indeed, when Ms. Garcia and her husband got back on their feet financially, she returned to making her mortgage payments by direct withdrawal to avoid speedpay fees. (Garcia Decl., ¶ 7.)

The fees charged by Nationstar to borrowers for making speedpay payments are well in excess of the costs to Nationstar in processing such payments. Indeed, no speedpay payment— whether online, through IVR, or using a live customer service representative—costs Nationstar more than $███ to process. (Ex. D, Thorpe Dep. at 83:9–15.)[2] As a result, Nationstar has—in the last two years alone—made nearly $███████ off of struggling homeowners just trying to submit their monthly mortgage payment. (Ex. H, Defendant Nationstar Mortgage LLC's

─────────────────

[2]     Speedpay payments to Nationstar are processed by non-party Western Union. (Ex. C, Ehinger Dep. at 17:12–18:12.) When a borrower makes a speedpay payment, Western Union ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████. (Ex. D, Thorpe Dep. at 41:12–42:14, 47:13–48:4, 66:15–67:5; Ex. C, Ehinger Dep. at 25:24–27:6, 30:14–23.) For example, ███████████ ███████████████████████████████████████████████████ (Ex. C, Ehinger Dep. at 26:17–27:20.) ███████████████████████████████████████████████ (*Id.*; *see also* Ex. D, Thorpe Dep. at 41:16–42:14, 46:24–47:5.) ███████████████████ ███████████████████████ (Ex. D, Thorpe Dep. at 83:9–15.)

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ
- 4 -

**Law Offices of
Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Response to Plaintiff's Interrogatories ("Def. Rogg. Resps."), at Resp. No. 3; Ex. I, Defendant Nationstar Mortgage LLC's Supplemental Responses to Plaintiff's Interrogatories ("Def. Supp. Rogg. Resps."), at Resp. No. 11.) It is perhaps no surprise, then, that Nationstar is one of the Consumer Finance Protection Bureau's "Top 10 Most Complained-About Companies." *See* Consumer Finance Protection Bureau, *Monthly Complaint Report* (September 2015), available at http://files.consumerfinance.gov/f/201509_cfpb_monthly-complaint-report-vol-3.pdf. (*See also* Dkt. 1 at ¶ 17 (collecting examples of consumer complaints about Nationstar).)

More importantly, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1), and the Washington Collection Agency Act, RCW § 19.16.250(21), severely restrict the kinds of fees that can be collected from a borrower in addition to the principal obligation amount and authorized interest. Because Nationstar charged speedpay fees that Plaintiff alleges are in violation of these statutes, Ms. Garcia filed a lawsuit against Nationstar in November 2015. (Dkt. 1.) She now seeks to certify two classes of borrowers who paid speedpay fees to Nationstar: one nationwide class, and one limited to Washington residents.

## III.   ARGUMENT

Plaintiff respectfully requests that the following two classes be certified:[3]

**<u>Nationwide Class</u>**: All individuals in the United States who, since November 17, 2014, made a payment to Nationstar on a residential mortgage debt over the phone or online that included a fee charged by Nationstar for using the phone or internet, and whose debt had not been current for 30 or more consecutive days at the time Nationstar began servicing it.

---

[3]    While the class definitions proposed here vary slightly from the classes proposed in Plaintiff's complaint, this Court and the parties are not bound by class definitions proposed in a complaint. *See, e.g., Chapman v. First Index, Inc.*, 796 F.3d 783, 785 (7th Cir. 2015); *Bueche v. Fidelity Nat. Mgmt. Servs., LLC*, No. 12-cv-01114, 2014 WL 2468601, at *2 (E.D. Cal. June 2, 2014).

**Law Offices of**
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

**Washington Class**: All individuals in Washington state who, since November 17, 2011, made a payment to Nationstar on a residential mortgage debt over the phone or online that included a fee charged by Nationstar for using the phone or internet.

In order to be certified, a proposed class must satisfy the criteria set forth in Fed. R. Civ. P. 23(a), and fit into one of the three categories described in Rule 23(b). *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). Rule 23(a) requires that (1) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity), (2) there are questions of law or fact common to the proposed class (commonality), (3) the claims of the plaintiff are typical of those of the class (typicality), and (4) the plaintiff will adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a). Here, both of the proposed classes satisfy all of the Requirements of Rule 23(a), and both fall into the category described in Rule 23(b)(3)—i.e., that the common questions predominate over any individual questions (predominance) and that a class action is superior to other methods of adjudicating the controversy (superiority).

### A.    The Proposed Classes Are Ascertainable.

Before reaching the requirements of Rule 23, courts sometimes inquire into whether the class is "ascertainable" —that is, "whether the Court can reasonably identify which individuals are class members and which are not." *Geier v. m-Qube, Inc.*, No. C13-354, 2016 WL 3458345, at *2 (W.D. Wash. June 24, 2016). Here, whether an individual is in one of the proposed classes can be reasonably determined by reference to two straightforward criteria.

For membership in the Nationwide Class, those criteria are: (1) whether the individual made a speedpay payment to Nationstar after November 17, 2014; and (2) whether that individual's mortgage debt was in default at the time Nationstar began servicing it.

For membership in the Washington Class, the criteria are: (1) whether the individual made a speedpay payment to Nationstar after November 17, 2011; and (2) whether that individual resides in Washington.

**Law Offices of**
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel  (425) 868-7813 • Fax  (425) 732-3752

Utilizing these objective criteria, Nationstar's records identify (by name with complete contact information) each of the ███████ members of the proposed Nationwide Class, and the ███ members of the proposed Washington Class. (Ex. J, Transcript of the Rule 30(b)(6) Deposition of Jameson Bamrick ("Bamrick Dep.") at 25:16–26:11, 46:17-22.) Because the proposed class definitions "provide[] sufficiently precise and objective criteria to determine class membership," *Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566 (W.D. Wash. 2012), and Nationstar's records can actually identify all members of the two proposed classes, the classes are ascertainable.

### B.      The Proposed Classes Satisfy the Requirements of Rule 23(a).

In addition to being ascertainable, the proposed classes satisfy the requirements of Rule 23. We begin with the four elements of Rule 23(a): numerosity, commonality, typicality, and adequacy.

#### 1.      The Proposed Classes Are Sufficiently Numerous.

The first requirement of Rule 23(a)—numerosity—is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This requirement "is not tied to any fixed numerical threshold," and courts generally find it satisfied when a class includes at least 40 members. *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010); *see also McCluskey v. Trs. of Red Dot Corp. Emp. Stock Ownership Plan & Trust*, 268 F.R.D. 670, 673-74 (W.D. Wash. 2010). Here, there are ███ homeowners in the proposed Nationwide Class, (Ex. I, Def. Supp. Interrog. Resp. 1), and ███ homeowners in the proposed Washington Class, (Ex. I, Def. Supp. Interrog. Resp. 7). Both proposed classes thus easily satisfy Rule 23(a)'s numerosity requirement.

#### 2.      The Claims of the Proposed Classes Share Common Questions of Law and Fact.

The second requirement of Rule 23(a)—commonality—is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality exists

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 7 -

**Law Offices of**
**Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

where the claims of each class member "depend upon a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). The standard is "construed permissively," *Parras v. Bashas', Inc.*, 536 F.3d 975, 978 (9th Cir. 2008), and "[i]t is not necessary that members of the proposed class share every fact in common." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (internal quotations omitted). Further, "even a single common question will do." *Wal-Mart*, 564 U.S. at 359.

The key inquiry is not whether common questions are *raised*, but "whether class treatment will generate common *answers* apt to drive the resolution of the litigation." *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th Cir. 2013) (internal quotations omitted).

"[C]ommonality cannot be determined without a precise understanding of the nature of the underlying claims," and courts thus look to the elements of the plaintiff's case-in-chief. *Parsons v. Ryan*, 754 F.3d 657, 676 (9th Cir. 2014). *See also Jimenez v. AllState Ins. Co.*, 765 F.3d 1161, 1165 (9th Cir. 2014) ("Whether a question will drive the resolution of the litigation necessarily depends on the nature of the underlying legal claims that the class members have raised.").

Here, Ms. Garcia's state and federal claims each raise questions that will generate answers common to all members of the two proposed classes.

> **a.     The State Law Claims Raise Questions Common to Each Member of the Proposed Washington Class.**

Ms. Garcia's state-law claim alleges a violation of the Washington Collection Agency Act, which provides as follows:

> No licensee or employee of a licensee shall … [c]ollect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute….

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 8 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1   RCW § 19.16.250(21).[4]

2          To prevail on her state-law claim, Ms. Garcia will have to show that (1) Nationstar is a

3   "licensee" under the Collection Agency Act, and (2) the speedpay fees collected from those

4   homeowners do not constitute "allowable interest, collection costs or handling fees expressly

5   authorized by statute." *Id*. These are contentions that are common to all members of the proposed

6   Washington Class because determination of their truth or falsity will resolve these issues for all

7   members of that class in one stroke. *See Wal-Mart Stores*, 564 U.S. at 350.

8          If Ms. Garcia shows that Nationstar is a "licensee" under Washington law, and if

9   speedpay fees are not "allowable interest, collection costs or handling fees expressly authorized

10  by statute," those things will be true not only with respect to her, but with respect to every other

11  Washington resident who paid speedpay fees to Nationstar. *See Darrington*, 2013 WL 12107633,

12  at *6 ("If the Court concludes that the fees Defendants sought to collect were not authorized by

13  statute and that Defendants are [covered by the Washington Collection Agency Act], then

14  substantial and significant common questions will have been answered with regard to all class

15  members."). (*See also* dkt. 17, ¶¶ 9, 12, 24, 38 (admitting that Nationstar is licensed under the

16  Washington Collection Agency Act and engages in debt collection.)

17         Furthermore, these questions focus on Nationstar's status and conduct—not on any

18  individual class members'—and can thus be established by common evidence. *See Booth v.*

19  *Appstack, Inc.*, No. C13-1533JLR, 2015 WL 1466247, at *8 (W.D. Wash. Mar. 30, 2015)

20  (finding "commonality prong … satisfied" where claims of the proposed class members were

21  "predicated on a common course of conduct by [defendant]"); *McCluskey*, 268 F.R.D. at 676

22  (finding common questions of law and fact existed where "defendants have engaged in

23  standardized conduct toward the members of the proposed class").

24  _____

25  [4]      The Washington Consumer Protection Act provides Ms. Garcia with a private cause of
    action for Nationstar's alleged violation of the Collection Agency Act. *See* RCW §§ 19.16.440,
26  19.86.020, 19.86.090.

27

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ
                                              - 9 -

Simply put, Ms. Garcia's state-law claim raises questions that will generate answers common to all members of the proposed Washington Class, and the commonality requirement of Rule 23(a) is thus satisfied as to that class.

### b. The Federal Claims Raise Questions Common to Each Member of the Proposed Nationwide Class.

The same holds true for Ms. Garcia's federal claim and the Nationwide Class. Under the FDCPA, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. One debt-collector practice made explicitly unlawful under the Act is this:

> The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f(1).

To prevail on her federal claim, Ms. Garcia will have to show that (1) Nationstar is a "debt collector" under the FDCPA, and (2) the speedpay fees collected from homeowners were not "expressly authorized by the agreement creating the debt or permitted by law." *Id.*

With respect to whether Nationstar is a "debt collector" under the FDCPA and whether speedpay fees are "permitted by law," the commonality analysis is the same as for Ms. Garcia's state law claims: the evidence needed to answer those questions as to Ms. Garcia is shared by all members of the proposed Nationwide Class in light of Nationstar's common course of conduct towards them, and resolving those questions as they pertain to Ms. Garcia will resolve those questions for all members of the proposed class in one stroke. And while Nationstar may argue that whether speedpay fees were "expressly authorized by the agreement creating the debt" is a question that could have different answers for different plaintiffs, discovery has revealed that all members of the proposed Nationwide Class share a common answer to that question: No.

In a document request served pursuant to Federal Rule of Civil Procedure 34, Ms. Garcia

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

requested that Nationstar produce "[a]n example of each contract of any class member that Nationstar contends contains a provision authorizing Nationstar to charge a fee to a Nationstar customer in exchange for the Nationstar customer making a payment." (Ex. K, Plaintiff's Notice of 30(b)(6) Deposition of Defendant.) No such contracts have been produced (nor were any objections made by Nationstar to the request. (*See* Larry Decl., ¶ 3.) Indeed, the only loan agreement Nationstar produced is Ms. Garcia's, which does not authorize any speedpay or other "convenience" fees. (*Id*; Ex. G, NSM/Garcia 000049–141.) Furthermore, Nationstar's 30(b)(6) witness, who was designated to testify regarding any contracts authorizing convenience or payment fees, ███████████████████████████████████████████████████████ ████████████████████████████████████████████ (Ex. K; Ex. C, Ehinger Dep. at 9:4-12, 80:15-18.)

In the complete absence of evidence that any member of the proposed Nationwide Class's original loan agreement authorized speedpay fees—"much less any indication that a significant portion" of class members' agreements did—"the theoretical possibility of individual issues is not enough to outweigh the benefits of common resolution of classwide issues." *Tavenner v. Talon Grp.*, No. C09-1370RSL, 2012 WL 1022814, at *4 (W.D. Wash. Mar. 26, 2012). Indeed, in contexts where—as here—certain conduct is prohibited without plaintiff's prior authorization or consent, "the Ninth Circuit has held that, in the absence of any affirmative evidence of consent, consent is a common issue with a common answer." *Booth*, 2015 WL 1466247, at *11 (citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012)); *see also Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1307 (D. Nev. 2014). In the same way, Nationstar's failure to produce any evidence that any class member's original loan agreement authorized the collection of speedpay fees renders express authorization "a common issue with a common answer."

Thus, like the proposed Washington Class, the proposed Nationwide Class satisfies the commonality requirement of Rule 23(a).

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

3.      **Plaintiff's Claims are Typical of the Proposed Class Members' Claims.**

The third requirement of Rule 23(a)—typicality—is met where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The purpose of this requirement is "to assure that the interest of the named representative aligns with the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other members have been injured by the same course of conduct." *Id*. The typicality standard is "permissive," and it is met where the representative claims "are reasonably co-extensive with those of absent class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998). At bottom, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Ali v. Menzies Aviation, Inc.*, No. 16-cv-00262, 2016 WL 4611542, at *2 (W.D. Wash. Sept. 6, 2016) (quoting *Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147, 156 (1982)).

That is precisely the situation here. Ms. Garcia is a member of both of the proposed classes, she suffered the same injury as all other members of each of the two classes (being charged speedpay fees allegedly in violation of state and federal law), and she has the same interest as all other members of each of the two classes in obtaining all available relief from Nationstar under the Washington Consumer Protection Act and the FDCPA. (*See* dkt. 17, ¶ 26; Ex. F, Garcia Dep. at 5:22, 43:5–17.) The typicality requirement is therefore satisfied.

4.      **Plaintiff (and her Counsel) Will Adequately Represent the Classes.**

The fourth and final requirement of Rule 23(a)—adequacy—is satisfied where "the representative parties will fairly and adequately protect the interests of the class." Adequacy is determined by answering two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 12 -

**Law Offices of
Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Here, the answers to both those questions establish that the adequacy requirement is met.

First, Ms. Garcia and her counsel have no conflicts of interest with other members of the proposed classes. All members of the proposed classes have the exact same interest in halting Nationstar's unlawful charging of speedpay fees, and maximizing recovery from Nationstar for its past violations.

Second, Ms. Garcia and her counsel have vigorously pursued this action and will continue to do so. Ms. Garcia has played an active role in this litigation thus far, including assisting her counsel with discovery and sitting for a deposition in Spokane between her shifts driving a school bus. (*See* the Declaration of Rafey S. Balabanian ("Balabanian Decl."), filed contemporaneously herewith, ¶¶ 5-6; Garcia Decl., ¶¶ 9-10.) She is a former United States Marine, does volunteer work for special needs children, and—simply put—can be more than trusted to fight for the interests of the other members of the proposed classes. (Garcia Decl., ¶¶ 1, 10.)

Likewise, Plaintiff's counsel are well-qualified and experienced members of the plaintiff's bar who have extensive experience in class actions of similar size, scope, and complexity to the instant litigation. (Balabanian Decl., ¶ 4; Declaration of D. Frank Davis ("Davis Decl."), filed contemporaneously herewith, ¶¶ 3–4.) They have regularly engaged in major complex litigation involving consumer protection issues, have the resources necessary to conduct litigation of this nature, and have frequently been appointed lead class counsel by courts throughout the country. (Balabanian Decl., ¶¶3–4; Davis Decl.,¶¶3–7.)

Rule 23(a)(4)'s adequacy requirement—and thus, each of the requirements of Rule 23(a)—is therefore satisfied.

### C.      The Proposed Classes Fall within Rule 23(b)(3).

In addition to meeting all four of Rule 23(a)'s prerequisites for certification, a proposed class must also fall within one of the subsections of Rule 23(b). Here, the proposed classes

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 13 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    satisfy the prerequisites of Rule 23(b)(3).

2           The purpose of Rule 23(b)(3) is "to cover cases in which a class action would achieve

3    economies of time, effort, and expense, and promote uniformity of decision as to persons

4    similarly situated, without sacrificing procedural fairness or bringing about other undesirable

5    results." *Amchem Prods. v. Windsor*, 521 U.S. 591, 615 (1997) (internal quotations omitted). A

6    court can certify a class under Rule 23(b)(3) when it finds that "the questions of law or fact

7    common to class members predominate over any question affecting only individual members,

8    and that a class action is superior to other available methods for fairly and efficiently

9    adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, the proposed classes satisfy both

10   prongs—predominance and superiority—of Rule 23(b)(3).

11          **1.      Common Questions of Law and Fact Predominate.**

12          The predominance requirement asks "whether proposed classes are sufficiently cohesive

13   to warrant adjudication by representation." *Wolin*, 617 F.3d at 1172. There is "substantial

14   overlap" between Rule 23(a)(2) commonality and Rule 23(b)(3) predominance, *id.*, and—like

15   commonality—the test for predominance "begins, of course, with the elements of the underlying

16   cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011).

17          As discussed above with respect to commonality, the elements of the two claims—

18   whether Nationstar is a "licensee" under Washington law, whether Nationstar is a "debt

19   collector" under federal law, and whether the speedpay fees Nationstar charges to borrowers are

20   unlawful—are common contentions because they can each be resolved in a single stroke for all

21   members of each proposed class. In fact, the only individual question—other than calculation of

22   damages, which does not defeat predominance, *see Vaquero v. Ashley Furniture Indus., Inc.*, 824

23   F.3d 1150, 1155 (9th Cir. 2016)—is whether any class member's original loan documents

24   expressly authorized the collection of speedpay fees.[5]

25   _____

26   [5]      Express authorization is only an issue for the FDCPA claim and thus for the proposed
     Nationwide Class. To the extent express authorization is an individual question—which it is not

27                                                                                (continued...)

1    But again, as discussed above, Nationstar has produced *no* evidence that *any* loan it

2    services contains an express authorization to collect speedpay or other pay-to-pay fees, and its

3    30(b)(6) witness testified explicitly that she was not aware of any such agreements. Given this

4    complete lack of evidence that any proposed class member's original loan documents expressly

5    authorized speedpay fees, any potential individual issue regarding authorization cannot

6    predominate over the common questions here. *See Agne*, 286 F.R.D. at 568, 570 (finding that

7    individual issues did not predominate where "[d]efendants offer[ed] only a bare assertion of

8    individualized issues of consent, unsupported by a single document"); *Silbaugh v. Viking*

9    *Magazine Servs.*, 278 F.R.D. 389, 393 (N.D. Ohio 2012) ("Having produced no evidence …,

10   defendant is unable to realistically argue that individual issues … outweigh the commonality.");

11   *Chapman v. Wagener Equities, Inc.*, No. 09 C 07299, 2014 WL 540250, at *15 (N.D. Ill. Feb.

12   11, 2014) ("[T]he absence of evidence suggesting that a substantial number of class members

13   consented … means that there is little reason to believe that such issues will overwhelm common

14   questions going forward."); *Ott v. Mortg. Investors Corp. of Ohio*, 65 F. Supp. 3d 1046, 1067 (D.

15   Or. 2014) ("[U]nless and until [defendant] comes forward with some evidence that it received

16   prior express consent …, there is no barrier to certification.").

17          The predominance element of Rule 23(b)(3) is satisfied.

18          **2.    A Class Action is Superior to Other Available Methods of

19                  Adjudication.**

20          The second element of Rule 23(b)(3)—superiority—is likewise met here. The purpose of

21   the superiority requirement "is to assure that the class action is the most efficient and effective

22   means of resolving the controversy." *Wolin*, 617 F.3d at 1175. The factors pertinent to

23   determining superiority are:

24          (A) the class members' interests in individually controlling the prosecution or

25   ───────────────────────

26   given the total absence of evidence of any loan agreement authorizing such charges—it does not

27   impact the proposed Washington Class at all.

**Law Offices of
Clifford A. Cantor, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3). Here, each of these factors supports class certification.

"'Where damages suffered by each putative class member are not large,' the first [superiority] factor 'weighs in favor of certifying a class action.'" *Darrington*, 2013 WL 12107633, at *8 (quoting *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir. 2001)). *See also Wolin*, 617 F.3d at 1175 ("Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification.").

As in another case in this district brought under the FDCPA and Washington Collection Agency Act:

The actual damages of each individual class member are in the few hundred dollar range. Statutory damages may be a thousand dollars. Individual class members do not have a great interest in controlling the prosecution of separate actions.

*Dibb*, 2015 WL 8970778, at *13.

That is precisely the situation here. While the amount each class member paid in speedpay fees can be easily determined from Nationstar's records, (Ex. J, Bamrick Dep. at 43:3–44:12), average damages per class member are around ▊ for the proposed Nationwide Class, and around ▊ for the proposed Washington Class.[6]

---

[6]   According to discovery responses from Nationstar, ▊ consumers nationwide paid speedpay fees totaling $▊ during the relevant time period, (*see* Ex. H, Def. Rogg. Resps. 1, 3; Ex. I, Def. Supp. Rogg. Resps. 1, 3), for an average of $▊ per member of the proposed Nationwide Class. Likewise, ▊ Washington residents paid speedpay fees totaling $▊ (*see* Ex. H, Def. Rogg. Resps. 7, 9; Ex. I, Def. Supp. Rogg. Resps. 7, 9), for an average of $▊ per member of the proposed Washington Class. Again, while these are averages, the precise amount each member of the proposed classes paid in speedpay fees can be easily determined by Nationstar. (Ex. J, Bamrick Dep. at 43:3–44:12.)

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Even with $1,000 statutory damages that might be available under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), and treble damages under Washington law, RCW § 19.86.090, consumers injured by Nationstar's allegedly unlawful charging of speedpay fees have little interest in pursuing separate actions, especially when compared to the costs of litigating against a sophisticated entity like Nationstar. *See Wolin*, 617 F.3d at 1176 ("The amount of damages suffered by each class member is not large. Forcing individual [consumers] to litigate their cases … is an inferior method of adjudication. Accordingly, although alternative means of recovery are available, e.g., small claims court, we conclude that class-wide adjudication of common issues will reduce litigation costs and promote greater efficiency.") (internal quotations omitted); *Darrington*, 2013 WL 12107633, at *8 ("Each putative class member here suffered a relatively small financial penalty and stands to recover minimal statutory damages which, as a practical matter, makes it unrealistic to believe that they will pursue such claims on an individual basis."); *Ikuseghan v. MultiCare Health Sys.*, No. C14-5539 BHS, 2015 WL 4600818, at *7 (W.D. Wash. July 29, 2015) ("Because individual damages are small, it is unlikely that class members would litigate [their statutory] claims on their own.").

The second two factors likewise point to the superiority of class treatment. Plaintiff's counsel is unaware of any other pending cases involving this controversy, and litigating these claims in this forum is desirable given that one of the proposed classes is composed entirely of Washington residents pursuing claims under Washington law. *See Ikuseghan*, 2015 WL 4600818, at *8; *Darrington*, 2013 WL 12107633, at *8; *Booth*, 2015 WL 1466247, at *13.

Finally, the fourth superiority factor—manageability—presents no obstacle to class certification. "While all class actions are by nature more complex than other litigation, this case will not be overly difficult to manage." *Dibb*, 2015 WL 8970778, at *13. As explained above, Nationstar's liability depends on its common course of conduct towards members of the proposed classes, and will be resolved based on evidence common to all class members. *See Ikuseghan*, 2015 WL 4600818, at *8 (finding case "manageable as a class action" where class

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 17 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

members' claims could be "resolved by common evidence"); *Booth*, 2015 WL 1466247, at *13 (same).

To the extent any issues arise relating to class membership or individual damages, such issues should be easily resolvable by reference to Nationstar's records. Certainly a class action is more manageable than ██████ individual lawsuits. *See Tavenner*, 2012 WL 1022814, at *4 ("While somewhat cumbersome, litigation involving a representative plaintiff is decidedly more manageable than extensive joinder or the filing of numerous separate lawsuits in various courts.").

Class treatment is thus "superior to other available methods for fairly and efficiently adjudicating the controversy," and both the predominance and superiority prongs of Rule 23(b)(3) and therefore satisfied. Also, as discussed above, both proposed classes satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a).

This case, with its two proposed classes, satisfies the requirements of Rule 23(a) and falls into one of the categories described by Rule 23(b). Consequently, this case with its two proposed classes should be certified.

### D. Plaintiff's Counsel Should Be Appointed Class Counsel.

When a court certifies a class under Rule 23, it must also appoint class counsel who will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court must consider (1) the work counsel has done in identifying and investigating the claims, (2) counsel's experience in handling class actions and the types of claims asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A).

Plaintiff's counsel has extensive experience litigating consumer protection class actions of similar size, scope, and complexity to this case, and has the resources necessary to fully pursue such litigation here. (Balabanian Decl.,¶¶ 3–6.) Accordingly, this Court should appoint Rafey Balabanian of Edelson PC and D. Frank Davis of Davis & Norris LLP as class counsel.

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ

- 18 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

**IV.    CONCLUSION**

Plaintiff Juanita Garcia respectfully requests that this Court enter an order (1) certifying the proposed classes with Plaintiff as class representative, (2) appointing Rafey Balabanian of Edelson PC and D. Frank Davis of Davis & Norris LLP as class counsel, and (3) granting such other and further relief as the Court deems equitable and just.

Dated: December 23, 2016                    Respectfully submitted,

s/ *Cliff Cantor*
By: Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:    425-868-7813
Fax:    425-732-3752
Email: cliff.cantor@outlook.com

Benjamin H. Richman
J. Dominick Larry
EDELSON PC
350 N. LaSalle St., Ste. 1300
Chicago, IL 60654
Tel:    312-589-6370
Fax:    312-589-6378
Email: brichman@edelson.com
            nlarry@edelson.com

Wesley W. Barnett
D. Frank Davis
DAVIS & NORRIS, LLP
The Bradshaw House
2154 Highland Ave. S.
Birmingham, AL 35205
Tel:    205-930-9900
Email: wbarnett@davisnorris.com
            fdavis@davisnorris.com

Counsel for Plaintiff

PL.'S MOT. FOR CLASS CERT.
No. C15-1808 TSZ                    - 19 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Certificate of Service

I certify that, on the date stamped above, I caused this motion, together with the declarations of Juanita Garcia, J. Dominick Larry (including exhibits, some of which are sealed), Rafey S. Balabanian (including an exhibit), D. Frank Davis, and and a proposed order, to be filed with the Clerk of the Court via the CM/ECF system, which will cause notification of filing to be emailed to all counsel of record.

s/ *Cliff Cantor*, WSBA # 17893

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel  (425) 868-7813 • Fax  (425) 732-3752