The Honorable Thomas S. Zilly

1

2

3

4

5

6                       UNITED STATES DISTRICT COURT

7                       WESTERN DISTRICT OF WASHINGTON

8                               AT SEATTLE

9    JUANITA GARCIA, individually and on behalf        NO. 2:15-cv-01808 TSZ
     of all others similarly situated,
10                                                     **PLAINTIFF'S MOTION FOR**
11                         Plaintiff,                  **PRELIMINARY APPROVAL OF CLASS**
                                                       **CERTIFICATION AND CLASS ACTION**
12           v.                                        **SETTLEMENT**

13   NATIONSTAR MORTGAGE LLC, a Delaware
     limited liability company,                        NOTE ON MOTION CALENDAR:
14                                                      Friday, December 29, 2017
                           Defendant.
15

16

17

18

19

20

21

22

23

24

25

26

27

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

LAW OFFICES OF
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     BACKGROUND AND PROCEDURAL HISTORY.......................................... 2

III.    THE TERMS OF THE SETTLEMENT AGREEMENT ................................ 4

        A.      Class Definition ................................................................................ 4

        B.      Monetary Relief ................................................................................ 4

        C.      Prospective Relief ............................................................................ 4

        D.      Compensation for Class Representative ............................................ 4

        E.      Payment of Attorneys' Fees and Expenses........................................ 4

        F.      Payment of Notice and Administrative Costs.................................... 5

        G.      Release .............................................................................................. 5

IV.     THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED................ 5

        A.      The Proposed Class Meets the Requirements of Rule 23................. 6

                1.      The proposed settlement class is sufficiently numerous................. 6

                2.      Settlement class members share common questions of law and fact................ 7

                3.      Plaintiff's claims are typical of settlement class members' claims.................. 8

                4.      Plaintiff and her Counsel will adequately represent the
                        settlement class ................................................................ 9

        B.      The Proposed Class Satisfies the Requirements of Rule 23(b)(3) ............. 10

                1.      Common questions of law and fact predominate....................... 10

                2.      A class action is the superior method of resolving the controversy............... 11

V.      PLAINTIFF'S COUNSEL SHOULD BE APPOINTED CLASS COUNSEL ..................... 12

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- i -

VI.     THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL ..................... 13

    A.     The Proposed Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations ............................................................................................... 15

    B.     Each *Churchill* Factor Considered at This Stage Supports Preliminarily Approving the Settlement ................................................................................................ 17

        1.     The Strength of Plaintiff's Case, Risk of Further Litigation, and Risk of Maintaining Class Action Status ......................................................... 17

        2.     Amount Offered in Settlement ........................................................... 19

        3.     Extent of Discovery Completed and the Stage of the Proceedings ................ 20

        4.     The Experience and Views of Counsel ........................................... 21

VII.    THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN ...................... 22

VIII.   CONCLUSION ................................................................................................... 23

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- ii -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1

## TABLE OF AUTHORITIES

**U.S. Supreme Court**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ......................................5, 6, 11

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)................................................22

*Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011).............................11

*Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147 (1982).........................................9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ...............................................7, 9

**U.S. Courts of Appeals**

*Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952 (9th Cir. 2013)................................8

*Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708 (9th Cir. 2010)................................5

*Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017) .............................5 n.4

*Churchill Vill., L.L.C. v. Gen. Elect.*, 361 F.3d 566 (9th Cir. 2004).......................14, 17

*Class Plaintiffs v. City of Seattle*, 995 F.2d 1268 (9th Cir. 1992) ............................14

*Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012) ..........................7

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...................................7, 9, 10

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) .................14, 15, 16, 17

*In re First Alliance Mortgage Co.*, 471 F.3d 977 (9th Cir. 2006) ................................8

*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000)................................16

*In re Pac. Enters. Sec. Litig.*, 47 F.3d 373 (9th Cir.1995) ........................................21

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) ..............................................19

*Parra v. Bashas', Inc.*, 536 F.3d 975 (9th Cir. 2008) ...............................................7

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- iii -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) .......................................15, 18, 19, 21

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) ......................................................14

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996) ...................................11

*Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150 (9th Cir. 2016).........................11

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ...........................................16

*Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168 (9th Cir. 2010).........................8, 10, 12

**U.S. District Courts**

*Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559 (W.D. Wash. 2012) ....................................11 n.4

*Ali v. Menzies Aviation, Inc.*, No. 16-00262 RSL,
 2016 WL 4611542 (W.D. Wash. Sept. 6, 2016)........................................6–7, 8–9, 9

*Aranda v. Carribbean Cruise Line, Inc.*, No. 12-4069,
 2017 WL 818854 (N.D. Ill. Mar. 2, 2017)..................................................13

*Babcock v. C. Tech Collections, Inc.*, No. 14-3124,
 2017 WL 1155767 (E.D.N.Y. Mar. 27, 2017) ...............................................20

*Bennett v. SimplexGrinnell LP*, No. 11-01854,
 2015 WL 1849543 (N.D. Cal. Apr. 22, 2015) ...............................................20

*Betorina v. Randstad US, L.P.*, 2017 WL 1278758 (N.D. Cal. Apr. 6, 2017).......................14, 17

*Browning v. Yahoo! Inc.*, No. No. 04-01463,
 2006 WL 1390555 (N.D. Cal. May 19, 2006) ...............................................15

*Darrington v. Assessment Recovery of Wash.*, LLC, No. 13-286 JCC,
 2013 WL 12107633 (W.D. Wash. Nov. 13, 2013)..........................................6, 11–12

*De La Torre v. CashCall, Inc.*, No. 08-03174,
 2017 WL 2670699 (N.D. Cal. June 21, 2017) ...............................................20

*Dibb v. AllianceOne Receivables Mgmt., Inc.*, No. 14-5835 RJB,
 2015 WL 8970778 (W.D. Wash. Dec. 16, 2015) ...........................................6, 12

*Dunakin v. Quigley*, No. 14-00567 JLR,
 2017 WL 123011 (W.D. Wash. Jan. 10, 2017)..............................................15

- iv -

*Dunakin v. Quigley*, 99 F. Supp. 3d 1297 (W.D. Wash. 2015) ...................................6–7

*Faught v. Am. Home Shield Corp.*, No. 07-1928,
  2010 WL 10959222 (N.D. Ala. Apr. 27, 2010).................................................13

*Geier v. m-Qube, Inc.* No. 13-354,
  2016 WL 3458345 (W.D. Wash. June 24, 2016)..............................................5 n.3

*Gragg v. Orange CAB Co., Inc.*, No. 12-0576 RSL,
  2017 WL 785170 (W.D. Wash. Mar. 1, 2017) .................................................15

*Hansen v. Ticket Track, Inc.*, 213 F.R.D. 412 (W.D. Wash. 2003) ...............................6

*Helde v. Knight Transportation, Inc.*, No. 12-00904 RSL,
  Dkt. 191 (W.D. Wash. May 24, 2017)...........................................................15

*Hopwood v. Nuance*, No. 13-02132 (N.D. Cal. 2015) ...........................................13

*Ikuseghan v. Multicare Health Sys.*, No. 14-05539 BHS,
  2016 WL 3976569 (W.D. Wash. July 25, 2016) .................................18, 19, 21

*In re Linkedin User Privacy Litig.*, 309 F.R.D. 573 (N.D. Cal. 2015) ........................20

*In re Netflix Privacy Litig.*, No. 11-00379,
  2011 WL 13157369 (N.D. Cal. Aug. 12, 2011) ..............................................13

*In re Simply Orange Juice Marketing and Sales Practices Litigation*,
  No. 12-md-02361, Dkt. 19 (W.D. Mo. Jul. 20, 2012).......................................13

*Jama v. GCA Services Group, Inc., et al.*, No. 16-0331 RSL,
  2017 WL 4758722 (W.D. Wash. Oct. 20, 2017) .......................................6–7, 10

*K.M. v. Regence Blue Shield*, No. 13-1214 RAJ,
  2015 WL 519932 W.D. Wash. Feb. 9, 2015) .....................................................6

*McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan & Tr.*,
  268 F.R.D. 670 (W.D. Wash. 2010) .........................................................6–7, 8

*Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443 (E.D. Cal. 2013) .....................20

*Relente v. Viator, Inc.*, No. 12-05868,
  2015 WL 2089178 (N.D. Cal. May 4, 2015) ..............................................13–14

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. 14-0268 JCC,
  2016 WL 4052588 (W.D. Wash. Feb. 3, 2016).....................................14, 18, 19, 20, 21

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

*Rinky Dink Inc v. Elec. Merch. Sys. Inc.*, No. 13-1347 JCC,
        2015 WL 11234156 (W.D. Wash. Dec. 11, 2015) ..............................................22

*Scott v. United Servs. Auto. Ass'n*, No. 11-1422 JCC,
        2013 WL 12251170 (W.D. Wash. Jan. 7, 2013).....................................16, 16–17

*Tavenner v. Talon Grp.*, No. 09-1370 RSL,
        2012 WL 1022814 (W.D. Wash. Mar. 26, 2012) ........................................7–8

*Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200 (C.D. Cal. 2014).........................21–22

*Wilson v. Maxim Healthcare Servs., Inc.*, No. 14-789 RSL,
        2017 WL 2988289 (W.D. Wash. June 20, 2017)................................................14

**Federal Statutes and Rules**

Fair Debt Collection Practices Act, 15 U.S.C. §1692f(1).........................................1, 3

Fed. R. Civ. P. 23 ................................................................................ *passim*

**State Statutes**

Washington Collection Agency Act, RCW § 19.16.250(21)...........................................1, 3

**Secondary Sources**

Herbert Newberg & Alba Conte, Newberg on Class Actions (4th ed. 2002)..........................14, 23

Manual for Complex Litigation (Fourth) (2004) ...........................................................5

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

## I.    INTRODUCTION

Plaintiff Juanita Garcia ("Garcia" or "Plaintiff") respectfully moves the Court to enter preliminary approval of a proposed class action settlement reached with Defendant Nationstar Mortgage LLC ("Nationstar" or "Defendant"). The settlement—reached after significant litigation and a mediator's proposal in private mediation—resolves claims that Nationstar charged customers who made their mortgage payments by phone or online extra fees ("Convenience Fees") in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692f(1) ("FDCPA") and the Washington Collection Agency Act, RCW § 19.16.250(21) ("WCAA").[1]

The settlement represents an exceptional result for the proposed class. Nationstar has agreed to create a non-reversionary common fund of $3,875,000, which will be used to compensate customers for the disputed extra fees they paid. Following payment of settlement administration costs, attorneys' fees, and a case contribution award, every claimant submitting a valid claim will be paid a *pro rata* portion of the fund based on the number of times he or she paid extra fees. That is, each claimant will receive a payment per instance of overcharging. In addition to this monetary component, the settlement includes prospective relief. Nationstar has stopped charging Convenience Fees for online payments and has agreed to provide prior express notice before charging Convenience Fees for over-the-phone payments. This settlement compares favorably with settlements in similar FDCPA cases, and, as set forth below, is fair, reasonable, and adequate, and well within the range of approval.

Consequently, Plaintiff Juanita Garcia respectfully requests that the Court enter an order (1) preliminarily certifying the proposed settlement class, (2) naming Garcia as class representative, (3) appointing Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP as class counsel, (4) granting preliminary approval of the settlement, (5) approving the proposed notice plan, and (6) scheduling a final approval hearing.

---

[1]    A copy of the Stipulation and Settlement Agreement ("Settlement Agreement" or "Agreement") is attached as Exhibit 1.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

## II.     BACKGROUND AND PROCEDURAL HISTORY

This case stems from Nationstar's alleged practice of collecting additional fees from consumers when they make their mortgage payments, over and above the amount they owed. (Dkt. 1 ("Compl") ¶ 1.) Nationstar is a mortgage servicing company that specializes in servicing high-risk loans. (*Id.*) As a loan servicer, Nationstar sends borrowers their monthly statements, and then collects and processes borrowers' loan payments. (*Id.* ¶ 12.)

Nationstar allegedly focuses on high-risk loans, which means that many of the loans it services are already in default or close to it. (*Id.* ¶¶ 1, 12.) Unsurprisingly, borrowers in such a position often have difficulty making regularly scheduled payments through their banks and instead must wait until they have the funds available before making over-the-phone or online payments. (*Id.* ¶¶ 3, 13–15.) Nationstar allegedly exploited these consumers by employing high-pressure collection techniques to steer consumers toward paying their bills immediately over the phone or through the internet. (*Id.* ¶¶ 13–14.) Payments made by phone or online are sometimes called "speedpay" payments. (Dkt. 50-3 at 15:22–16:6.)

Once a borrower agreed to make a speedpay payment over the phone or online, Nationstar charged them an extra fee, a so-called "Convenience Fee." (Compl. ¶ 3; Dkt. 50-2.) For over-the-phone payments during which a consumer spoke to a live representative, Nationstar charged a $19.00 Convenience Fee. (Dkt. 50-2; Dkt. 50-3 at 30:11–13.) If consumers paid over the phone but did not speak to a live representative—instead using only an interactive voice menu system—they were charged a $14.00 Convenience Fee. (Dkt. 50-2; Dkt. 50-3 at 30:24–31:14.) Those who paid their mortgage bills by logging onto their Nationstar accounts online were charged between $6.95 and $8.95. (Dkt. 50-4 at 19:7–10.)

These Convenience Fees were allegedly not tied to the actual costs of processing phone or online payments, but were simply an extra charge that Nationstar applied for its own benefit. (Compl. ¶¶ 3–5, 16–19.) The fees Nationstar collected through these practices were substantial, netting it over $12 million during the relevant time period. (Dkt. 50-8, Def. Interrog. Resps. 1, 3; Dkt. 50-9, Def. Supp. Interrog. Resps. 1, 3.)

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Plaintiff Juanita Garcia had a home loan mortgage serviced by Nationstar. On several instances when she paid her mortgage bill, she was charged—and paid—a Convenience Fee that she alleges was not authorized by her mortgage or related to the actual costs of processing her payment. (Compl. ¶¶ 21, 25–27.) In 2015, she filed a nationwide class-action complaint in the Western District of Washington alleging violations of the FDCPA, which prohibits debt collectors from collecting any fee, charge, or expense incidental to the principal debt unless it is "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). (Garcia's loan documents, like those of the other putative class members, allegedly did not expressly authorize the collection of Convenience Fees for speedpay transactions.) (Compl. ¶ 26.)

On behalf of Washington residents, Garcia claimed (in addition to the FDCPA claim) violations of the WCAA, which prohibits debt collectors like Nationstar from collecting "any sum" from a debtor in addition to the principal amount owed "other than allowable interest, collection costs or handling fees expressly authorized by statute." RCW § 19.16.250(21).

The parties engaged in substantial formal and informal discovery, including the exchange of written interrogatories and document requests, the production of documents, and depositions of Plaintiff and key Nationstar personnel. (Declaration of Benjamin H. Richman ("Richman Decl."), attached as Exhibit 2, ¶ 3.) Following discovery, Plaintiff filed a Motion for Class Certification. (Dkt. 49.) After the certification motion was fully briefed, the parties agreed to stay the proceedings in order to explore the possibility of a negotiated resolution. (Dkt. 74.)

In July 2017, the parties attended a full-day mediation session with Mr. John Bates, Jr. at JAMS in San Francisco, California. (Richman Decl. ¶ 4.) In advance of the mediation and based on the litigation and discovery that had already taken place, Garcia and Nationstar exchanged detailed mediation briefs that outlined their respective positions. (*Id.* ¶ 3.) Despite their good faith efforts and making significant progress, the parties did not ultimately reach a resolution that day. (*Id.* ¶ 4.) Rather, at the close of the mediation session, Mr. Bates submitted a mediator's proposal as to certain material terms of the proposed settlement. (*Id.* ¶ 5.) After careful

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

consideration and analysis, both sides ultimately accepted the mediator's proposal and set to work on negotiating the remaining terms of the fulsome written settlement agreement (*Id.*)

### III.    THE TERMS OF THE SETTLEMENT AGREEMENT

The key terms of the Settlement Agreement are briefly summarized below:

**A.    Class Definition:** The settlement provides for a settlement class of all individuals in the United States who, from November 17, 2014 (November 17, 2011 for Washington residents), made a payment to Nationstar on a residential mortgage debt over the phone or online that included a Convenience Fee charged by Nationstar for doing so.[2] (Settlement Agreement § 3.1.) Based on discovery and investigation, there are approximately 188,393 settlement class members. (Richman Decl. ¶ 3.)

**B.    Monetary Relief:** Nationstar has agreed to create a settlement fund of $3,875,000. (Settlement Agreement § 2.38.) Each class member that submits a valid claim form will receive a *pro rata* portion of the settlement fund (after payment of administrative costs, attorneys' fees, and a case contribution award) based on the number of times he or she paid a Convenience Fee. (*Id.* §§ 2.38, 4.2.2.) There is no cap on the amount of money a claiming class member can recover; thus, the entire fund will be exhausted and no part of it will revert to Nationstar. (*Id.* 2.38.)

**C.    Prospective Relief:** Nationstar has agreed to provide prior express notice to consumers prior to charging any Convenience Fees for over-the-phone speedpay payments and has stopped charging Convenience Fees for online speedpay payments. (*Id.* § 4.2.3.)

**D.    Compensation for Class Representative:** In recognition of her time and effort serving as class representative, the parties have agreed that Garcia should receive a reasonable case contribution award in an amount determined by the Court, to be paid from the settlement fund. (*Id.* § 15.4.)

---

[2]    The proposed class here includes the same members as the classes defined in Plaintiff's class certification motion. (*See* dkt. 49 at 5–6.)

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 4 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

**E.  Payment of Attorneys' Fees and Expenses:** The parties have agreed that proposed class counsel is entitled to an award of reasonable attorneys' fees and expenses in an amount to be determined by the Court to be paid from the settlement fund. (*Id.* § 15.1.) Proposed class counsel has agreed to limit their request for attorneys' fees and expenses to no more than twenty-five percent of the settlement fund. (*Id.*) The Settlement Agreement does not prevent Nationstar from opposing the requested fees. (*Id.*) Any difference between the amount requested and the amount awarded will remain in the settlement fund to be distributed to claiming class members; no such amount will revert to Nationstar. (*Id.*)

**F.  Payment of Notice and Administrative Costs:** The parties have agreed that notice and administrative costs will be paid out of the settlement fund. (*Id.* § 2.25.) Subject to the Court's approval, the parties agree that Heffler Claims Group, LLC will oversee notice to the class, the processing of claim forms, and payment to class members. (*Id.* § 2.1.)

**G.  Release:** In exchange for the relief described above, class members agree to release Nationstar from any and all claims relating in any way to the Convenience Fees. (*Id.* § 10.)

## IV.  THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED

Before granting preliminary approval, the Court must first determine that the proposed class is appropriate for certification. To do so, the proposed class must meet the requirements of Rule 23(a) and at least one subsection of Rule 23(b). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614, 621 (1997); *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010); Manual for Complex Litigation (Fourth) § 21.633 (2004).[3]

---

[3]      Courts sometimes also inquire into whether the proposed class is "ascertainable," that is, "whether the Court can reasonably identify which individuals are class members and which are not." *Geier v. m-Qube, Inc.* No. C13-354, 2016 WL 3458345, *2 (W.D. Wash. June 24, 2016). The Ninth Circuit, however, recently held that there is no separate "administrative feasibility" or ascertainability requirement implicit in Rule 23. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123 (9th Cir. 2017) ("[S]eparate administrative feasibility prerequisite to class certification is not compatible with the language of Rule 23.") Nevertheless, membership in the proposed class here is based on objective, ascertainable criteria: whether a person paid a Convenience Fee is
(continued...)

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Rule 23(a) requires that a plaintiff demonstrates that (1) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity), (2) there are questions of law or fact common to the proposed class (commonality), (3) the claims of the plaintiff are typical of those of the class (typicality), and (4) the plaintiff will adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a)(1)–(4). In addition, where, as here, Plaintiff seeks certification under Rule 23(b)(3), she must also demonstrate that the common questions predominate over any questions affecting only individual members (predominance), and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy (superiority). Fed. R. Civ. P. 23(b)(3). Because the proposed class is being certified for settlement purposes, the Court "need not worry about whether the action could be manageably presented at trial." *K.M. v. Regence Blue Shield*, No. C13-1214RAJ, 2015 WL 519932, at *4 (W.D. Wash. Feb. 9, 2015) (citing *Amchem*, 521 U.S. at 620).

As explained below, the requirements of Rule 23 are met here. And just as courts in this District have regularly certified classes of consumers alleging lenders charged unlawful collection fees, this Court can confidently do the same here. *See, e.g., Dibb v. AllianceOne Receivables Mgmt., Inc*., No. C14-5835 RJB, 2015 WL 8970778 (W.D. Wash. Dec. 16, 2015); *Darrington v. Assessment Recovery of Wash*., LLC, No. C13-286 JCC, 2013 WL 12107633 (W.D. Wash. Nov. 13, 2013); *Hansen v. Ticket Track, Inc*., 213 F.R.D. 412 (W.D. Wash. 2003).

**A.    The Proposed Class Meets the Requirements of Rule 23.**

To start, the proposed class satisfies each element of Rule 23(a): numerosity, commonality, typicality, and adequacy.

**1.    The proposed settlement class is sufficiently numerous.**

The first prerequisite to class certification under Rule 23(a)—numerosity—requires that the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

---

(...continued from previous page)

readily available from Nationstar's records. (Settlement Agreement §§ 3.1, 4.2.2 (defining class membership and damages based on Nationstar's records).)

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

There is no specific minimum number of proposed class members required to satisfy the numerosity requirement, but generally a class of forty or more members is considered sufficient. *Ali v. Menzies Aviation, Inc*., No. 2:16-CV-00262 RSL, 2016 WL 4611542, at *1 (W.D. Wash. Sept. 6, 2016); *see Jama v. GCA Services Group, Inc.*, *et al.*, No. C16-0331 RSL, 2017 WL 4758722, at *3 (W.D. Wash. Oct. 20, 2017) (finding numerosity satisfied by class of 93 class members); *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1327 (W.D. Wash. 2015) (certifying class of 300); *McCluskey v. Trustees of Red Dot Corp. Employee Stock Ownership Plan & Tr.*, 268 F.R.D. 670, 673 (W.D. Wash. 2010) (certifying class of 27 known class members).

Here, based on information provided by Nationstar, there are 188,393 settlement class members that paid their mortgages to Nationstar and were charged Convenience Fees. (Richman Decl. ¶ 3.) Accordingly, the proposed class is so numerous that joinder of their claims is impracticable. The numerosity requirement is easily satisfied.

### 2.    Settlement class members share common questions of law and fact.

The second requirement of Rule 23(a)—commonality—is satisfied where "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is construed permissively, and is demonstrated when the claims of all class members "depend upon a common contention," with "even a single common question" sufficing. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 359 (2011) (citation omitted); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998) ("The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."). The common contention must be of such a nature that it is capable of class-wide resolution, and that the "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350.

The permissive standard of commonality provides that "[where] the circumstances of each particular class member vary but retain a common core of factual legal issues with the rest of the class, commonality exists," *Parra v. Bashas', Inc.*, 536 F.3d 975, 978–79 (9th Cir. 2008), and "[i]t is not necessary that members of the proposed class share every fact in common," *Evon*

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 7 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    *v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1030 (9th Cir. 2012) (internal quotations

2    omitted). Indeed, "the theoretical possibility of individual issues is not enough to outweigh the

3    benefits of common resolution of classwide issues." *Tavenner v. Talon Grp.*, No. C09-1370

4    RSL, 2012 WL 1022814, at *4 (W.D. Wash. Mar. 26, 2012).

5         Here, every key issue in this litigation stems from Nationstar's uniform course of

6    conduct: charging its customers Convenience Fees to make their mortgage payments by phone or

7    online. *See In re First Alliance Mortgage Co.*, 471 F.3d 977, 990 (9th Cir. 2006) (focusing on

8    defendant's course of conduct in commonality analysis); *McCluskey*, 268 F.R.D. at 676 (finding

9    common questions of law and fact existed where "defendants have engaged in standardized

10   conduct toward the members of the proposed class"). The issues raised in this case are common

11   to each member of the proposed class, including, among other things, (i) whether Nationstar is a

12   "debt collector" under the FDCPA and a "licensee" under the WCAA; (ii) whether Nationstar

13   imposed fees and collected amounts not permitted by the WCAA and/or the FDCPA; and (iii)

14   whether the members of the proposed class are entitled to additional statutory damages as a

15   result of the frequency, persistence, and intentionality of Defendant's conduct.

16        These common questions—whose answers depend solely on Nationstar's common course

17   of conduct—establish commonality. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 957 (9th

18   Cir. 2013) (noting key inquiry is "whether class treatment will generate common answers apt to

19   drive the resolution of the litigation") (internal quotations omitted). At the heart of this case is

20   Nationstar's "centrally orchestrated strategy" of charging Convenience Fees. *In re First All.*

21   *Mortg. Co.*, 471 F.3d at 991. This litigation will resolve all claims stemming from that strategy in

22   a single stroke. Rule 23(a)'s commonality requirement is therefore satisfied.

23        **3.    Plaintiff's claims are typical of settlement class members' claims.**

24        Rule 23(a)'s next requirement—typicality—requires that the class representative's claims

25   be typical of those of the putative class she seeks to represent. Fed. R. Civ. P. 23(a)(3). The

26   purpose of this requirement is "to assure that the interest of the named representative aligns with

27   the interests of the class." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Cir. 2010). The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff[], and whether other members have been injured by the same course of conduct." *Id.*; *see also Ali*, 2016 WL 4611542, at *2 (W.D. Wash. Sept. 6, 2016). This is a "permissive" standard and is met where the representative claims "are reasonably co-extensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. At bottom, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Ali*, 2016 WL 4611542, at *2 (quoting *Gen. Tel. Co. of the SW v. Falcon*, 457 U.S. 147, 156 (1982)).

Typicality is met here. Plaintiff Garcia is in a position identical to every other member of the proposed class. She suffered the same injury as ever other class member by being charged Convenience Fees when paying her mortgage payment over the phone or online. Accordingly, she has the same interest as every other class member in obtaining all available relief for these alleged violations. (*See* Deposition of Juanita Garcia, dkt. 50-6 at 5:22, 43:5–17.) The typicality requirement is satisfied.

### 4.    Plaintiff and her Counsel will adequately represent the settlement class.

Rule 23(a)'s final requirement—adequacy—requires that the proposed class representative has and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine if representation is in fact adequate, the Court must ask "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020. Further, where a plaintiff's claims are found to be typical of those of the class, appointing that plaintiff as the class representative will also ensure that interest of the class remain adequately protected. *See Dukes*, 564 U.S. at 349 n.5 (discussing how the fulfillment of the typicality requirement usually also supports a finding of adequacy because an adequate representative will have claims that are typical of those of the class).

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ
- 9 -

**LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    Here, Plaintiff Garcia clearly meets the requirements to be named class representative.

2    First, as discussed above, she shares the same interest in securing relief for the claims at issue as

3    every other member of the proposed settlement class, and there is no evidence of any conflict of

4    interest. Next, Plaintiff has demonstrated her willingness to vigorously prosecute this case. She

5    has regularly assisted her counsel throughout the case, including with responding to discovery

6    and sitting for a deposition in Spokane between her shifts at work, and she has reviewed

7    documents and the proposed settlement. (Richman Decl. ¶ 6; *see also* dkt. 45 ¶¶ 9–10.) Garcia

8    has demonstrated she will fairly and adequately protect the settlement class's interest.

9    Similarly, proposed class counsel has and will continue to adequately protect the interest

10   of the proposed settlement class. Class counsel are well-qualified and experienced members of

11   the plaintiffs' bar who have extensive experience in class actions of similar size, scope, and

12   complexity to this case. (Richman Decl. ¶ 7 & Exhibit A (Firm Resume of Edelson PC).) Class

13   counsel have frequently been appointed lead class counsel by courts throughout the country and

14   have the resources necessary to conduct litigation of this nature. (Richman Decl. ¶ 7.) Moreover,

15   class counsel have already diligently investigated, prosecuted, and dedicated substantial

16   resources to the claims in this action, and will continue to do so throughout its pendency. (*Id.* ¶

17   8); *see Jama*, 2017 WL 4758722, at *6 (finding adequacy requirement met when "both

18   the named plaintiffs and plaintiffs' counsel have demonstrated a commitment to vigorously

19   prosecuting [the] action on behalf of the class"). Thus, Rule 23(a)'s adequacy requirement is

20   met.

21       **B.       The Proposed Class Satisfies the Requirements of Rule 23(b)(3).**

22   In addition to meeting all four of Rule 23(a)'s prerequisites for certification, a proposed

23   class must also satisfy Rule 23(b)(3)'s additional requirements—predominance and superiority.

24   *See* Fed. R. Civ. P. 23(b)(3). Certification is encouraged where, as here, "the actual interests of

25   the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at

26   1022. As detailed below, both predominance and superiority requirements of Rule 23(b)(3) are

27   satisfied.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1

### 1.      Common questions of law and fact predominate.

"While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these common questions predominate." *Wolin*, 617 F.3d at 1172. That is, Rule 23(b)(3)'s predominance requirement tests "whether [the] proposed class[] [is] sufficiently cohesive to warrant adjudication by representation." *Id*. (citing *Amchem*, 521 U.S. at 623–24). Whether common issues predominate depends on "the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). That the extent of a class member's damages may be different does not defeat predominance. *Vaquero v. Ashley Furniture Indus., Inc.*, 824 F.3d 1150, 1155 (9th Cir. 2016).

Here, as detailed in Section IV.A.2, the elements of class members' FDCPA and WCAA claims present common factual and legal questions, for example: (a) whether Nationstar is a "licensee" under Washington law and/or a "debt collector" under federal law; and (b) whether Nationstar's common practice of charging Convenience Fees to borrowers is unlawful. Each of these common questions can be resolved in a single stroke for all members of the proposed class.[4] Plaintiff satisfies the predominance element of Rule 23(b)(3).

### 2.      A class action is the superior method of resolving the controversy.

Finally, certification of this suit as a class action is superior to other methods available to fairly, adequately, and efficiently resolve the claims of the class. To meet the superiority requirement, a plaintiff must show that a class action is the "most efficient and effective means of resolving the controversy." *Wolin*, 617 F.3d at 1175–76; *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234–35 (9th Cir. 1996) (describing a class action as superior when it will

---

[4]      The only possible individual question besides damages is whether any class member's loan documentation authorized the Convenience Fees. As Nationstar has not produced evidence of even a single agreement that does so—its own 30(b)(6) witness testified explicitly that she knew of no such agreements—this is a nonissue. *See Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 568, 570 (W.D. Wash. 2012) (finding that individual issues did not predominate where "[d]efendants offer[ed] only a bare assertion of individualized issues of consent, unsupported by a single document").

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ                                    - 11 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

reduce the costs inherent in litigation and "no realistic alternative exists" for the class members). "Where recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis, this factor weighs in favor of class certification." *Wolin*, 617 F.3d at 1175; *see Darrington*, 2013 WL 12107633, at *13.

That is the case here, where individual damages are small compared to the cost of litigation. In a past putative class action brought in this District alleging FDCPA and WCAA violations, the court noted that when class members' actual damages may be "in the few hundred dollar range" and statutory damages "a thousand dollars," "[i]ndividual class members do not have a great interest in controlling the prosecution of separate actions. *Dibb*, 2015 WL 8970778, at *13. Thus, "[f]orcing individual [consumers] to litigate their cases . . . is an inferior method of adjudication" and "class-wide adjudication of common issues will reduce litigation costs and promote greater efficiency." *Wolin*, 617 F.3d at 1176.

Instead of repeating identical trials with the same evidence and arguments for each one of the 188,393 members of the proposed class, and accruing the costs and judicial inefficiencies that would come with them, all of their claims can and should be resolved in a single action.

Accordingly, a class action is the superior method for adjudicating the controversy between the parties, and as all requirements of class certification under Rule 23 are met, the proposed class should be certified.

## V.   PLAINTIFF'S COUNSEL SHOULD BE APPOINTED CLASS COUNSEL

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court must consider the following attributes of counsel: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation and the type of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv).

Plaintiff's counsel readily meets these criteria. First, Edelson PC have devoted—and will continue to devote— a significant amount of time and effort to this litigation. (Richman Decl. ¶

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

8.) They have vigorously represented Garcia and the proposed class's claims. (*Id.*) The attorneys at Edelson PC also have extensive experience in complex litigation, and have been routinely appointed class counsel in similar consumer class actions. (*See* Firm Resume of Edelson PC, Exhibit A to the Richman Decl.); *see also Aranda v. Carribbean Cruise Line, Inc.*, No. 12 C 4069, 2017 WL 818854, at *4 (N.D. Ill. Mar. 2, 2017) (appointing Edelson PC settlement class counsel in largest ever TCPA class action, noting "[i]t is undisputed that class counsel are experienced and respected members of the plaintiff's class action bar" and "have extensive experience litigating consumer class actions"); *Hopwood v. Nuance*, No. 4:13-cv-02132 (N.D. Cal. 2015); *In re Netflix Privacy Litig.*, No. 5:11-CV-00379 EJD, 2011 WL 13157369, at *3 (N.D. Cal. Aug. 12, 2011) (appointing Edelson PC interim lead counsel, commenting that while two other firms had impressive resumes and litigation experience, Edelson PC's "significant and particularly specialized expertise in . . . class actions renders them superior to represent the putative class").

D. Frank Davis of Davis & Norris, LLP is equally qualified to be appointed class counsel. Mr. Davis has regularly been appointed lead or co-lead counsel in his over thirty years of litigating class and mass actions. (*See* Declaration of D. Frank Davis, dkt. 3-1.) In particular, he is experienced in representing consumers in complex litigation and can more than adequately do so here. *See In re Simply Orange Juice Marketing and Sales Practices Litigation*, No. 4:12-md-02361-FJG, Dkt. 19 at 3, (W.D. Mo. Jul. 20, 2012) (appointing Davis & Norris to MDL's executive committee); *Faught v. Am. Home Shield Corp.*, No. 2:07-CV-1928-RDP, 2010 WL 10959222, at *2 (N.D. Ala. Apr. 27, 2010), aff'd in part, 668 F.3d 1233 (11th Cir. 2011) (noting Mr. Davis and Davis & Norris attorneys "zealously litigated the matter and thereafter entered into what can only be described as marathon settlement negotiations" as co-lead class counsel). And just as Davis & Norris have already devoted substantial resources to this case, they will continue to going forward.

For these reasons, the Court should appoint Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP as class counsel.

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 13 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

## VI.    THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL

After determining that the proposed class should be certified, the Court must determine whether the settlement warrants approval. Fed. R. Civ. P. 23(e). This is a two-step process: "(1) preliminary approval of the settlement; and (2) following a notice period to the class, final approval of the settlement at a fairness hearing." *Relente v. Viator, Inc.*, No. 12-CV-05868-JD, 2015 WL 2089178, at *2 (N.D. Cal. May 4, 2015). At the preliminary approval stage, the court determines whether the "proposed settlement [is] within the range of final approval" such that notice should be disseminated to the class. *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. C14-0268-JCC, 2016 WL 4052588, at *4 (W.D. Wash. Feb. 3, 2016); *see also* Herbert Newberg & Alba Conte, Newberg on Class Actions § 11.25 at 3839 (4th ed. 2002).

While the Ninth Circuit has a "strong judicial policy" favoring settlement of class actions, *Class Plaintiffs v. City of Seattle*, 995 F.2d 1268, 1276 (9th Cir. 1992), before the Court preliminarily approves a class action settlement, it "has a responsibility to review a proposed class action settlement to determine whether the settlement is 'fundamentally fair, adequate, and reasonable,'" *Wilson v. Maxim Healthcare Servs., Inc.*, No. C14-789RSL, 2017 WL 2988289, at *1 (W.D. Wash. June 20, 2017) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003)); Fed. R. Civ. P. 23(e).

Where, as here, a settlement agreement is negotiated prior to adversarial class certification, courts generally look to two guideposts in deciding whether to preliminarily approve the settlement: (1) whether there are any signs of collusion between class counsel and the defendant, and (2) whether the so-called *Churchill* factors suggest the settlement is fair. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elect.*, 361 F.3d 566, 575 (9th Cir. 2004)). At the preliminary approval stage, this Court can conduct a "less searching" inquiry than at final approval, and "seek[] merely to identify any 'glaring deficiencies' prior to sending notice to class members." *Rinky Dink, Inc.*, 2016 WL 4052588, at *4.

While some courts in the Ninth Circuit, most notably in the Northern District of

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

California, have questioned approaching the preliminary approval inquiry with less scrutiny than the final approval inquiry, *see, e.g., Betorina v. Randstad US, L.P.*, 2017 WL 1278758, *6 (N.D. Cal. Apr. 6, 2017) (citing cases), an examination of the relevant considerations here supports preliminary approval of the proposed settlement however rigorously this Court scrutinizes it.

**A.    The Proposed Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations.**

When a settlement is negotiated prior to adversarial class certification, the potential for a breach of the duty owed to putative class members is higher, and courts must be "particularly vigilant" when assessing whether the settlement is the product of collusion. *In re Bluetooth*, 654 F.3d at 946–47. Here, the proposed settlement class is identical in scope to the classes proposed when Plaintiff briefed her class certification motion, and has not changed to sweep in more class members in order to secure a broader release. *See Browning v. Yahoo! Inc.*, No. C04-01463 HRL, 2006 WL 1390555, at *2 (N.D. Cal. May 19, 2006) (declining to approve settlement when class definition expanded to include more members and release additional claims).

In addition, there was absolutely no collusion between Plaintiff's counsel and Nationstar. Rather, the proposed settlement is the product of extensive adversarial litigation and arm's-length negotiations facilitated by a neutral third-party mediator. "A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery." *Dunakin v. Quigley*, No. 2:14-CV-00567-JLR, 2017 WL 123011, at *2 (W.D. Wash. Jan. 10, 2017); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *Helde v. Knight Transportation, Inc.*, No. 2:12-CV-00904-RSL, Dkt. 191 at 2 (W.D. Wash. May 24, 2017) (granting preliminary approval where "Settlement Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator"); *Gragg v. Orange CAB Co., Inc.*, No. C12-0576RSL, 2017 WL 785170, at *1 (W.D. Wash. Mar. 1, 2017) (same). Indeed, a settlement was reached only after a mediator's proposal was made, and was evaluated and ultimately accepted by the

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ
- 15 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    Parties.

2         Furthermore, while the Ninth Circuit has identified three "signs" of a potentially

3    collusive settlement—(1) "when counsel receive a disproportionate distribution of the settlement,

4    or when the class receives no monetary distribution but class counsel are amply rewarded," (2)

5    "when the parties negotiate a 'clear sailing' arrangement," and (3) "when the parties arrange for

6    fees not awarded to revert to defendants rather than be added to the class fund," *In re Bluetooth*,

7    654 F.3d at 947—none of those signs is present here. First, class counsel is not receiving a

8    disproportionate distribution of the settlement fund or being amply rewarded while the class

9    receives no monetary distribution.

10        To the contrary, class counsel will seek at most the standard benchmark for fees in this

11   Circuit, 25% of the settlement fund, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir.

12   2002), while—far from receiving no monetary distribution—class members will receive the

13   remainder (less settlement administration costs). The $3.875 million settlement fund established

14   here is nearly one-third of the $12 million in Convenience Fees charged to class members. This

15   percentage of recovery exceeds settlements in similar cases. *See, e.g.*, *In re Mego Fin. Corp. Sec.*

16   *Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (approving settlement creating fund worth 16.7% of

17   plaintiff's estimated actual damages and awarding class counsel 33% of the fund).

18        And aside from requesting a reasonable case contribution award to be paid to Garcia in

19   an amount determined by the Court for her extensive involvement in the case, no class member

20   will be given preferential treatment at the expense of another. *See Scott v. United Servs. Auto.*

21   *Ass'n*, No. C11-1422-JCC, 2013 WL 12251170, at *1 (W.D. Wash. Jan. 7, 2013) (noting

22   preliminary approval generally granted absent "obvious deficiencies, such as unduly preferential

23   treatment of class representatives or of segments of the class") (citations omitted). That is, each

24   class member will be entitled to a *pro rata* share based on the number of transactions they were

25   charged Convenience Fees for. (Settlement Agreement § 4.2.2) Second, there is no "clear

26   sailing" provision in the settlement in which Nationstar agrees not to object. *In re Bluetooth*, 654

27   F.3d at 947 (9th Cir. 2011) (defining clear sailing provisions). Defendant, as well as any other

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 16 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

class member, is free to object to Plaintiff's benchmark fee request. The final warning sign identified in *In re Bluetooth*—the possibility that funds revert back to the Defendant—is also missing from this settlement. In no event will any settlement funds be transferred back to Nationstar. (Settlement Agreement § 2.39 (noting the settlement fund is "non-reversionary.")

Simply put, there are no signs of collusion here (because there was no collusion here) that would preclude preliminary approval. *Scott*, 2013 WL 12251170, at *3 (finding settlement non-collusive when months of "intensive" and "adversarial" negotiations led to agreement).

### B.   Each *Churchill* Factor Considered at This Stage Supports Preliminarily Approving the Settlement.

As noted above, in addition to looking for possible signs of collusion, courts assessing a proposed class action settlement weigh the various *Churchill* factors. These are:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth*, 654 F.3d at 946 (quoting *Churchill*, 361 F.3d at 575). Here, there is no governmental participant and the reaction of class members cannot be known until after the class has been notified of the settlement, so the last two factors are not applicable. Consideration of the other six *Churchill* factors, however, strongly weigh in favor of preliminary approval.

### 1.   The Strength of Plaintiff's Case, Risk of Further Litigation, and Risk of Maintaining Class Action Status.

The first three *Churchill* factors—the strength of Plaintiff's case, the risk of further litigation, and the risk of maintaining class action status—are all tied together, and each support preliminarily approving the settlement. *See Betorina*, 2017 WL 1278758, * 5 (analyzing the first three *Churchill* factors together). While Plaintiff is confident in the strength of her case and believes she would ultimately prevail in class certification and at trial (based in part on discovery confirming key evidence regarding how the Convenience Fees were charged (dkts. 50-2; 50-3 at

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

15:22–16:6; 50-4 at 19:7–10) and the lack of any information to suggest the fees were permitted by consumers' loan documents, (dkts. 50 ¶ 3; 50-3 at 9:4-12, 80:15-18)), she nonetheless recognizes that the risks inherent in further litigation are not insignificant. (Richman Decl. ¶¶ 9–10).

In particular, there is an immediate risk that Garcia would be unable to maintain the case as a class action. Nationstar's fully-briefed opposition to class certification made several arguments, any of which the Court could have found persuasive, and could have precluded the settlement class obtaining any relief whatsoever. (*See generally* dkt. 54 (arguing class certification inappropriate because common evidence will not establish Garcia's claims and because individual issues predominate).) Even if Plaintiff prevailed at the class certification stage, risks would still be present through the summary judgment stage and at trial as Nationstar contests the merits of the case. Nationstar has indicated it would raise a number of affirmative defenses to the allegations, including arguing that the Convenience Fees were appropriately charged under consumers' loan agreements, and that they were knowingly paid and therefore any claims were waived. (*See* dkt. 15.)

And even if Plaintiff won on the merits at trial, Nationstar's inevitable appeals would take years, further delaying the class's relief or barring it altogether. (Richman Decl. ¶ 9); *see Rodriguez*, 563 F.3d at 966 ("Inevitable appeals would likely prolong the litigation, and any recovery by class members, for years. This factor, too, favors the settlement."); *Ikuseghan v. Multicare Health Sys.*, No. 14-05539 BHS, 2016 WL 3976569, at *4 (W.D. Wash. July 25, 2016) ("[T]he outcome of trial and any appeals are inherently uncertain and involve significant delay. The Settlement avoids these challenges."). In addition to the risk of losing at any of these stages, continuing to litigate thee claims through trial and appeals would undoubtedly be complex and expensive. (Richman Decl. ¶ 9.); *see Rinky Dink*, 2016 WL 4052588, at *5 (finding preliminary approval appropriate when considering the expense of the "additional depositions, expert work, and motion work [that] would have to be completed before trial").

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 18 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    In sum, the strength of Plaintiff's case balanced against the risk and expense of

2    continuing on weighs strongly in favor preliminary approval. *Rinky Dink*, 2016 WL 4052588, at

3    *5 (finding first three *Churchill* factors supported preliminary approval when plaintiffs were

4    confident in their case but continuing to litigate risked losing class certification and was

5    "inherently expensive"); *Ikuseghan*, 2016 WL 3976569, at *4 ("Absent the proposed Settlement,

6    Class Members would likely not obtain relief, if any, for a period of years.").

7                              **2.      Amount Offered in Settlement.**

8           The next *Churchill* factor, the relief offered in settlement, similarly weighs in favor of

9    preliminary approval. Courts typically weigh the relief obtained in the settlement against the

10   possible relief that could be obtained at trial. *See, e.g. Ikuseghan*, 2016 WL 3976569, at *4

11   (comparing value obtained in TCPA settlement against possible recovery at trial). That being

12   said, if the amount offered in settlement is small compared to the possible recovery at trial, that

13   does not in and of itself mean the settlement should be rejected. *Officers for Justice v. Civil Serv.*

14   *Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982) ("[A] cash

15   settlement amounting to only a fraction of the potential recovery will not per se render the

16   settlement . . . unfair"). Here, the benefits to the class secured through the settlement are twofold.

17   First, it provides them substantial guaranteed monetary relief. Second, the settlement includes

18   prospective relief to further protect the class (and anyone else who uses Nationstar's speedpay

19   systems).

20          First, the proposed settlement provides for significant monetary relief in the form of a

21   non-reversionary $3.875 million settlement fund, from which settlement class members will be

22   entitled to a cash payment: a *pro rata* share of the settlement fund based on the number of

23   transactions for which they were charged Convenience Fees. (Settlement Agreement § 4);

24   *Rodriguez*, 563 F.3d at 965 (upholding approval when the settlement "is in cash, not in kind,

25   which is a good indicator of a beneficial settlement"). This represents approximately one third of

26   the settlement class's actual damages of approximately $12 million, without having to litigate

27   through trial and inevitable appeals, which supports preliminarily approving the settlement. *See*

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1     *Rodriguez*, 563 F.3d at 965 (finding "the negotiated amount [to be paid in settlement] is fair and

2     reasonable no matter how you slice it" when the amount was 10% of the class's trebled damages

3     estimate); *Rinky Dink*, 2016 WL 4052588, at *5 (approving settlement where plaintiffs accepted

4     "a smaller[,] certain award" than the uncertainty of continuing to litigate); *Monterrubio v. Best*

5     *Buy Stores, L.P.*, 291 F.R.D. 443, 456 (E.D. Cal. 2013) (preliminarily approving settlement

6     creating fund at 30% of plaintiffs' estimated actual damages).

7         To be sure, the proposed settlement here is squarely in line with other FDCPA

8     settlements based on debt collectors' allegedly charging borrowers extra fees, in both structure

9     and relief. *See, e.g.*, *De La Torre v. CashCall, Inc.*, No. 08-CV-03174-MEJ, 2017 WL 2670699,

10    at *4 (N.D. Cal. June 21, 2017) (preliminarily approving settlement where class members

11    submitting claims receive *pro rata* share of settlement fund based on total number of excess fees

12    he or she paid); *Babcock v. C. Tech Collections, Inc.*, No. 1:14-CV-3124 (MDG), 2017 WL

13    1155767, at *2 (E.D.N.Y. Mar. 27, 2017) (finally approving FDCPA settlement that reimbursed

14    class members' $3.00 credit card usage fee charged by debt collector).

15         Second, in addition to the monetary relief the settlement provides, it secures prospective

16    relief for the settlement class and any other debtor whose loan Nationstar services. Nationstar has

17    ceased its practice of charging Convenience Fees for online payments and will provide prior

18    express notice should it charge any Convenience Fees in the future. (Settlement Agreement

19    § 4.2.3.) This change to Nationstar's conduct similarly supports approval of the settlement. *See*

20    *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 587 (N.D. Cal. 2015) (considering the

21    "prospective relief correcting the alleged . . . deficiencies" in determining whether *Churchill*

22    factor favored approval); *Bennett v. SimplexGrinnell LP*, No. 11-CV-01854-JST, 2015 WL

23    1849543, at *7 (N.D. Cal. Apr. 22, 2015) (noting "the significant value of the prospective relief

24    also obtained in the settlement agreement" warranted preliminary approval).

25         For these reasons, the relief secured by this settlement warrants its approval.

26         **3.    Extent of Discovery Completed and the Stage of the Proceedings.**

27         Next, the extent of discovery completed and the stage of the proceedings demonstrate that

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 20 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

the parties "had enough information to make an informed decision about the strength of their

cases and the wisdom of settlement." *Rinky Dink*, 2016 WL 4052588, at *5. The parties agreed to

mediate only after more than a year of litigation, substantial discovery, including depositions on

both sides, and after class certification was fully briefed. (Richman Decl. at ¶ 3; *see Rinky Dink*,

2016 WL 4052588, at *5 ("The presence of substantial formal discovery is an indicator that the

parties were informed regarding the wisdom of settlement . . . .").

The parties submitted further briefing to the mediator to more fully explain their positions

and their views of the case. (Richman Decl. ¶¶ 3–4.) It was only after mediation, and through

additional informal discussions between counsel, that the settlement was reached. (*Id.* ¶ 5). At

that point, the parties were fully informed on all pertinent issues, and capable of assessing the

benefits of the proposed settlement. (*Id.* ¶¶ 3–5); *see Ikuseghan*, 2016 WL 3976569, at *3

(approving settlement reached "between experienced attorneys who are familiar . . . with the

legal and factual issues of this case in particular"). This factor supports preliminary approval.

### 4.     The Experience and Views of Counsel.

The final *Churchill* factor that can be considered here—the views and experience of

counsel—likewise demonstrates the proposed settlement warrants preliminary approval. As

discussed in Section V, *supra*, proposed class counsel has extensive experience in litigating

complex class actions and was prepared to negotiate a settlement that would resolve the litigation

in the best interests of the class. After multiple rounds of arm's-length negotiations and the

acceptance of a mediator's proposal, class counsel believes that the settlement fair, reasonable,

and adequate, and in the best interests of the class. (Richman Decl. ¶¶ 5, 10); *see Rodriguez*, 563

F.3d at 967 ("[P]arties represented by competent counsel are better positioned than courts to

produce a settlement that fairly reflects each party's expected outcome in litigation.") (citing *In

re Pac. Enters. Sec. Litig*., 47 F.3d 373, 378 (9th Cir.1995)); *Ikuseghan*, 2016 WL 3976569, at

*4 (considering that class counsel, "who are experienced and skilled in class action litigation,

support the [s]ettlement as fair, reasonable, and adequate, and in the best interests of the [c]lass

as a whole," and approving settlement). For its part, Defendant has agreed the settlement should

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ                                     - 21 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

1    be approved and is preferable to continuing to litigate. (*See* Settlement Agreement § 1.11);

2    *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1207 (C.D. Cal. 2014) (considering that

3    "[d]efendant's counsel endorsed the [s]ettlement as fair, reasonable, and adequate" and weighing

4    in favor of approval).

5      In addition to the proposed settlement being the product of informed, non-collusive

6    negotiations, each *Churchill* factor that can be considered at this juncture warrants the

7    settlement's preliminary approval, and the Court should confidently do so.

8    **VII. THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN**

9      Once a class has been certified, Due Process and Rule 23 require that the Court "direct to

10   class members the best notice that is practicable under the circumstances, including individual

11   notice to all members who can be identified through reasonable effort." Fed. R. Civ. P.

12   23(c)(2)(B). That is, whenever possible "[i]ndividual notice must be sent to all class members

13   whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle &*

14   *Jacquelin*, 417 U.S. 156, 173 (1974).

15     Here, the parties have agreed upon a multi-part notice plan to be carried out by Heffler

16   Claims Group, LLC (the "Settlement Administrator"), a well-respected class action settlement

17   administrator. *See, e.g. Rinky Dink Inc v. Elec. Merch. Sys. Inc.*, No. C13-1347 JCC, 2015 WL

18   11234156, at *8 (W.D. Wash. Dec. 11, 2015) (noting "Heffler's third party status and extensive

19   experience in administering claims").

20     First, within forty-five (45) days after the entry of an order granting preliminary approval,

21   the Settlement Administrator will send direct notice via email to each settlement class member

22   whose email address Nationstar has in its records. (Settlement Agreement § 6.1; Exhibit E to

23   Settlement Agreement.)

24     Next, if Nationstar has no valid email address or any email is undeliverable, the

25   Settlement Administrator will send a postcard notice with an attached Claim Form via First Class

26   U.S. Mail to the physical address Nationstar has on file. (Settlement Agreement § 6.1; Exhibit F

27   to Settlement Agreement.) The Settlement Administrator will make reasonable efforts to re-mail

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 22 -

**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

returned notice that includes a forwarding address or to find a forwarding address if none was provided.

Finally, beginning no later than the date of preliminary approval, the Settlement Administrator will establish, maintain, and update a settlement website, which will contain electronic versions of the Claim Form that can be downloaded and mailed to the Settlement Administrator, allow Claim Forms to be submitted directly online, and will provide additional information about the case including all opt-out and exclusion deadlines. (Settlement Agreement § 6.2; Exhibit D to the Settlement Agreement.) The settlement website will remain accessible through the payment of all settlement class member claims. (Settlement Agreement § 6.2.)

In addition to reaching the settlement class, notice is adequate when it provides the information necessary to make a decision in language that can be readily understood by the average class member. Herbert Newberg & Alba Conte, Newberg on Class Actions § 11:53 (4th ed. 2002). This is the case here, where the format and language of each form of notice have been carefully drafted in straightforward, easy-to-read language, and all information required under Rule 23 is present. (*See* Exhibits D–F to the Settlement Agreement.)

Because the proposed methods for providing notice to the Class comports with both Rule 23 and Due Process, the notice plan should be approved by the Court.

**VIII.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) certify the proposed class for settlement purposes only, (2) appoint Plaintiff Juanita Garcia as class representative, (3) appoint Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP as class counsel, (4) grant preliminary approval of the proposed settlement, (5) approve the proposed notice plan, (6) schedule a final approval hearing, and (7) grant such further relief the Court deems reasonable and just.

Dated: December 11, 2017                    Respectfully submitted,

                                            *s/ Cliff Cantor*

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:    425-868-7813
Fax:    425-732-3752
cliff.cantor@outlook.com

Rafey S. Balabanian (admitted *pro hac vice*)
Benjamin H. Richman (admitted *pro hac vice*)
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel:    312.589.6370
Fax:    312.589.6378
rbalabanian@edelson.com
brichman@edelson.com

Wesley W. Barnett
D. Frank Davis
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Tel:    205-930-9900
wbarnett@davisnorris.com
fdavis@davisnorris.com

***Attorneys for Plaintiff Juanita Garcia***

Certificate of Service

I certify that, on the date stamped above, I caused this motion, along with its accompanying exhibits, and a proposed order, to be filed with the Clerk of the Court via the CM/ECF system, which will cause notification of filing to be emailed to all counsel of record.

s/ *Cliff Cantor*, WSBA # 17893

PL.'S MOT. FOR PRELIM. APPROVAL
No. C15-1808 TSZ

- 24 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752