# Exhibit 1

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similar situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>       Defendant. | No. C15-1808 TSZ<br><br>**STIPULATION AND SETTLEMENT AGREEMENT** |

IT IS HEREBY STIPULATED AND AGREED, by, between, and among plaintiff Juanita Garcia ("Plaintiff"), on behalf of herself and all Settlement Class Members as defined herein, and defendant Nationstar Mortgage LLC ("Defendant") that the lawsuit originally captioned *Juanita Garcia  v. Nationstar Mortgage LLC*, Case No. C15-1808 TSZ, in the United States District Court for the Western District of Washington (the "Litigation") and the matters raised by, or which could have been raised by, the Litigation related to the collection of "convenience fees" are settled, compromised, and dismissed on the merits and with prejudice on the terms and conditions set forth in this Settlement Agreement and the Release set forth herein, subject to the approval of the Court.

## 1.     RECITALS

1.1.    On November 17, 2015, Plaintiff Juanita Garcia filed a putative nationwide class action complaint in the Litigation.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1.2.     In the complaint, Plaintiff asserts claims for Violations of RCW Ch. 19.86 and Violations of 15 U.S.C. § 1692 *et seq.*, alleging that Defendant collected "convenience fees" from borrowers in order to make payments on residential mortgage debts that were not specifically enumerated in the original agreements creating such debts.

1.3.     Based upon the complaint, the substantial discovery completed, and the completed briefing on Plaintiff's motion for class certification, the parties agreed to engage in mediation.

1.4.     The parties exchanged discovery consisting of written discovery, document productions, and depositions.

1.5     On July 10, 2017, the parties attended a mediation at JAMS in San Francisco, CA before John Bates, Esq.

1.6     In advance of and during the mediation, the parties exchanged detailed mediation briefs that outlined their respective positions.

1.7     The mediation involved an in-person mediation session, numerous conference calls, and subsequent negotiations concerning the claims raised in the Litigation.

1.8     Following the mediation, the Parties received, considered, and accepted a mediator's proposal.

1.9     Based on Class Counsel's experience representing plaintiffs in other putative class actions, Class Counsel believes that the Litigation has significant merit and that the evidence developed supports Plaintiff's claims. Class Counsel recognizes and acknowledges, however, that prosecuting the Litigation through the conclusion of fact and expert discovery, a ruling on class certification, dispositive motions, trial, and appeals will involve considerable uncertainty, time, and expense.

1.10     Class Counsel has concluded that it is in the best interests of the Settlement Class that the claims asserted in the Litigation be resolved on the terms and conditions set forth in this Agreement. After extensive consideration and analysis of the factual and legal issues presented in the Litigation, extensive settlement discussions, and mediation, Class Counsel

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 2
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

concluded that the substantial benefits the Settlement Class Members will receive as a result of this settlement are a very good result in light of the expense, risk, and uncertainty of continued litigation, including the motion for class certification, the expense that would be necessary to prosecute the Litigation through trial, the likelihood of success at trial, and any appeals that might be taken.

1.11    Defendant has denied, and continues to deny, each and every allegation of liability, wrongdoing, and damages, as it has substantial factual and legal defenses to all claims and class allegations in the Litigation. Defendant has always maintained, and continues to maintain, that it has acted in accordance with all applicable agreements and governing law. Nonetheless, after extensive consideration and analysis of the factual and legal issues presented in the Litigation, extensive settlement discussions, and mediation, Defendant concluded that the Litigation should be fully and finally settled on a class-wide basis in light of the expense, risk, and uncertainty of continued litigation, including the motion for class certification, the expense that would be necessary to prosecute the Litigation through trial, the likelihood of success at trial, and any appeals that might be taken. Without admitting any liability or wrongdoing whatsoever, Defendant agrees to the terms of this Agreement, in order to resolve all issues relating to the subject matter of the Litigation.

## 2.    DEFINITIONS

As used herein, the following terms have the meanings set forth below.

2.1.    "Administrator" or "Settlement Administrator" means, subject to approval of the Court, Heffler Claims Group, LLC ("Heffler"), a third-party administrator selected by Class Counsel, which will oversee the Notice and the processing of Claim Forms and payment of Claim Settlement Relief to Settlement Class Members. The Administrator has represented that it has sufficient security protocols in place to ensure the confidential information Defendant provides it in the course of the administration is protected.

2.2.    "Agreement" or "Settlement Agreement" means this Stipulation and Settlement Agreement, including all exhibits thereto.

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 3
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2.3.    "Attorneys' Fees and Expenses" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel from the Settlement Fund.

2.4.    "Case Contribution Award" means compensation to Plaintiff for her time and effort in the Litigation, if any, as awarded by the Court.

2.5.    "Claim" means a written request for Claim Settlement Relief submitted by a Settlement Class Member to the Settlement Administrator using a Claim Form in substantially the form of Exhibit A to this Agreement or as ultimately approved by the Court.

2.6.    "Claim Deadline" means the last date by which a Claim submitted to the Settlement Administrator by a Settlement Class Member for Claim Settlement Relief must be postmarked or submitted on the Settlement Website, which shall be fourteen (14) days before the Final Approval Hearing.

2.7.    "Claim Settlement Relief" means the monetary payment to be made to Settlement Class Members who submit properly completed and timely Claim Forms to the Settlement Administrator, and who qualify for such relief under this Settlement Agreement.

2.8.    "Claim Form" means the document in the form attached as Exhibit A to this Agreement and/or as ultimately approved by the Court .

2.9.    "Claimant" means any Settlement Class Member who submits a Claim pursuant to this Settlement Agreement.

2.10.    "Class Counsel" means Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP.

2.11.    "Class Notice" or "Notice" means the program of notice described in Section 6 of this Agreement to be provided to Settlement Class Members by the Settlement Administrator, including the Direct Notice and Settlement Website, which will notify Settlement Class Members, among other things, about their rights to opt out and object to the Settlement, the preliminary approval of the Settlement, the manner by which to submit a Claim, and the scheduling of the Final Approval Hearing.

2.12.   "Convenience Fees" means the monetary fees charged by Defendant to borrowers to make payments over the phone or internet that are at issue in the Litigation.

2.13.   "Court" means the United States District Court for the Western District of Washington.

2.14.   "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included. Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. All calculations of days and times shall be adjusted to permit compliance by Defendant with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715, including the notifications of appropriate regulators under 28 U.S.C. § 1715(b) and expiration of the 90-day review period in 28 U.S.C. § 1715 before the Final Approval Hearing is held in the Litigation to review and approve the Settlement.

2.15.   "Defendant" means Nationstar Mortgage LLC.

2.16.   "Defense Counsel" means Defendant's counsel of record in the Litigation.

2.17   "Direct Notice" means the "Notice" that is emailed or mailed by the Settlement Administrator to Settlement Class Members, in substantially the form attached as Exhibits E–F to this Agreement and/or as ultimately approved by the Court. Direct Notice shall be sent not less than forty-five (45) days after the entry of the Preliminary Approval Order.

2.18.   "Final" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Judgment approving this Agreement; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the award of Attorneys' Fees and Expenses and/or Case Contribution Award, the date of completion, in a manner that finally affirms and leaves in place the Judgment without any material modification, of all proceedings arising out of the appeal or

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

2.19. "Final Approval" means the entry of the Judgment approving the Settlement after the Final Approval Hearing is conducted.

2.20. "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Agreement are fair, reasonable, and adequate for the Settlement Class as a whole, whether the Settlement should be granted final approval, and whether the Judgment should be entered.

2.21. "Final Settlement Date" means the date on which the Judgment in this case becomes Final (as defined in Paragraph 2.18).

2.22. "Judgment" means the final order and judgment to be entered by the Court in substantially similar form as Exhibit B approving the settlement of the Litigation in accordance with this Agreement after the Final Approval Hearing.

2.23. "Litigation" means the action captioned *Juanita Garcia v. Nationstar Mortgage LLC*, Case No. C15-1808 TSZ, pending in the United States District Court for the Western District of Washington.

2.24. "Named Plaintiff" or "Plaintiff" means Juanita Garcia.

2.25. "Notice and Administrative Costs" means the reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting Settlement Class Members, processing claims, escrowing funds and issuing and mailing Claim Settlement Relief.

2.26. "Objection Deadline" means the date identified in the Preliminary Approval

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 6
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section 12 of this Agreement to be able to object to the Settlement. The Objection Deadline shall be no earlier than fourteen (14) days after Class Counsel submits their application for Attorneys' Fees and Expenses and forty-five (45) days after Notice is sent to the Settlement Class or as the Court may otherwise direct.

2.27.   "Opt-Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with the Settlement Administrator in accordance with Section 11 of this Agreement in order for a Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be forty-five (45) days after Notice is sent to the Settlement Class or as the Court may otherwise direct.

2.28.   "Parties" means Plaintiff and Defendant in the Litigation.

2.29.   "Preliminary Approval Application" means Plaintiff's motion for the Court to preliminarily approve the Settlement and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto. Plaintiff's Preliminary Approval Application shall be filed within twenty-one (21) days after this Agreement is signed.

2.30.   "Preliminary Approval Order" means the order in substantially similar form as Exhibit C and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; certification of the Settlement Class for settlement purposes only; dissemination of the Class Notice to the Settlement Class; and finding that the proposed Class Notice is reasonably calculated to apprise the Settlement Class of the pendency of the Litigation, the material terms of the proposed Settlement, and the Settlement Class Members' options and rights with respect thereto.

2.31.   "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons, as provided for in Section 10 of the Settlement Agreement.

2.32.   "Released Claims" means all claims, actions, causes of action, law suits, debts,

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to Section 10 of this Agreement.

2.33.   "Released Persons" means Defendant and each of its past or present divisions, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), any direct or indirect subsidiary of Defendant and each of its past or present divisions, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

2.34.   "Releasing Persons" means Plaintiff, all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective family members, heirs, administrators, successors, and assigns.

2.35.   "Request for Exclusion" means a written request from a Settlement Class Member that seeks to exclude the Settlement Class Member from the Settlement Class and that complies with all requirements in Section 11 of this Agreement.

2.36.   "Settlement Class" means all members of the class of borrowers in the Litigation that will be certified by the Court for settlement purposes as more fully described in Section 3.1 of this Agreement.

2.37.   "Settlement Class Member" means any member of the Settlement Class.

2.38.   "Settlement Fund" means the three million eight hundred seventy-five thousand dollar ($3,875,000.00) non-reversionary settlement fund, from which all costs of (i) Settlement Class Member claims, (ii) Notice and Administrative Costs, (iii) any Case Contribution Award to Plaintiff as class representative, and (iv) any award of attorneys' fees and costs to proposed Class Counsel shall be paid. The costs of establishing the escrow account shall be deducted from the Settlement Fund. Any interest earned on the escrow account shall be considered part of the Settlement Fund.

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 8
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2.39.    "Settlement Website" means the website to be created, launched, and maintained by the Settlement Administrator, and which allows for the electronic submission of Claim Forms and provides access to relevant case documents including Notice in substantially similar form as Exhibit D, information about the submission of Claim Forms and other relevant documents, including downloadable Claim Forms, which shall have the Uniform Resource Locator of [TBD].

2.40.    "Settling Parties" means, collectively, Defendant, Plaintiff, and all Releasing Persons.

## 3.      CLASS DEFINITION, CLASS PERIOD AND CONDITIONS AND OBLIGATIONS RELATING TO THE SETTLEMENT EFFECTIVENESS

3.1.    The "Settlement Class" shall include: (1) all individuals in the United States who, from November 17, 2014 to the date of preliminary approval of the settlement, made a payment to Nationstar on a residential mortgage debt over the phone or online that included a fee charged by Nationstar for using the phone or internet, and whose debt had not been current for 30 or more consecutive days at the time Nationstar began servicing it ("FDCPA Settlement Class"); and (2) all individuals in Washington state who, from November 17, 2011 to the date of preliminary approval of the settlement made a payment to Nationstar on a residential mortgage debt over the phone or online that included a fee charged by Nationstar for using the phone or internet, and whose debt had not been current for 30 or more consecutive days at the time Nationstar began servicing it ("CPA Settlement Class"). Excluded from the Settlement Class are: (i) individuals who are or were officers or directors of the Defendant or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and, (iii) all individuals who file a timely and proper request to be excluded from the Settlement Class.

3.2.    This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

3.3.    Condition No. 1:  District Court Approval.  The Settlement must be approved by the Court in accordance with the following steps:

3.3.1.   Application for Preliminary Approval of Proposed Settlement, Class Certification, and Class Notice. After good faith consultation with Defense Counsel, Class Counsel will present a Preliminary Approval Application to the Court within 21 days of the execution of this Agreement. The Preliminary Approval Application shall include a Class Notice and Claim Form, in substantially similar form as Exhibits A and D-F, and a proposed Preliminary Approval Order, in substantially similar form as Exhibit C. The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order and shall request that the Court schedule a Final Approval Hearing no earlier than ninety (90) days after the service of the required Notices under 28 U.S.C. § 1715.

3.4.2.   Settlement Class Certification.  In connection with the proceedings on Preliminary and Final Approval of the proposed Settlement, Plaintiff shall seek as part of the Preliminary Approval Application an order certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for purposes of this Settlement only.

3.4.3.   Entry of Preliminary Approval Order.  The Court shall enter a Preliminary Approval Order in substantially similar form as Exhibit C, which shall, among other things:

a.    Certify for purposes of settlement a Settlement Class, approving Plaintiff as class representative and appointing Class Counsel, pursuant to Fed. R. Civ. P. 23;

b.    Preliminarily approve the Settlement as fair, reasonable and adequate;

c.    Order the issuance of Class Notice to the Settlement Class, and determine that such Notice complies with all legal requirements, including, but not limited to, the Class Action Fairness Act and Due Process Clause of the United States Constitution;

d.    Schedule a date and time for a Final Approval Hearing to

80001.0039/10976310.2
STIPULATION AND SETTLEMENT
AGREEMENT- 10
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

determine whether the Settlement should be finally approved by the Court, the amount of Attorneys' Fees and Expenses that should be awarded to Class Counsel, and any Case Contribution Award to Plaintiff;

e.        Require Settlement Class Members who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the Opt-Out Deadline, as directed in the Settlement Agreement and Settlement Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

f.        Require Settlement Class Members who wish to object to the Settlement Agreement to submit an appropriate and timely written statement by the Objection Deadline, as directed in the Settlement Agreement, Class Notice, and Preliminary Approval Order, and advise that a failure to do so shall prevent those Settlement Class Members from objecting to the Settlement;

g.        Require attorneys representing any objecting Settlement Class Member, at the Settlement Class Member's expense, to file a notice of appearance;

h.        Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

i.        Issue related orders to effectuate the preliminary approval of the Settlement Agreement.

3.4.4.  <u>Issuance of Class Notice</u>.  Pursuant to the Preliminary Approval Order to be entered by the Court, the Settlement Administrator shall cause the Class Notice to be issued in accordance with Section 6 below.

3.4.5.  <u>Final Approval Hearing</u>.  In connection with the Preliminary Approval Application, Plaintiff shall request that the Court schedule and conduct a hearing after dissemination of Settlement Class Notice, at which it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, after good faith consultation with Defendant, Plaintiff shall request that, on or

after the Final Approval Hearing, the Court:  (i) enter the final Judgment, granting Final Approval of the Agreement and dismissing with prejudice this Litigation; (ii) determine the amount of Attorneys' Fees and Expenses that should be awarded to Class Counsel as contemplated in the Settlement Agreement; and (iii) determine the Case Contribution Award, if any, that should be awarded as contemplated by the Settlement Agreement. Any application for Attorneys' Fees and Expenses shall be made at least fourteen days prior to the Objection Deadline. The Settling Parties will reasonably cooperate with one another in seeking entry of the final Judgment.

3.5.    Condition No. 2:  Finality of Judgment.  The Court shall enter a final Order and Judgment in substantially similar form as Exhibit B that must be Final in accordance with Paragraph 2.18 above, and shall, among other things:

a.    Find that (1) the Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction over the claims asserted in this Litigation; and (2) venue is proper;

b.    Finally approve the Settlement Agreement, pursuant to Fed. R. Civ. P. 23, as fair, reasonable, and adequate;

c    Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, Rule 23 and the Due Process Clause of the United States Constitution;

d.    Enter final Judgment with respect to the claims of all Settlement Class Members and dismiss the claims of all Settlement Class Members and the Litigation with prejudice;

e.    Make the Releases in Section 10 of the Settlement Agreement effective as of the Final Settlement Date;

f.    Permanently bar and enjoin Plaintiff and all Settlement Class Members who have not opted out of the Agreement, from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 12
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

    g. Permanently bar and enjoin Plaintiff and all Settlement Class Members who have not opted out of the settlement from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto;

    h. Find that, by operation of the entry of the Judgment, Plaintiff and all Settlement Class Members who have not opted out of the Agreement shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims;

    i. Authorize the Settling Parties to implement the terms of the Settlement Agreement;

    j. Without affecting the finality of the Judgment for purposes of appeal, retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the final Judgment, and for any other necessary purpose; and

    k. Issue related orders to effectuate the Final Approval of the Agreement and its implementation.

## 4. SETTLEMENT CONSIDERATION, BENEFITS, AND OTHER RELIEF

  4.1. <u>Settlement Fund</u>.  In consideration for the Releases set forth in Section 10, and within five business days of entry of the Final Approval Order, Defendant shall establish the Settlement Fund. Any amounts Defendant has already paid to the Administrator for Notice and Administrative Costs shall be deducted from the total amount of funds Defendant contributes to the Settlement Fund.  Defendant shall not have any obligation to contribute any additional amounts to the settlement contemplated by this Agreement.

4.2.    Settlement Monetary Consideration.  Those Settlement Class Members who submit a timely, valid, and verified Claim Form, substantially in the form of Exhibit A, by the Claim Deadline in the manner required by this Agreement, shall receive Claim Settlement Relief under the following terms and conditions.

4.2.1.   Overview.  Settlement Class Members will be eligible for relief if they fall within Settlement Class. As reflected in the Claim Form (Exhibit A), Claimants making Claims must execute the Claim Form representing and affirming that they qualify for relief as a Settlement Class Member.

4.2.2.   Payments to Settlement Class Members.  For any Settlement Class Member who submits a timely, valid, and verified Claim Form, the Settlement Administrator shall issue Claim Settlement Relief that is a pro rata portion of the Settlement Fund, based on the number of times a Settlement Class Member paid Convenience Fees as determined by Defendant's records, after accounting for Notice and Administrative Costs, any Case Contribution Award to Plaintiff as class representative, and any award of attorneys' fees and costs to proposed Class Counsel. For example, if Defendant's records indicate that Claimant A made three times as many Convenience Fee payments as Claimant B (number—not amount— of payments), then Claimant A's pro rata share will be three times Claimant B's.

4.2.3.   Representation Regarding Convenience Fees. Defendant represents that it will provide prior express notice to consumers prior to charging any Convenience Fees and that it is not currently charging any such fees for on-line payments.

**5.     SETTLEMENT ADMINISTRATION AND COSTS**

5.1.    All Notice and Administrative Costs will be paid to the Settlement Administrator from the Settlement Fund. If the Settlement Administrator requires payment of any Notice and Administrative Costs before the Settlement Fund is established, Defendant shall pay those amounts directly to the Settlement Administrator upon request, and the amount Defendant pays to the Settlement Fund shall include an offset for any Notice and Administrative Costs already so paid.

5.2.     The Settlement Administrator shall administer the Settlement in a cost-effective and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defense Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defense Counsel with information concerning Notice, administration and implementation of the Settlement Agreement. Should the Court request, the Parties, in conjunction with the Settlement Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts paid to the Settlement Class Members on account of Claim Settlement Relief. Without limiting the foregoing, the Settlement Administrator shall:

5.2.1.   Forward to Defense Counsel, with copies to Class Counsel, all documents and other materials received in connection with the administration of the Settlement Agreement within thirty (30) days after the date on which all Claim Forms have been finally approved or disallowed per the terms of the Agreement;

5.2.2.   Receive exclusion forms and other requests from the Settlement Class and promptly provide a copy of such requests to Class Counsel and Defense Counsel upon receipt (the "Opt-Out List"). If the Settlement Administrator receives an exclusion form or other requests from the Settlement Class after the Opt-Out Deadline, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defense Counsel;

5.2.3.   Provide weekly reports to Class Counsel and Defense Counsel, including without limitation, reports regarding the number of Claim Forms received, the current number of approved Claims for Claim Settlement Relief and the monetary amount of such Claims, and the number of opt-outs and objections received; and

5.2.4.   Make available for inspection by Class Counsel or Defense Counsel the Claim Forms, any documentation submitted in support thereof, and any correspondence received by the Settlement Administrator at any time upon reasonable notice.

5.2.5. Provide Class Counsel and Defendant's counsel with an affidavit or declaration by a competent affiant or declarant, attesting that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Requests for Exclusion to the Settlement.

5.3.     Defendant will coordinate with the Settlement Administrator to provide Mail Notice to the Settlement Class, as provided in this Agreement. Within seven (7) days of the grant of Preliminary Approval, Defendant shall produce to the Settlement Administrator the list of all names, addresses, email addresses, and number of Convenience Fees paid for each Settlement Class Member (the "Class List").

5.4      Because the information about Settlement Class Members in the Class List that will be provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, the Settlement Administrator will execute a non-disclosure agreement and will take all reasonable steps to ensure that any information provided to it by Defendant will be used solely for the purpose of effecting this Settlement. Any such information provided to the Settlement Administrator will not be provided to Plaintiff or Class Counsel, except as permitted by Paragraph 7.4. The Settlement Administrator shall administer the Settlement in accordance with the terms of this Settlement Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Agreement or by court order.

5.5.     <u>Forms</u>.  The Settlement Administrator shall complete and provide to Defendant any forms necessary for Defendant to pay the Settlement Fund and otherwise implement this

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Settlement.

## 6.   NOTICE TO THE SETTLEMENT CLASS

6.1.   <u>Direct Notice</u>. Subject to the requirements of the Preliminary Approval Order, no later than forty-five (45) days after the entry of the Preliminary Approval Order the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit E, along with an electronic link to the Claim Form, to all Settlement Class Members for whom a valid email address is available in the Class List. If no valid email address exists for a person in the Settlement Class, or in the event that the transmission of any email notice results in a hard "bounce-back," the Settlement Administrator shall, no later than the Notice Date, send Notice via First Class U.S. Mail through a postcard notice with attached Claim Form substantially in the form attached as Exhibit F, to each physical address in the Class List.

6.2.   <u>Settlement Website</u>.  No later than the mailing of the Direct Notice, the Settlement Administrator shall establish the Settlement Website, which shall contain copies of this Settlement Agreement, Exhibits, and Notice substantially in the form attached as Exhibit D. The Settlement Website shall also allow for the submission of Claim Forms on-line, as well as provide for Claim Forms that can be downloaded from the site for mailing. The Settlement Website shall remain open and accessible through the payment of all Claim Settlement Relief to the Settlement Class.

## 7.   CLAIM FILING, REVIEW, AND APPROVAL PROCESS

7.1.   <u>Claim Filing Process</u>. Settlement Class Members can make a Claim for Claim Settlement Relief by either submitting a Claim Form on-line through the Settlement Website or by mailing (either through posting with the United States Postal Service or through a private mail carrier, such as UPS or Federal Express, provided that proof of the mail date is reflected on the label of the mailing) a physical Claim Form providing the information and affirmations to the Settlement Administrator by the Claim Deadline. Any Settlement Class Member who does not submit on-line or mail a completed Claim Form by the Claim Deadline shall be deemed to have waived any claim to Claim Settlement Relief and any such Claim Settlement

Form may be rejected.

7.2.    <u>Claim Review Process.</u> The Settlement Administrator may reject a Claim Form, or any part of a claim for a payment reflected therein, where the Claimant submitting the Claim Form does not appear on the Class List. In addition, the Settlement Administrator shall be obliged to employ reasonable procedures to screen claims for abuse or fraud and deny Claim Forms where there is evidence of abuse or fraud. The Settlement Administrator shall determine whether a Claim Form submitted by a Settlement Class Member is an approved Claim Settlement Relief and shall reject Claim Forms that fail to comply with the instructions thereon or the terms of this Agreement, after giving the claimant a reasonable opportunity to provide any requested missing information. In no event shall any Settlement Class Member have more than fourteen (14) days after being noticed by the Settlement Administrator of any question or deficiency in the submitted Claim Form to answer such question or cure such deficiency.

7.3.    <u>Claim Payment.</u>  Upon confirmation by the Settlement Administrator that the Claim Form is valid, the Settlement Administrator shall make a determination as to the amount of the Claim in accordance with this Settlement Agreement, including Section 4.2.2, and information appearing in Defendant's electronic records.

7.3.1.    <u>Notification.</u>  Within forty-five (45) days after the Final Settlement Date, the Settlement Administrator shall provide the Parties with a list of all Settlement Class Members who filed a Claim, whether the Claim was rejected or accepted, and if rejected, the reason it was rejected, and if accepted, the amount to be paid. Both Defense Counsel and Class Counsel shall have the right to challenge the acceptance or rejection of a Claim Form submitted by Settlement Class Members. The Settlement Administrator shall follow any agreed-to decisions of Defense Counsel and Class Counsel. To the extent Defense Counsel and Class Counsel are not able to agree on the disposition of a challenge, John Bates of JAMS shall decide such a challenge.

7.3.2.    <u>Processing Claims.</u>  The Settlement Administrator shall have ninety (90) days after the Final Settlement Date within which to process the Claims and remit the

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

appropriate amounts by check to the Claimants. Any check that is remitted to a Claimant and that is not negotiated within ninety (90) days after issuance shall be cancelled (the checks shall state "void after 90 days"), and the Settlement Administrator shall not have any further obligation to continue efforts to distribute Claim Settlement Relief to such Claimant.

7.3.3.   Funding.  The Settlement Administrator shall use only the Settlement Fund to fund the distribution of Claim Settlement Relief to Claimants.

7.4.   Information Available to Class Counsel. Except as provided herein, upon the reasonable request of Class Counsel, the Settlement Administrator shall inform Class Counsel, among other things and with the exception of confidential information, non-public personal information, and other information protected by privacy laws, of the amount of any Settlement Class Member's Convenience Fees reflected in the electronic information provided to the Settlement Administrator by Defendant. Nothing in this Paragraph or this Settlement Agreement shall authorize the Settlement Administrator to disclose to Class Counsel any confidential information, non-public personal information, and other information protected by privacy laws.

## 8.   COVENANTS

The Settling Parties covenant and agree as follows:

8.1.   Covenants Not to Sue. Plaintiff, as representative of the Settlement Class, covenants and agrees on behalf of the Settlement Class:  (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances relating thereto, against any of the Released Persons; (b) not to organize or solicit the participation of Settlement Class Members in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (c) that the foregoing covenants and this Agreement shall be a complete defense to any of the Released Claims against any of the

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 19
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Released Persons.

8.2.    Cooperation. The Parties agree to cooperate reasonably and in good faith with the goal of obtaining entry of a final Judgment as quickly as is reasonably practicable and expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this Agreement, including, but not limited to, the expeditious agreement to the terms of all settlement administration protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court. Further, the Settling Parties shall consult with mediator John Bates of JAMS as necessary in effectuating this Paragraph.

## 9.    REPRESENTATIONS AND WARRANTIES

9.1.    Plaintiff's Representations and Warranties.

9.1.1.    Plaintiff represents and warrants that she is the sole and exclusive owner of all Released Claims and that she has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Persons, and further covenants that she will not assign or otherwise transfer any interest in any of Plaintiff's Released Claims.

9.1.2.    Plaintiff represents and warrants that she has no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

9.2.    The Parties' Representations and Warranties. The Parties, and each of them on his, her, or its own behalf only, represent and warrant:

9.2.1.    That they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 20
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Party or by any person representing any party to the Settlement Agreement. Each of the Settling Parties assumes the risk of mistake as to facts or law.

**10.  RELEASES**

10.1.  <u>Released Claims of Settlement Class</u>. Upon the Final Settlement Date, each member of the Settlement Class, other than Plaintiff and those Settlement Class Members who have validly opted out, shall, by operation of the final Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, promises, damages, penalties, attorneys' fees and costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source, that were or could have been sought or alleged in the Litigation that relate, concern, arise from, or pertain in any way to the Released Persons' conduct, policies, or practices concerning Convenience Fees charged by Defendant to the Settlement Class, including but not limited to claims related to charges for making payments to Defendant over the phone or internet and claims or causes of action under the federal Fair Debt Collection Practices Act and Washington Consumer Protection Act.

10.1.1. This Settlement Agreement shall not release Defendant from any existing obligation to any Settlement Class Member, other than Plaintiff, under any loan, note, mortgage, or deed of trust. This provision is not meant to and does not limit the Release in Paragraph 10.1.

10.2.  <u>Released Claims of Plaintiff</u>. Upon the Final Settlement Date, Plaintiff, on behalf of herself, her family members, heirs, guardians, assigns, executors, administrators, predecessors, and successors, hereby releases and discharges the Released Persons from any

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 21
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

and all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorneys' fees and costs, liens, judgments, and demands of any kind whatsoever that Plaintiff may have on or before the Final Settlement Date or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law, or any other source. In agreeing to this Release, Plaintiff explicitly acknowledges that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.

10.3.   Without in any way limiting their scope, these Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, Plaintiff, or any Settlement Class Members in connection with or related in any manner to the Litigation, the settlement of the Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in the Settlement Agreement.

10.4.   In connection with the foregoing Releases, Plaintiff and each Settlement Class Member who has not validly opted out shall be deemed, as of the entry of the final Judgment, to have waived any and all provisions, rights, benefits conferred by any statute, rule and legal doctrine which provides that a general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor. To the extent that anyone might argue that these principles of law are applicable—notwithstanding that the Settling Parties have chosen Washington law to govern this Settlement Agreement— Plaintiff hereby agrees, and each Settlement Class Member will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal

principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Plaintiff recognizes, and each Settlement Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon the Final Settlement Date, they fully, finally, and forever settle and release any and all claims covered by these Releases. The Settling Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

10.5.    Upon the Final Settlement Date: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have validly opted out in accordance with the terms and provisions hereof; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any such Settlement Class Member(s); (iii) Settlement Class Members who have not opted out shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto; and (iv) Settlement Class Members who have not opted out shall be permanently barred and precluded from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

10.6.    Nothing in the Settlement Agreement and Releases shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

## 11.    OPT-OUT RIGHTS

11.1.    A Settlement Class Member who wishes to opt out of the Settlement Class must

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 23
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

do so in writing.  In order to opt out, a Settlement Class Member must complete and send to the Settlement Administrator, at the address listed in the Class Notice and on the Settlement Website for this Settlement, a Request for Exclusion that is postmarked or otherwise delivered no later than the Opt Out Deadline, as specified in the Class Notice (or as the Court otherwise requires). The Request for Exclusion must: (a) identify the case name; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action."  Mass or class opt outs shall not be allowed.

11.2.    Any Settlement Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to relief under, or be affected by, the Agreement; (c) gain any rights by virtue of the Agreement; or (d) be entitled to object to any aspect of the Settlement.

11.3.    If the number of Settlement Class Members who properly and timely exercise their right to opt out of the Settlement Class exceeds five percent (5%) of the total number of Settlement Class Members, Defendant shall have the right, at its sole discretion, to terminate this Agreement without penalty or sanction by providing written notice of the election to do so to all other Parties hereto within ten (10) days after learning from the Settlement Administrator that the number of valid opt outs exceeds 5% of the Settlement Class Members. If Defendant elects this option, the Settlement Class shall be decertified without prejudice to Defendant's right to oppose any later attempt to certify a class.

11.4    Except for those Settlement Class Members who timely and properly file a Request for Exclusion in accordance with Section 11, all other Settlement Class Members will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon the Final Settlement Date, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**12.    OBJECTIONS**

12.1.    <u>Overview</u>.  Any potential Settlement Class Member who does not opt out of the Settlement may comment upon or object to the Settlement or any of its terms.

12.2.    <u>Process</u>.  Any potential Settlement Class Member who wishes to object to the Settlement must do so in writing and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if the Person making an objection shall, on or before the Objection Deadline approved by the Court and specified in the Notice, file notice of his or her intention to do so and at the same time (a) file copies of such papers he or she proposes to submit at the Final Approval Hearing with the Clerk of the Court, (b) file copies of such papers through the Court's CM/ECF system if the objection is from a Settlement Class Member represented by counsel, who must also file an appearance, and (c) send copies of such papers via mail, hand, or overnight delivery service to both Class Counsel and Defense Counsel.

12.3.    Any member of the Settlement Class who intends to object to this Settlement Agreement must include his or her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Settlement Class Member, state that he or she paid Convenience Fees to Defendant, the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and a statement indicating whether the objector intends to appear at the Final Approval Hearing either personally or through counsel, who must file an appearance or seek *pro hac vice* admission, accompanied by the signature of the objecting Settlement Class Member. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from

80001.0039/10976310.2

STIPULATION AND SETTLEMENT
AGREEMENT- 25
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

**13.     SETTLEMENT APPROVAL**

13.1.    Within twenty-one (21) days of this Agreement's date, Plaintiff shall apply to the Court for entry of the proposed Preliminary Approval Order and setting of a Final Approval Hearing.

13.2.    Plaintiff shall move for and brief the issue of Final Approval of the Settlement in accordance with the Preliminary Approval Order or such other or further order of the Court.

13.3.    At the Final Approval Hearing, Plaintiff shall move for entry of the proposed Judgment and present arguments in support thereof.

13.4.    Promptly after the Final Settlement Date, Settlement Class Members shall dismiss with prejudice all claims, actions, or proceedings that have been brought by or involve any Settlement Class Member in any other jurisdiction and that are released pursuant to this Settlement Agreement.

**14.     CERTIFICATION OF SETTLEMENT CLASS FOR SETTLEMENT PURPOSES**

14.1.    After the Preliminary Approval Order is entered, Plaintiff shall move for Final Approval of the Settlement and entry of final Judgment.

14.2.    If the Settlement is not granted final approval, or this Agreement is otherwise terminated or rendered null and void, the certification of the Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied; in such circumstances, Defendant reserves and shall have all rights to challenge certification of the Settlement Class or any other class for trial purposes in the Litigation, or in any other action, on all available grounds as if no Settlement Class had been certified.

80001.0039/10976310.2
STIPULATION AND SETTLEMENT
AGREEMENT- 26
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

**15.    ATTORNEYS' FEES, EXPENSES, AND PLAINTIFF'S CASE
CONTRIBUTION AWARD**

15.1.    Defendant has agreed that Class Counsel shall be entitled to an award of reasonable attorneys' fees and costs in an amount to be determined by the Court and paid from the Settlement Fund. Class Counsel has agreed to limit their request for attorneys' fees and costs to no more than twenty-five (25%) of the Settlement Fund. Should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund to be distributed to Settlement Class Members.

15.2.    Class Counsel agrees that the amount of such costs and fees awarded shall compensate them for all legal work in the Litigation up to and including the date of the Final Judgment, including any appeal of the Judgment, as well as for all legal work and costs that may be incurred in the Action after the date of the Final Judgment. In the event the Court awards Class Counsel less than the amount of Attorneys' Fees and Expenses requested by Class Counsel, this Settlement Agreement shall nonetheless remain in full force and effect.

15.3.    Class Counsel shall be paid the Attorneys' Fees and Expenses awarded by the Court from the Settlement Fund within seven (7) days after the Final Settlement Date. Payment of the Attorneys' Fees and Expenses shall be made via wire transfer to an account designated by Class Counsel after providing necessary information for electronic transfer. If for any reason the final Judgment does not become Final within the meaning of Paragraph 2.18 (i.e., the Final Settlement Date does not occur), the Settlement Administrator shall not disburse the Attorneys' Fees and Expenses to Class Counsel.

15.4.    In addition to the Claim Settlement Relief otherwise due to a Settlement Class Member of the Settlement Class, Defendant agrees Plaintiff is entitled to reasonable Case Contribution Award in an amount determined by the Court that shall be paid from the Settlement Fund. Should the Court award less than the amount sought, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

the Settlement Fund to be distributed to Settlement Class Members.

15.5.    Plaintiff shall be paid the Case Contribution Award, as determined by the Court, from the Settlement Fund within seven (7) days after the Final Settlement Date. Payment of the Case Contribution Award shall be made via check to the Plaintiff, such check to be sent care of Class Counsel.

15.5.    The procedure for and the grant or denial or allowance or disallowance by the Court of the Attorneys' Fees and Expenses and Case Contribution Award are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses and Case Contribution Award, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of Judgment approving the Agreement.

**16.    CONFIDENTIALITY; COMMUNICATIONS TO MEDIA AND PUBLIC**

16.1    The Settling Parties agree that the terms of this Settlement shall remain confidential and not be disclosed by any party until the Settlement Agreement is filed in connection with Plaintiff's Preliminary Approval Application.

16.2    The Settling Parties agree further that both before and after Preliminary Approval of the Settlement, they shall not publish a press release or a release on the internet concerning the Settlement without the prior written review and approval of all other Settling Parties, which approval shall not be unreasonably withheld or delayed.

16.3    The Settling Parties agree that both before and after Preliminary Approval, if any print or electronic media outlet contacts any party or its counsel seeking information or a statement regarding the Settlement, in the absence of a response agreed upon by all Settling Parties, no information will be provided in response to such inquiries except to the extent such information appears as part of the public record.

**17.    TERMINATION AND EFFECT THEREOF**

17.1.    This Agreement shall be terminable by any Party if any of the conditions of

Section 3 are not fully satisfied, or if the conditions of Section 11.4 occur regarding the number of opt-outs, unless they are waived in writing signed by authorized representatives of the Settling Parties.

17.2.    This Agreement shall also terminate at the discretion of any Settling Party if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement that is material, including without limitation, the terms or relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, or restricts, or expands, any portion of the final Judgment, or any of the district court's findings of fact or conclusions of law that is material; or (3) if all of the conditions required to be met before the Final Settlement Date do not occur.

17.3.    If this Agreement is terminated as provided herein, the Settlement shall be null and void from its inception and the Settling Parties will be restored to their respective positions in the Litigation as of the date of Preliminary Approval. In such event, the terms and provisions of this Agreement will have no further force and effect with respect to the Settling Parties and will not be used in the Litigation, or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Agreement will be treated as vacated, *nunc pro tunc.*

## 18.    MISCELLANEOUS PROVISIONS

18.1    The Settling Parties acknowledge that it is their intent to consummate this Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.

18.2.    The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the consideration provided to the

Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel. The amounts paid are to compromise the claimants' claims for damages and the amounts paid represent the claimants' compensation for such alleged damages.

18.3.    Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of any Released Persons; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault, omission, wrongdoing, or liability of any Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendant may file this Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including, without limitation, those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

18.4.    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Agreement.

18.5.    All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

18.6.    This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

18.7.    This Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized herein. Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

18.8.    Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Agreement to effectuate its terms, and are expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Settlement Class that Class Counsel deem appropriate.

18.9.    This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument. Facsimile signatures, electronic signatures, or signatures sent via e-mail shall be treated as original signatures and shall be binding. A complete set of counterparts will be submitted to the Court.

18.10.   This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

18.11.   The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

18.12.   None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof. The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any Settling Party as the drafter thereof.

18.13.   The Settling Parties stipulate to stay all proceedings in the Litigation until the approval of this Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits, and other matters necessary to obtain and preserve final judicial approval of this Agreement.

18.14.   Except as agreed by the Parties in writing, within thirty (30) days after the Final Settlement Date, the Parties shall destroy all electronically stored information, testimony, or other information produced in the Litigation, including the mediation for the Litigation.

18.15.   The Settlement shall be governed by the laws of the State of Washington, applied without regard to laws applicable to choice of law, except to the extent that the law of

the United States governs any matters set forth herein, in which case such federal law shall govern.

18.16.   The following principles of interpretation apply to the Agreement: (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successor-in-interest; and (c) whenever the words "include," includes," or 'including" are used in the Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

18.17.   The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices of the Settlement Class after the Judgment is entered.

## 19.   NOTICES

19.1.   All Notices (other than the Class Notice) required by the Agreement shall be made in writing and communicated by email and mail to the following addresses:

All Notices to Class Counsel shall be sent to Class Counsel, c/o:
Rafey S. Balabanian
EDELSON PC
123 Townsend, Suite 100
San Francisco, California 94107
Telephone: (415) 212-9300
Facsimile: (415) 373-9435 *Counsel for Plaintiff and Settlement Class*

All Notices to Defendant shall be sent to Defendant's Counsel, c/o:
Kalama M. Lui-Kwan
Erik Kemp
Severson & Werson, A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344;
Facsimile: (415) 956-0439
*Counsel for Defendant Nationstar Mortgage LLC*

19.2.   The notice recipients and addresses designated above may be changed by written agreement of the Settling Parties.

80001.0039/10976310.2
STIPULATION AND SETTLEMENT
AGREEMENT- 32
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

19.3.   Each of the Settling Parties agrees to promptly provide, upon the other's request, copies of objections, Requests for Exclusion, or other similar documents received from Settlement Class Members in response to the Settlement Class Notice.

80001.0039/10976310.2
STIPULATION AND SETTLEMENT
AGREEMENT- 33
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

IN WITNESS WHEREOF, the Settling Parties have executed and caused this
Settlement on the dates set forth below.

Dated: *November 27, 2017*        By: _____

Name: *LeAllen Frost*

Title: *Vice President*

*Nationstar Mortgage LLC*


Dated: _____        By: _____

Juanita Garcia
*Plaintiff*

Approved as to form by:


November ___, 2017

_____
John A. Knox, WSBA #12707
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone:  206-628-6600; Fax: 206-628-6611
jknox@williamskastner.com

Kalama M. Lui-Kwan (admitted *pro hac vice*)
Erik Kemp (admitted *pro hac vice*)
Gurinder S. Grewal (admitted *pro hac vice*)
SEVERSON & WERSON, P.C.
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Phone (415) 398-3344
Fax (415) 956-0439

Attorneys for Defendant
Nationstar Mortgage LLC

80001.0039/10976310.2
STIPULATION AND SETTLEMENT
AGREEMENT- 34
(C15-1808 TSZ)

IN WITNESS WHEREOF, the Settling Parties have executed and caused this
Settlement on the dates set forth below.

Dated: _____        By: _____

                                     Name:

                                     Title:

                                     *Nationstar Mortgage LLC*

Dated: 12/05/2017 _____   By: _____

                                     Juanita Garcia
                                     *Plaintiff*

Approved as to form by:

November ___, 2017

                                _____
                                John A. Knox, WSBA #12707
                                WILLIAMS, KASTNER & GIBBS PLLC
                                601 Union Street, Suite 4100
                                Seattle, WA 98101-2380
                                Phone:  206-628-6600; Fax: 206-628-6611
                                jknox@williamskastner.com

                                Kalama M. Lui-Kwan (admitted *pro hac vice*)
                                Erik Kemp (admitted *pro hac vice*)
                                Gurinder S. Grewal (admitted *pro hac vice*)
                                SEVERSON & WERSON, P.C.
                                One Embarcadero Center, Suite 2600
                                San Francisco, California 94111
                                Phone (415) 398-3344
                                Fax (415) 956-0439

                                Attorneys for Defendant
                                Nationstar Mortgage LLC

80001.0039/10976310.2
STIPULATION AND SETTLEMENT
AGREEMENT- 34
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

# Exhibit A

**NATIONSTAR CONVENIENCE FEE SETTLEMENT CLAIM FORM**

THIS CLAIM FORM MUST BE SUBMITTED ONLINE BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____ State: ____ ____ Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___ (You may be contacted if further information is required.)

Class Member Verification: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐ I made an online or over-the-phone residential mortgage payment to Nationstar and was charged a convenience fee and was a Washington State resident between November 17, 2011 and [Preliminary Approval Date] and/or a United States resident between November 17, 2014 and [Preliminary Approval Date]. The debt was at least 30 days past due when Nationstar began servicing it.

☐ All information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___ ___ / ___ ___ / ___ ___ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form; if accepted you will be mailed a check for a *pro rata* (meaning equal) share of the Settlement Fund based on the number of times you were charged a convenience fee. This process takes time, please be patient.

**Questions, visit [Settlement Website] or call [Settlement Administrator's Number]**

# Exhibit B

1

The Honorable Thomas S. Zilly

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE

9   JUANITA GARCIA, individually and on      No. C15-1808 TSZ
    behalf of all others similar situated,
10                                           **[PROPOSED] ORDER GRANTING**
                    Plaintiff,               **FINAL APPROVAL TO**
11                                           **CLASS ACTION SETTLEMENT**
            vs.
12
    NATIONSTAR MORTGAGE LLC, a
13  Delaware limited liability company,

14                  Defendant.

15

16          This matter came before the Court for hearing on _____, 2018. This

17  Court has considered the class action settlement set forth in the Stipulation and Settlement

18  Agreement (the "Settlement Agreement") between Plaintiff Juanita Garcia on behalf of herself

19  and all members of the Settlement Class ("Plaintiffs"), and Defendant Nationstar Mortgage

20  LLC ("Defendant") together with all exhibits thereto, the arguments and authorities presented

21  by the Parties and their counsel, as well as Plaintiff's request for Attorneys' Fees and Expenses

22  to Class Counsel and whether and in what amount to award a Case Contribution Award to

23  Plaintiff.

24          NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

25          1.      Terms and phrases in this Final Judgment shall have the same meaning as

26  ascribed to them in the Settlement Agreement.

27          2.      The Court has personal jurisdiction over the parties and the Settlement Class

80001.0039/10976653.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO              **Williams, Kastner & Gibbs PLLC**
CLASS ACTION SETTLEMENT- 1                                    601 Union Street, Suite 4100
(C15-1808 TSZ)                                              Seattle, Washington 98101-2380
                                                                  (206) 628-6600

1   Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement

2   Agreement, including all exhibits thereto, and to enter this Final Order.

3          3.      The Court finds that the Notice provided to the Settlement Class pursuant to the

4   Settlement Agreement and the Preliminary Approval Order and consisting of individual notice

5   via first-class U.S. Mail postcard and/or email to the Settlement Class, and an interactive

6   settlement website, has been successful and was the best notice practicable under the

7   circumstances and: (1) constituted notice that was reasonably calculated to, under all

8   circumstances, apprise Settlement Class Members of the pendency of the Litigation, the

9   certification of the Settlement Class for purposes of the Settlement, the terms of the

10  Agreement, and the right of members to object to the Settlement or to exclude themselves from

11  the Settlement Class; (2) complies with the requirements of the Federal Rules of Civil

12  Procedure, the Due Process Clause; and (3) constitutes the best notice practicable under the

13  circumstances.

14         4.      The Court finds that Defendant properly and timely notified the appropriate

15  government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of

16  2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's

17  notice, and finds that they complied with all applicable requirements of CAFA. Further, more

18  than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the

19  Final Approval Hearing.

20         5.      This Court now gives final approval to the settlement and finds that the

21  Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement

22  Class. The settlement consideration provided under the Settlement Agreement constitutes fair

23  value given to in exchange for the release of the Released Claims against the Released Persons.

24  The Court finds that the consideration to be paid to members of the Settlement Class is

25  reasonable and in the best interests of the Settlement Class Members considering the disputed

26  facts and circumstances of and affirmative defenses asserted in the Litigation and the potential

27  risks and likelihood of success of pursuing litigation on the merits. The complex legal and

80001.0039/10976653.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO            **Williams, Kastner & Gibbs PLLC**
CLASS ACTION SETTLEMENT- 2                              601 Union Street, Suite 4100
(C15-1808 TSZ)                                          Seattle, Washington 98101-2380
                                                             (206) 628-6600

1  factual posture of this case, the amount of discovery completed, that Plaintiff sought to

2  adversarially certify the identical class, and the fact that the Settlement is the result of arm's-

3  length negotiations between the Parties, including negotiations presided over by John Bates,

4  Esq. of JAMS support this finding. The Court finds that these facts, in addition to the Court's

5  observations throughout the litigation, demonstrate that there was no collusion present in the

6  reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset*

7  *Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among

8  other things, the fact that the Settlement provides substantial monetary benefits to Settlement

9  Class Members and such benefits are not disproportionate to the attorneys' fees and expenses

10  awarded to Class Counsel or the Plaintiff; and the benefits provided to Settlement Class

11  Members are appropriate under the circumstances of this case.

12      6.      The Court has specifically considered the factors relevant to class settlement

13  approval (*see*, *e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—

14  including, *inter alia*, the strength of Plaintiff's case; the risk, expense, complexity, and likely

15  duration of further litigation; the risk of not maintaining class action status throughout trial; the

16  relief provided for in the settlement; the extent of discovery completed and stage of the

17  proceedings; the experience and views of counsel; and the reaction of the Settlement Class

18  Members to the proposed settlement (including the claims submitted and lack of any opt-outs

19  or objections)—and upon consideration of such factors finds that the Settlement is fair,

20  reasonable, and adequate to all concerned.

21      7.      Accordingly, the Settlement is hereby finally approved in all respects, and the

22  Parties are hereby directed to implement and consummate the Settlement Agreement according

23  to its terms and provisions.

24      8.      The terms of the Settlement Agreement and of this Final Order, including all

25  exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the

26  Named Plaintiff and all other Settlement Class Members, as well as their family members,

27  heirs, administrators, successors, and assigns.

80001.0039/10976653.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT- 3
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

9.      The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the Final Settlement Date; and the Released Persons are forever released, relinquished, and discharged by the Releasing Persons from all Released Claims.

(a)      <u>Release and Waiver Definitions</u>

(i)      "Defendant" means Nationstar Mortgage LLC.

(ii)      "Convenience Fees" means the monetary fees charged by Defendant to borrowers to make payments over the phone or internet that are at issue in the Litigation.

(iii)      "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons.

(iv)      "Released Claims" means all claims, actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, penalties, attorney's fees and costs, liens, judgments, demands, and any other forms of liability released pursuant to this Final Order and Judgment and Section 10 of the Settlement Agreement.

(v)      "Released Persons" means:  Defendant and each of its past or present divisions, parents, subsidiaries, predecessors, investors, parent companies, acquired companies, and affiliated companies (which shall include any person or entity which controls, is controlled by, or is under common control with any such party), any direct or indirect subsidiary of Defendant and each of their respective past or present divisions, parents, subsidiaries, investors, parent companies, acquired companies, and affiliated companies, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.

(vi)      "Releasing Persons" means Named Plaintiff and all Settlement Class Members who do not properly and timely opt out of the Settlement, and their respective family members, heirs, administrators, successors, and assigns.

(vii)      "Settling Parties" means, collectively, Defendant, Plaintiff, and

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT- 4
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    all Releasing Persons.

2            (b)    <u>Released Claims of Settlement Class</u>.  Upon the Final Settlement Date,

3    each member of the Settlement Class, other than Plaintiff and those Settlement Class Members

4    who have validly opted out, shall, by operation of the final Judgment, be deemed to have fully,

5    conclusively, irrevocably, forever, and finally released, relinquished, and discharged the

6    Released Persons from any and all claims, actions, causes of action, suits, debts, sums of

7    money, payments, obligations, promises, damages, penalties, attorneys' fees and costs, liens,

8    judgments, and demands of any kind whatsoever that each member of the Settlement Class

9    may have on or before the Final Settlement Date or may have had in the past, whether in

10   arbitration, administrative, or judicial proceedings, whether as individual claims or as claims

11   asserted on a class basis, whether past or present, mature or not yet mature, known or

12   unknown, suspected or unsuspected, whether based on federal, state, or local law, statute,

13   ordinance, regulations, contract, common law, or any other source, that were or could have

14   been sought or alleged in the Litigation that relate, concern, arise from, or pertain in any way to

15   the Released Persons' conduct, policies, or practices concerning Convenience Fees charged by

16   Defendant to the Settlement Class, including but not limited to claims related to charges for

17   making payments to Defendant over the phone or internet and claims or causes of action under

18   the federal Fair Debt Collection Practices Act and Washington Consumer Protection Act.

19         (c)   <u>Released Claims of Named Plaintiff</u>.  The Named Plaintiff, on behalf of herself,

20   her family members, heirs, guardians, assigns, executors, administrators, predecessors, and

21   successors, hereby releases and discharges the Released Persons from any and all claims,

22   actions, causes of action, suits, debts, sums of money, payments, obligations, reckonings,

23   promises, damages, penalties, attorney's fees and costs, liens, judgments, and demands of any

24   kind whatsoever that the Named Plaintiff may have or may have had in the past, whether in

25   arbitration, administrative, or judicial proceedings, whether as individual claims or as claims

26   asserted on a class basis, whether past or present, mature or not yet mature, known or

27   unknown, suspected or unsuspected, whether based on federal, state, or local law, statute,

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO             **Williams, Kastner & Gibbs PLLC**
CLASS ACTION SETTLEMENT- 5                            601 Union Street, Suite 4100
(C15-1808 TSZ)                                   Seattle, Washington 98101-2380
                                       (206) 628-6600

ordinance, regulations, contract, common law, or any other source.  In agreeing to this Release, Named Plaintiff explicitly acknowledges that unknown losses or claims could possibly exist and that any present losses may have been underestimated in amount or severity.  This Final Order shall not be deemed a release from any loan, note, mortgage, or deed of trust.

(d)     Without in any way limiting their scope, the Releases cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, the Named Plaintiff, or any Settlement Class Members in connection with or related in any manner to this Action, the settlement of this Action, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Order and the Settlement Agreement.

(e)     In connection with the foregoing Releases, the Named Plaintiff and each Settlement Class Member expressly waive, and shall be deemed to have waived to the fullest extent permitted by law, any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Named Plaintiff and each Settlement Class Member agree that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released.  The Named Plaintiff recognizes, and each Settlement Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the Final Order, they fully, finally, and forever settle and release any and all claims covered by the Releases.

80001.0039/10976653.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT- 6
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1       (f)  The Releases do not affect the rights of Settlement Class Members who

2    timely and properly submitted a Request for Exclusion from the Settlement in accordance with

3    the requirements of the Preliminary Approval Order and in Section 11 of the Settlement

4    Agreement.

5       (g)  The Releases shall not preclude any action to enforce the terms of the

6    Settlement Agreement, including participation in any of the processes detailed therein. The

7    Releases set forth herein and in the Settlement Agreement are not intended to include the

8    release of any rights or duties of the Settling Parties arising out of the Settlement Agreement,

9    including the express warranties and covenants contained herein.

10     10.  The Court has also considered Plaintiff's Motion for attorneys' fees and

11   expenses to Class Counsel and adjudges that the payment of $ _____ is fair

12   and reasonable for the following reasons and those stated in Court. In assessing the requested

13   attorneys' fees, the Court has considered the relief achieved for the Settlement Class Members,

14   the time and effort devoted by Class Counsel as demonstrated by their sworn declaration and

15   the complexity of the legal and factual issues involved. The Court finds that the Attorneys'

16   Fees and Expenses awarded to Class Counsel identified above is fair and reasonable under both

17   a common fund approach and a lodestar approach. *See Vizcaino v. Microsoft Corp.*, 290 F.3d

18   1043, 1048-50 (9th Cir. 2002) (finding in this Circuit, a 25% fee is the accepted "benchmark"

19   in common fund cases); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975)

20   (lodestar approach).

21     11.  The Court has also considered Plaintiff's Motion and supporting declarations for

22   a Case Contribution Award to the Named Plaintiff.  The Court adjudges that the payment of a

23   service award in the amount of $_____ to the Plaintiff, to compensate her for her efforts

24   and commitment on behalf of the Settlement Class, is fair, reasonable, and justified under the

25   circumstances of this case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th

26   Cir. 2013).  Such payment shall be made pursuant to and in the manner provided by the terms

27   of the Settlement Agreement.

80001.0039/10976653.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO   **Williams, Kastner & Gibbs PLLC**
CLASS ACTION SETTLEMENT- 7       601 Union Street, Suite 4100
(C15-1808 TSZ)           Seattle, Washington 98101-2380
                (206) 628-6600

12.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Order, nor any of its terms and provisions, nor the final judgment to be entered pursuant to this Final Order, nor any of its terms and provisions, shall be:

(a)     offered by any person or received against the Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Garcia Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Garcia Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendant;

(b)     offered by any person or received against the Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendant or any other wrongdoing by the Defendant;

(c)     offered by any person or received against the Defendant as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding;

(d)     offered by any person or received against Plaintiff or the Settlement Class as an admission of or evidence that any of the Settlement Class Members' claims are with our without merit; or

(e)     offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or the Final Order, or the final judgment to be entered pursuant to this Final Order.

80001.0039/10976653.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT- 8
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

13.     This Final Order, the final judgment to be entered pursuant to this Final Order, and the Settlement Agreement (including the exhibits thereto) may be filed in any action against or by any Released Person (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14.     Plaintiff and all Settlement Class Members who have not opted out of the Agreement are barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims or the facts and circumstances relating thereto. Further, Plaintiff and all Settlement Class Members who have not opted out of the settlement are barred from organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances relating thereto.

15.     Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

DONE and ORDERED in Chambers in Seattle, Washington, this _____ day of
_____, 2018.


_____
THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE


cc:  All Counsel of Record

80001.0039/10976653.2

[PROPOSED] ORDER GRANTING FINAL APPROVAL TO
CLASS ACTION SETTLEMENT- 9
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similar situated, | No. C15-1808 TSZ |
| Plaintiff, | **[PROPOSED] FINAL JUDGMENT** |
| vs. | |
| NATIONSTAR MORTGAGE LLC, a Delaware limited liability company, | |
| Defendant. | |

The Court has granted final approval of the parties' settlement. Accordingly, the claims against Nationstar Mortgage LLC. brought by Plaintiff and the Settlement Class are DISMISSED WITH PREJUDICE, and this Judgment shall issue consistent with Federal Rule of Civil Procedure 58.  Notwithstanding the dismissal of this entire action, the Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement, including jurisdiction to enter such further orders as may be necessary or appropriate.

DONE and ORDERED in Chambers in Seattle, Washington, this _____ day of _____, 2018.

_____
THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

# Exhibit C

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similar situated,<br><br>          Plaintiff,<br><br>      vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>         Defendant. | No. C15-1808 TSZ<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING** |

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class Action Settlement, including the parties' Stipulation and Settlement Agreement (the "Settlement Agreement") and all exhibits thereto, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

2. The Court has conducted an evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary

80001.0039/10984686.1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING A FINAL APPROVAL HEARING- 1
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Fed. R. Civ. P. 23 for settlement purposes only. The Court further finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Settlement Agreement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of John Bates, Esq. of JAMS, and (iii) the Settlement Agreement warrants Notice of its material terms to the Settlement for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement Agreement.

4.      Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court finds that: (a) the proposed Settlement Class is so numerous that joinder of all members is impracticable; (b) There are questions of law or fact common to the members of the Settlement Class; (c) The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class; (d) Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement; (e) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; (f) The Settlement Class is ascertainable; (g) Resolution of the claims in this Litigation by way of a class action is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

5.      Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court certifies the proposed "Settlement Class" consisting of: (1) all individuals in the United States who, from November 17, 2014 to the date of preliminary approval of the settlement, made a payment to Nationstar on a residential mortgage debt over the phone or online that included a fee charged by Nationstar for using the phone or internet, and whose debt had not been current for 30 or more consecutive days at the time Nationstar began servicing it ("FDCPA Settlement Class"); and (2) all individuals in Washington state who, from November 17, 2011 to the date of preliminary approval of the settlement made a payment to Nationstar on a residential

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING A FINAL APPROVAL HEARING- 2
(C15-1808 TSZ)

mortgage debt over the phone or online that included a fee charged by Nationstar for using the phone or internet, and whose debt had not been current for 30 or more consecutive days at the time Nationstar began servicing it ("CPA Settlement Class"). Excluded from the Settlement Class are: (i) individuals who are or were officers or directors of the Defendant or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and, (iii) all individuals who file a timely and proper request to be excluded from the Settlement Class.

6.      For settlement purposes only, the Court hereby approves the appointment of Plaintiff Juanita Garcia as representative of the Settlement Class.

7.      For settlement purposes only, the Court hereby approves the appointment of the following attorneys as Class Counsel and finds that they are competent and capable of exercising the responsibilities of Class Counsel: Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP.

8.      A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at    :00       ___.m. on _____, 2018 in _____ before the Honorable Thomas S. Zilly, to determine, among other things: (i) final approval of the Settlement Agreement should be granted and (ii) Class Counsel's application for attorney's fees and expenses and an incentive award to the Class Representatives should be granted. No later than [insert dates 14 days prior to the Objection/Claims Deadline], Plaintiffs must file their papers in support of Class Counsel's application for attorneys' fees and expenses. No later than [insert dates 14 days prior to the Final Approval Hearing], Plaintiffs must file their papers in support of final approval of the Settlement Agreement and in response to any objections.

9.      The Court approves the Class Notice in the Settlement Agreement, including the manner and content of Direct Notice attached as Exhibits D-E to the Settlement Agreement and

80001.0039/10984686.1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING A FINAL APPROVAL HEARING- 3
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

the creation of the Settlement Website, as more fully described in the Settlement Agreement and attached as Exhibit F thereto.  The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class.  The Court further finds that Direct Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process and Rule 23. The Direct Notice shall be transmitted not less than ninety (45) days after the entry of this Order.

10.     Pursuant to the Settlement Agreement, Heffler Claims Group is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

11.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Direct Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than forty-five days (45) days after the Direct Notice is transmitted, which shall be no later than ninety (90) days after the entry of this Order. To be valid, the Request for Exclusion must: (a) identify the case name and number; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action."  Mass or class opt outs shall not be allowed. If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and

80001.0039/10984686.1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING A FINAL APPROVAL HEARING- 4
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  judgments in this Action, even if he or she has pending, or subsequently initiates, litigation

2  against Defendant relating to any of the Released Claims to Settlement Agreement.

3      12.     Any Settlement Class Member who has not filed a timely written Request for

4  Exclusion and who complies with the requirements of this Paragraph may comment in

5  support of, or in opposition to, any aspect of the proposed settlement either on his or her own

6  or through an attorney hired at his or her expense. Any papers submitted in support of said

7  objection, shall be received by the Court at the Final Approval Hearing, only if the Person

8  making an objection shall, on or before the Objection Deadline approved by the Court and

9  specified in the Notice, file notice of his or her intention to do so and at the same time (a) file

10  copies of such papers he or she proposes to submit at the Final Approval Hearing with the

11  Clerk of the Court, (b) file copies of such papers through the Court's CM/ECF system if the

12  objection is from a Settlement Class Member represented by counsel, who must also file an

13  appearance, and (c) send copies of such papers via mail, hand, or overnight delivery service to

14  both Class Counsel and Defense Counsel.

15

16      **Class Counsel**
      Rafey S. Balabanian
17      Edelson PC
      123 Townsend, Suite 100
18      San Francisco, California 94107
      Telephone: (415) 212-9300
19      Facsimile: (415) 373-9435

20      **Defense Counsel**
21      Kalama M. Lui-Kwan
      Erik Kemp
22      Severson & Werson, A Professional Corporation
      One Embarcadero Center, Suite 2600
23      San Francisco, CA 94111
      Telephone: (415) 398-3344
24      Facsimile: (415) 956-0439

25      13.     The requirements to assert a valid written objection shall require that any

26  member of the Settlement Class who intends to object to this Settlement Agreement must

27

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING A FINAL APPROVAL HEARING- 5
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

include his or her name and address, include all arguments, citations, and evidence supporting

the objection (including copies of any documents relied on), state that he or she is a Settlement

Class Member, state that he or she paid Convenience Fees to Defendant, the name and contact

information of any and all attorneys representing, advising, or in any way assisting the objector

in connection with the preparation or submission of the objection or who may profit from the

pursuit of the objection; and a statement indicating whether the objector intends to appear at

the Final Approval Hearing either personally or through counsel, who must file an appearance

or seek *pro hac vice* admission, accompanied by the signature of the objecting Settlement Class

Member.

14.     Any Settlement Class Member who fails to timely file a written objection with

the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance

with the terms of this Order and as detailed in the Notice, and at the same time provide copies

to designated counsel for the Parties, shall not be permitted to object to this Settlement

Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of

this Settlement Agreement by appeal or other means and shall be deemed to have waived his or

her objections and be forever barred from making any such objections in the Action or any

other action or proceeding.

15.     If the Settlement is finally approved, all Settlement Class Members who have

not filed a timely and proper Request for Exclusion shall release the Released Persons from all

Released Claims, as described in Section 10 of the Settlement Agreement.

16.     All Settlement Class Members who do not timely exclude themselves from the

Settlement Class are hereby barred from directly or indirectly (i) filing, commencing,

prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in

any jurisdiction based on or relating to the claims and causes of action, or the facts and

circumstances relating thereto, in this Action and/or the Released Claims (as that term is

defined in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING A FINAL APPROVAL HEARING- 6
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   separate class for purposes of pursuing as a purported class action any lawsuit (including by

2   seeking to amend a pending complaint to include class allegations, or seeking class

3   certification in a pending action) based on or relating to the claims and causes of action, or the

4   facts and circumstances relating thereto, in this Action and/or the Released Claims.

5         17.    This Order shall become null and void, and shall be without prejudice to the

6   rights of the Parties, all of whom shall be restored to their respective positions existing

7   immediately before this Court entered this Order, if (i) the proposed Settlement is not finally

8   approved by the Court, or does not become Final (as defined in the Settlement Agreement),

9   pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is

10   terminated pursuant to the terms of the Settlement Agreement for any reason. In such event,

11   and except as provided therein, the proposed Settlement and Settlement Agreement shall

12   become null and void and be of no further force and effect; the certification of the Settlement

13   Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement

14   nor the Court's Orders, including this Order, shall be used or referred to for any purpose

15   whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments,

16   and defenses with respect to class certification.

17         18.    This Order shall be of no force and effect if the Settlement does not become

18   final and shall not be construed or used as an admission, concession, or declaration by or

19   against Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the

20   Settlement Class Members that their claims lack merit or that the relief requested in the Class

21   Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party

22   of any defenses they may have.

23         19.    The Court authorizes the Parties to take all necessary and appropriate steps to

24   implement the Settlement Agreement.

25

26

27

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,
AND SCHEDULING A FINAL APPROVAL HEARING- 7
(C15-1808 TSZ)

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1  DONE and ORDERED in Chambers in Seattle, Washington, this _____ day of

2  _____, 2018.

3

4                                              _____

5                                              THOMAS S. ZILLY
                                               UNITED STATES DISTRICT JUDGE

6

7  cc:  All Counsel of Record

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION             **Williams, Kastner & Gibbs PLLC**
FOR PRELIMINARY APPROVAL OF CLASS ACTION                      601 Union Street, Suite 4100
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT                  Seattle, Washington 98101-2380
PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE,                    (206) 628-6600
AND SCHEDULING A FINAL APPROVAL HEARING- 8
(C15-1808 TSZ)

# Exhibit D

**United States District Court for the Western District of Washington**
*Garcia v. Nationstar Mortgage LLC*, Case No. 2:15-cv-01808 TSZ

### IF YOU PAID A CONVENIENCE FEE WHEN MAKING A MORTGAGE PAYMENT TO NATIONSTAR MORTGAGE LLC YOU ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit claiming that Defendant Nationstar Mortgage LLC, a residential mortgage servicing company, charged customers making their mortgage payments online or over the phone convenience fees that were not authorized by their loan agreements in violation of the Fair Debt Collection Practices Act and Washington law.

- You are included if you are one of the approximately 182,295 United States residents from November 17, 2014 to [Preliminary Approval Date] and/or 6,098 Washington State residents from November 11, 2011 and [Preliminary Approval Date] who were charged convenience fees for making over-the-phone or online payments to Nationstar when making their residential mortgages, and when those debts were at least 30 days past due when Nationstar began servicing them.

- Persons included in the Settlement will be eligible to receive a *pro rata* (meaning equal) share of the Settlement Fund based on the number of payments you made for which you were charged a convenience fee.

- Read this notice carefully. Your legal rights are affected whether you act or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will retain any rights you currently have to sue Nationstar about the claims in this case. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. |
| **GO TO THE HEARING** | Ask to speak in Court about your opinion of the Settlement. |
| **DO NOTHING** | You won't get a share of the Settlement benefits and will give up your rights to sue Nationstar about the claims in this case. |

Your rights and options—**and the deadlines to exercise them**—are explained in this Notice.

**BASIC INFORMATION**

| 1. Why was this Notice issued? |
|---|

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action lawsuit and about all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights.

The Honorable Thomas S. Zilly of the U.S. District Court for the Western District of Washington, is overseeing this case. The case is called *Garcia v. Nationstar Mortgage LLC*, Case No. 2:15-cv-01808 TSZ. The person who has filed suit, Juanita Garcia, is called the Plaintiff. The Defendant is Nationstar Mortgage LLC.

| 2. What is a class action? |
|---|

In a class action, one or more people called class representatives (in this case, Juanita Garcia) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the class.

| 3. What is this lawsuit about? |
|---|

This lawsuit claims that Nationstar violated the federal Fair Debt Collection Practices Act and Washington state Collection Agency Act by charging consumers paying their mortgage payments online or over the phone extra convenience fees when those charges were not authorized by their loan agreements. Nationstar denies it violated any law. The Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

| 4. Why is there a Settlement? |
|---|

The Court has not decided whether the Plaintiff or the Defendant should win this case. Instead, both sides agreed to a Settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and class members will get compensation sooner rather than, if at all, after the completion of a trial.

**WHO'S INCLUDED IN THE SETTLEMENT?**

| 5. How do I know if I am in the Settlement Class? |
|---|

The Court decided that everyone who fits the following description are members of the **Settlement Class**:

The approximately 182,295 United States residents from November 17, 2014 to [Preliminary Approval Date] and/or 6,098 Washington State residents from November 11, 2011 and [Preliminary Approval Date] who were charged convenience fees for making over-the-phone or online payments to Nationstar for their residential mortgages, and when those debts were at least 30 days past due when Nationstar began servicing them.

### THE SETTLEMENT BENEFITS

### 6. What does the Settlement provide?

*Monetary Relief*: Defendants have created a Settlement Fund totaling $3,875,000.00. Class member payments, as well as the cost to administer the Settlement, the cost to inform people about the Settlement, attorneys' fees and an award to the Class Representative will also come out of this fund (*see* Question 13).

*Ongoing Protections*: In addition to this monetary relief, Nationstar has agreed to inform consumers of all fees it charges and represents that it has ceased charging convenience fees to make payments online.

A detailed description of the Settlement benefits can be found in the Settlement Agreement. [insert hyperlink]

### 7. How much will my payment be?

If you are member of the Settlement Class you may submit a Claim Form to receive a portion of the Settlement Fund. Each Class Member who files a valid claim will receive a proportionate share of the Settlement Fund based on the number of times they were charged a convenience fee when making mortgage payments. The amount of this payment will depend on how many of the class members file valid claims and how many times each class member was charged a convenience fee.

### 8. When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Hearing Date]. If the Court approves the Settlement, eligible Class Members whose claims were approved by the Settlement Administrator will receive their payment within 90 days of the Final Approval Hearing (*see* Question 19) in the form of a check, and all checks will expire and become void 90 days after they are issued.

## How to Get Benefits

### 9. How do I get a payment?

If you are a Class Member and you want to get a payment, you must complete and submit a Claim Form by **[Claims Deadline]**. Claim Forms can be found and submitted online or you may received a Claim Form in the mail as a postcard attached to a summary of this notice. To submit a Claim Form online or to request a paper copy, go to [Settlement Website] or call toll free, 1-800-000-0000.

We encourage you to submit your claim online. Not only is it easier and more secure, but it is completely free and takes only minutes!

### Remaining in the Settlement

### 10. What am I giving up if I stay in the Class?

If the Settlement becomes final, you will give up your right to sue Nationstar for the claims being resolved by this Settlement related to the convenience fees. The specific claims you are giving up against Nationstar are described in the Settlement Agreement. You will be "releasing" Nationstar as described in Section 10 of the Settlement Agreement. Unless you exclude yourself (*see* Question 14), you are "releasing" the claims, regardless of whether you submit a claim or not. The Settlement Agreement is available through the "court documents" link on the website.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the lawyers listed in Question 12 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

### 11. What happens if I do nothing at all?

If you do nothing, you won't get any benefits from this Settlement. But, unless you exclude yourself, you won't be able to start a lawsuit or be part of any other lawsuit against Nationstar for the claims being resolved by this Settlement.

### The Lawyers Representing You

### 12. Do I have a lawyer in the case?

The Court has appointed Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP to be the attorneys representing the Settlement Class. They are called "Class Counsel." They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the

Settlement Class. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your own expense.

## 13. How will the lawyers be paid?

Nationstar has agreed to pay Class Counsel attorneys' fees and costs in an amount to be determined by the Court. The fee petition will seek no more than twenty-five percent (25%) of the Settlement Fund, plus reimbursement of their costs and expenses; the Court may award less than this amount. Under the Settlement Agreement, any amount awarded to Class Counsel will be paid out of the Settlement Fund.

Class Counsel will file their motion for attorney's fees no later than _____ [insert date 14 days before objection deadline], and a copy of the motion will be available at [Settlement Website].

Subject to approval by the Court, Nationstar has agreed to pay the Class Representative a reasonable amount to be determined by the Court. This will be paid from the Settlement Fund for her services in helping to bring and settle this case.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

## 14. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must mail or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the settlement in *Garcia v. Nationstar Mortgage LLC*, Case No. 2:15-cv-01808 TSZ. Your letter or request for exclusion must also include your name, your address, a statement that you meet were charged a convenience fee for paying your home mortgage to Nationstar over the phone or online, your signature, the name and number of this case, and a statement that you wish to be excluded. You must mail or deliver your exclusion request no later than **[objection/exclusion deadline]** to:

Nationstar Convenience Fee Settlement
0000 Street
City, ST 00000

## 15. If I don't exclude myself, can I sue the Defendant for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Nationstar for the claims being resolved by this Settlement.

## 16. If I exclude myself, can I get anything from this Settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for benefits.

**OBJECTING TO THE SETTLEMENT**

**17. How do I object to the Settlement?**

If you're a class member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating that you object to the Settlement in *Garcia v. Nationstar Mortgage LLC*, Case No. 2:15-cv-01808 TSZ and identify all your reasons for your objections (including citations and supporting evidence) and attach any materials you rely on for your objections. If you have a lawyer, they must file an appearance and submit your objection through the court's e-filing system. Your letter or brief must also include your name, your address, the basis upon which you claim to be a class member (including a statement that you were charged a convenience fee for paying your home mortgage payment to Nationstar over the phone or online), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. You must also mail or deliver a copy of your letter or brief to Class Counsel and Nationstar's Counsel listed below.

If you want to appear and speak at the Final Approval Hearing to object to the Settlement, with or without a lawyer (explained below in answer to Question Number 21), you must say so in your letter or brief. File the objection with the Court and mail a copy to these two different places postmarked no later than **[objection deadline]**.

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| The Hon. Thomas S. Zilly Suite 15206, United States District Court, 700 Stewart Street, Seattle, WA 98101 | Rafey S. Balabanian Edelson PC 123 Townsend Street San Francisco, CA 94107 | Kalama M. Lui-Kwan Severson & Werson, PC One Embarcadero Center, Suite 2600 San Francisco, CA 94111 |

**18. What's the difference between objecting and excluding myself from the Settlement?**

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL APPROVAL HEARING**

**19. When and where will the Court decide whether to approve the Settlement?**

The Court will hold the Final Approval Hearing at [time] on **Month 00, 2018** in Courtroom 15206 at the United States District Court, 700 Stewart Street, Seattle, Washington. The purpose of the hearing will be for the Court to determine whether to approve the Settlement as fair, reasonable, adequate, and in the best interests of the Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for a case contribution award to the Class Representative. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the Settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check [Settlement Website] or call 1-800-000-0000. If, however, you timely objected to the Settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of such Final Approval Hearing.

### 20. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it's not required.

### 21. May I speak at the hearing?

Yes. You may ask the Court for permission to speak at the final hearing to determine the Settlement's fairness. To do so, you must include in your letter or brief objecting to the Settlement a statement saying that it is your "Notice of Intent to Appear in United States District Court, 700 Stewart Street, Seattle, Washington." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than **[objection deadline]**, and be sent to the addresses listed in Question 17.

### GETTING MORE INFORMATION

### 22. Where do I get more information?

This Notice summarizes the Settlement. More details are in the Settlement Agreement and [Settlement Website]. You can get a copy of the Settlement Agreement at [Settlement Website] You may also write with questions to Nationstar Convenience Fee Settlement, P.O. Box 0000, City, ST 00000. You can call the Settlement Administrator at 1-800-000-0000 or Class Counsel at 1-866-354-3015, if you have any questions. Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

# Exhibit E

From:   NationstarConvenienceFeeSettlement@SettlementWebsite.com
To:     JonQClassMember@domain.com
Re:     Legal Notice of Class Action Settlement--*Garcia v. Nationstar Mortgage LLC*, Case No. 2:15-cv-01808 TSZ (W.D. Wash.)

**Our Records Indicate You Paid a Convenience Fee When Making a Mortgage Payment to Nationstar Mortgage LLC and Are Entitled to a Payment from a Class Action Settlement.**

This notice is to inform you that a Settlement has been reached in a class action lawsuit claiming that Defendant Nationstar Mortgage LLC, a mortgage loan servicing company, charged customers making their residential mortgage payments online or over the phone convenience fees that were not authorized by their loan agreements in violation of the Fair Debt Collection Practices Act and Washington law. Nationstar denies it violated any law, but has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are approximately 182,295 United States residents from November 17, 2014 to [Preliminary Approval Date] and/or 6,098 Washington State residents from November 11, 2011 to [Preliminary Approval Date] who were charged convenience fees for making over-the-phone or online payments to Nationstar for their residential mortgages, and when those debts were at least 30 days past due when Nationstar began servicing them.

**What Can I Get?** If the Settlement is approved by the Court, Nationstar will establish a Settlement Fund of $3,875,000 to pay all valid claims submitted by the Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a Claim Form to receive a *pro rata* (meaning equal) share of the Settlement Fund based on the number of payments you made for which you were charged a convenience fee.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than** [claims deadline]. You can file a claim by clicking [link to Claim Form on Settlement Website.] Your payment will come by check.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a Settlement payment, but you keep any rights you may have to sue Nationstar over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [Settlement Website]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against Nationstar relating to the alleged convenience fees will be released.

**Who Represents Me?** The Court has appointed lawyers Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP to represent the Class. These attorneys are called Class

Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at \_\_\_\_\_ **.m. on** [Final Approval Hearing Date] at Suite 15206, United States District Court, 700 Stewart Street, Seattle, Washington. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the class representative an award from the Settlement Fund for their service in helping to bring and settle this case. Nationstar has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 25% of the Settlement Fund, but the Court may award less than this amount.  Class Counsel will file their motion for attorney's fees no later than _____ [insert date 14 days before objection deadline], and a copy of the motion will be available at [Settlement Website].

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to [Settlement Website], contact the Settlement Administrator at 1-\_\_\_-\_\_\_-\_\_\_\_ or Nationstar Convenience Fee Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

# Exhibit F

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Nationstar Convenience Fee Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

## OUR RECORDS INDICATE YOU PAID A CONVENIENCE FEE WHEN MAKING A MORTGAGE PAYMENT TO NATIONSTAR MORTGAGE LLC AND ARE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

|||||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»    «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

**NATIONSTAR CONVENIENCE FEE SETTLEMENT CLAIM FORM**

THIS CLAIM FORM MUST BE POSTMARKED BY [CLAIMS DEADLINE] AND MUST BE FULLY COMPLETED, BE SIGNED, AND MEET ALL CONDITIONS OF THE SETTLEMENT AGREEMENT.

Instructions: Fill out each section of this form and sign where indicated.

Name (First, M.I., Last): _____   _____   _____

Street Address: _____

City: _____   State: ____ ____   Zip Code: ____ ____ ____ ____ ____

Email Address (optional): _____

Contact Phone #: ( ___ ___ ___ ) ___ ___ ___ – ___ ___ ___ ___   (You may be contacted if further information is required.)

<u>Class Member Verification</u>: By submitting this claim form and checking the boxes below, I declare that I believe I am a member of the Settlement Class and that the following statements are true (each box must be checked to receive a payment):

☐  I made an online or over-the-phone residential mortgage payment to Nationstar and was charged a convenience fee and was a Washington State resident between November 17, 2011 and [Preliminary Approval Date] and/or a United States resident between November 17, 2014 and [Preliminary Approval Date]. The debt was at least 30 days past due when Nationstar began servicing it.

☐ All information provided in this Claim Form is true and correct to the best of my knowledge and belief.

Signature: _____   Date: ___ ___/ ___ ___/ ___ ___

Print Name: _____

The Settlement Administrator will review your Claim Form; if accepted you will be mailed a check for a *pro rata* (meaning equal) share of the Settlement Fund based on the number of times you were charged a convenience fee. This process takes time, please be patient.

**Questions, visit [Settlement Website] or call [Settlement Administrator's Number]**

A Settlement has been reached in a class action lawsuit claiming that Defendant Nationstar Mortgage LLC, a mortgage loan servicing company, charged customers making their mortgage payments online or over the phone convenience fees that were not authorized by their loan agreements in violation of the Fair Debt Collection Practices Act and Washington law. Nationstar denies it violated any law, but has agreed to the Settlement to avoid the uncertainties and expenses associated with continuing the case.

**Am I a Class Member?** Our records indicate you may be a Class Member. Class Members are approximately 182,295 United States residents from November 17, 2014 to [Preliminary Approval Date] and/or 6,098 Washington State residents from November 11, 2011 to [Preliminary Approval Date] who were charged convenience fees for making over-the-phone or online payments to Nationstar for their residential mortgages, and when those debts were at least 30 days past due when Nationstar began servicing them.

**What Can I Get?** If the Settlement is approved by the Court, Nationstar will establish a Settlement Fund of $3,875,000 to pay all valid claims submitted by the Settlement Class, together with notice and administration expenses, attorneys' fees and costs, and an incentive award. If you are entitled to relief, you may submit a claim to receive a *pro rata* (meaning equal) share of the Settlement Fund based on the number of payments you made for which you were charged a convenience fee.

**How Do I Get a Payment?** You must submit a timely and complete Claim Form **no later than [claims deadline]**. A Claim Form is attached to this Notice or you can file one online at [Settlement Website]. Your payment will come by check.

**What are My Other Options?** You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than **[objection/exclusion deadline]**. If you exclude yourself, you cannot get a Settlement payment, but you keep any rights you may have to sue Nationstar over the legal issues in the lawsuit. You and/or your lawyer have the right to appear before the Court and/or object to the proposed Settlement. Your written objection must be filed no later than **[objection/exclusion deadline]**. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [Settlement Website]. If you file a claim or do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against Nationstar relating to the convenience fees will be released.

**Who Represents Me?** The Court has appointed lawyers Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP to represent the Class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at _____ .m. on [Final Approval Hearing Date] at Suite 15206, United States District Court, 700 Stewart Street, Seattle, Washington. At that hearing, the Court will: hear any objections concerning the fairness of the Settlement; determine the fairness of the Settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the class representative an award from the Settlement Fund for her service in helping to bring and settle this case. Nationstar has agreed to pay Class Counsel reasonable attorneys' fees in an amount to be determined by the Court. Class Counsel will seek no more than 25% of the Settlement Fund, but the Court may award less than this amount. Class Counsel will file their motion for attorney's fees no later than _____ [insert date 14 days before objection deadline], and a copy of the motion will be available at [Settlement Website].

**How Do I Get More Information?** For more information, including the full Notice, Claim Form and Settlement Agreement go to [Settlement Website], contact the Settlement Administrator at 1-___-___-____ or Nationstar Convenience Fee Settlement Administrator, [address], or call Class Counsel at 1-866-354-3015.

Nationstar Convenience Fee Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX