UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUANITA GARCIA,

    Plaintiff,

v.

NATIONSTAR MORTGAGE LLC,

    Defendant.

C15-1808 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's Motion for Preliminary Class Certification and Class Action Settlement, docket no. 92 (the "Motion"), to which no opposition was filed, is DEFERRED and RENOTED for March 30, 2018. Although the Court tentatively concludes that the proposed settlement may be reasonable, additional information is necessary before the Court can grant the Motion. As such, the parties are DIRECTED to file on or before the new noting date, one supplemental brief not to exceed twenty (20) pages, addressing the following issues:

    a.    The parties ask the Court to preliminarily certify a single class of members consisting of two subclasses: (1) all individuals in the United States who, from November 17, 2014, to present, made a payment to Defendant Nationstar Mortgage, LLC ("Nationstar") on a residential mortgage debt over the phone or online and was charged a convenience fee; and (2) all individuals in Washington State who, from November 17, 2011, to present, made a payment to Nationstar on a residential mortgage debt over the phone or online and was charged a

MINUTE ORDER - 1

convenience fee.[1] The parties estimate that the first subclass comprises 182,295 members and the second subclass comprises 6,098, for a total maximum class membership of 188,393. The parties fail to explain whether and to what extent these subclasses overlap or are mutually exclusive. The parties do not indicate whether the actual number of class members is 182,295 or 188,393 or some other number. In other words, the parties do not address whether a member of the Washington subclass could also be a member of the national subclass and receive a payment that would constitute a double recovery for the same period.

      b.     The parties propose a settlement pursuant to which Nationstar will create a non-reversionary settlement fund of $3,875,000, from which administrative costs, attorney's fees and costs, a case contribution award to the class representative, and disbursements to class members will be paid. The proposed settlement agreement also requires Nationstar to discontinue its practice of charging convenience fees for online mortgage payments and to notify consumers prior to charging them convenience fees for telephonic payments. The parties envision that attorney's fees will be equal to or less than twenty-five percent (25%) of the settlement fund, or $968,750. If that amount is subtracted from the settlement fund, the remaining amount would be $2,906,250, or approximately $15.43 per class member, assuming that 188,393 class members exist and share equal distributions. The administrative costs and case contribution award, however, must also be deducted from the settlement fund before distributions to the class members are paid. The parties have not provided estimates or meaningful analysis for either of these figures. Moreover, under the parties' proposed settlement, each class member will receive pro rata, rather than equal, shares depending on the number of times that class member was charged a convenience fee—irrespective of the amount of that fee. But the parties have not disclosed the range of possible recoveries that might be available under this proposed model. For example, the parties have not identified which class members have been charged two, three, or more convenience fees, and have failed to approximate how these members' payments will affect the pro rata distributions payable to the remaining class members who were only charged once. It is

---

[1] Plaintiff asserts two claims in this case. *See* Complaint—Class Action, docket no. 1 (the "Complaint"), at 14–17. Count I alleges violations of the Washington Consumer Protection Act, RCW § 19.86.120 (CPA). Complaint at ¶¶ 36–48. Count II alleges violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). Complaint at ¶¶ 49–56. The statute of limitations on a CPA claim is four years. RCW 19.86.120. The statute of limitations on an FDCPA claim is one year. 15 U.S.C. § 1692k(d). Plaintiff filed the Complaint on November 17, 2015, and the two proposed subclasses appear tethered to these statutory deadlines. The average class member is unlikely to be privy to RCW 19.86.120 or 15 U.S.C. § 1692k(d) and the parties are directed to explain these limitations in their definition of the proposed class.

MINUTE ORDER - 2

likewise unclear how much will be allocated to someone who was charged more once (*e.g.* a onetime $19 convenience fee) versus someone who was charged multiple times for a smaller total amount (*e.g.* someone who was charged $6.95 twice, for a total of $13.90). Absent further information, the expected sum or range of sums that class members might receive—assuming every class member or a predicted percentage of class members is paid—cannot be estimated.[2] Without such approximate figures, the Court cannot evaluate whether the proposed settlement is fair, reasonable, adequate, and in the best interests of the class, and class members would not be able to form opinions concerning whether they should object to or opt out of the proposed settlement. Taking these concerns into consideration, the parties are DIRECTED to provide additional guidance on how the proposed distribution model will be applied in practice.

        c.      The parties propose to require each class member to submit a claim form before a class member is eligible for his or her share of the settlement proceeds. The Court is not persuaded that this requirement is in the best interests of the class members or is the most efficient and reasonable manner of administering the settlement fund. The declaration submitted in support of the Motion states that the parties' "discovery revealed that approximately 188,400 individuals were subject to the debt-collection practices at issue, the nature and form of the convenience fees charged by Nationstar, Nationstar's disclosure of those fees (or alleged lack thereof), and the like." Declaration of Benjamin H. Richman, docket no. 93, at ¶ 3.[3] In her Motion for Class Certification, docket no. 44, Plaintiff further confirms that "the precise amount each member of the proposed class[] paid in speedpay fees can be easily determined by Nationstar." *Id.* at 16 n.6.[4] The parties have not reconciled why the information obtained in discovery is insufficient to determine (1) who each class member is and (2) how many times they were charged a convenience fee for purposes of computing and distributing the proposed pro rata amount to each class member. It is likewise unclear what purpose, if any, the proposed "Claim Form" serves. For example, the "Claim Form" does not ask how many times each class member was charged a convenience fee, does not direct the recipient to declare under perjury their belief

---

[2] These deficiencies are in stark contrast to the case law relied upon in the Motion, where the proposed settlements allocated a specific amount of the settlement fund to the class members. *See, e.g.*, *Torre v. CashCall, Inc.*, No. 08-cv-03174-MEJ, 2017 WL 2670699, at *3–4 (N.D. Cal. June 21, 2017) ($1.5 million settlement fund allocated $830,000 to the settlement class to be distributed in pro rata shares, with "a maximum of $650,000 in Plaintiffs' attorneys' fees and costs" and a maximum of $20,000 in service awards to the lead plaintiffs).

[3] The parties also appear to have been able to estimate "the settlement class's actual damages of approximately $12 million . . . ." Motion at 19.

[4] Plaintiff goes so far as to provide the average fee paid by each member of the proposed class. These amounts have been redacted from the public record. *Id.*

that they are entitled to payment, or otherwise seek to solicit any additional information not already available to the parties. To the extent the proposed Claim Form does serve some unspecified purpose, the parties fail to identify the reasons to require a claim form or to analyze why any reasons outweigh the risk that the Claim Form requirement disincentivizes recovery by the class members. Without more, the Court is not satisfied that the Claim Form is necessary or in the best interests of the class members.

      d.       The parties propose to secure a third party to administer notice and payment to the class members. They recommend that this administrator send notice to the class members using a two-step approach. First, the administrator will send notice via email to the email addresses that Nationstar has on file. Second, the administrator will send follow up notice in the form of a postcard via First Class U.S. Mail to any class member whose email address (1) is not on file or (2) generated a "hard 'bounce-back'" during the first step (suggesting that the notice was not received). The parties are encouraged to consider the possibility of additional forms of dispatch that ensure electronic receipt of the notice in the first step and/or to require publication of such notice beyond the settlement website.[5] Alternatively, the parties are DIRECTED to clarify how the proposed approach will guarantee notice is received by the putative class members.

      e.       Throughout the proposed settlement website, email notice, and postcard notice submitted by the parties, the parties suggest that the class members will be eligible to receive a pro rata share of the total $3,875,000 Settlement Fund created in this litigation. The Court is concerned that, upon reading these representations, the average class member will conclude that distributions will be paid from this gross amount without proceeding to the Settlement Agreement to determination their actual range of potential recovery once costs have been subtracted. The parties are DIRECTED to specify in the notice and settlement website that the pro rata distribution will only occur *after* the administrative costs, attorney's fees and costs, and case contribution award have already been deducted in approximated amounts that allow the class members to determine their potential range of recovery.

      f.       Given the lack of clarity concerning the proposed class definitions and the terms of the parties' proposed settlement, the Court cannot make the determinations necessary to grant the present Motion, and the Court cannot expect putative class members to make informed decisions about whether to object to the class settlement and/or opt out of the class.

---

[5] The Court is concerned that email notice might be filtered into a junk folder or might otherwise be undeliverable but not generate a hard bounce-back. In this scenario, a class member would have no reason to search for or visit the proposed settlement website.

MINUTE ORDER - 4

(2) Plaintiff's Motion to Filed Over-Length Motion for Preliminary Approval of Class Certification and Class Action Settlement, docket no. 91, is STRICKEN as moot.

(3) Plaintiff's Motion for Class Certification, docket no. 49, is administratively STRICKEN. Plaintiff may renote the Motion for Class Certification in the event the parties' settlement is not perfected.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 13th day of February, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 5