The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUANITA GARCIA, individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>Defendant. | No. C15-1808 TSZ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES, DIRECTING THE ISSUANCE OF CLASS NOTICE, AND SCHEDULING A FINAL APPROVAL HEARING** |

Upon review and consideration of Plaintiff's Motion for Preliminary Approval of Class Certification and Class Action Settlement, docket no. 92 (the "Motion"), including the parties' Stipulation and Settlement Agreement, attached as Exhibit 1 to the Motion at docket no. 92-1 and modified by the Addendum to Class Action Settlement Agreement, docket no. 98-1 (collectively, the "Settlement Agreement") and all exhibits thereto, along with the Parties' Response to the Court's February 13, 2018 Order, docket no. 98, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The Court has carefully reviewed the Settlement Agreement. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this

FOR PRELIMINARY APPROVAL - 1 -
No. C15-1808 TSZ

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

2. The Court has conducted an evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Fed. R. Civ. P. 23 for settlement purposes only. The Court further finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Settlement Agreement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of John Bates, Esq. of JAMS, and (iii) the Settlement Agreement warrants Notice of its material terms to the Settlement for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement Agreement.

4. Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court finds that: (a) the proposed Settlement Class is so numerous that joinder of all members is impracticable; (b) There are questions of law or fact common to the members of the Settlement Class; (c) The claims of the Plaintiff are typical of the claims of the other members of the Settlement Class; (d) Plaintiff is capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement; (e) Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class; (f) The Settlement Class is ascertainable; (g) Resolution of the claims in this Litigation by way of a class action is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

5. Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court certifies the proposed "Settlement Class" consisting of: (1) all individuals in the United States who, from November 17, 2014 to the date of preliminary approval of the settlement, made a payment to Nationstar on a residential mortgage debt over the phone or online that included a fee charged by Nationstar for using the phone or internet, and whose debt had not been current for

ORDER GRANTING PL.'S MOT.
FOR PRELIMINARY APPROVAL
No. C15-1808 TSZ

- 2 -

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

30 or more consecutive days at the time Nationstar began servicing it ("FDCPA Settlement Class"); and (2) all individuals in Washington state who, from November 17, 2011 to the date of preliminary approval of the settlement made a payment to Nationstar on a residential mortgage debt over the phone or online that included a fee charged by Nationstar for using the phone or internet, and whose debt had not been current for 30 or more consecutive days at the time Nationstar began servicing it ("CPA Settlement Class"). Excluded from the Settlement Class are: (i) individuals who are or were officers or directors of the Defendant or any of their respective affiliates; (ii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and, (iii) all individuals who file a timely and proper request to be excluded from the Settlement Class.

6. For settlement purposes only, the Court hereby approves the appointment of Plaintiff Juanita Garcia as representative of the Settlement Class.

7. For settlement purposes only, the Court hereby approves the appointment of the following attorneys as Class Counsel and finds that they are competent and capable of exercising the responsibilities of Class Counsel: Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP.

8. A hearing regarding final approval of the Settlement ("Final Approval Hearing") will be held at 10:00 a.m. on Wednesday, September 19, 2018, on the 15th floor of the United States Courthouse, located at 700 Stewart Street in Seattle, Washington before the Honorable Thomas S. Zilly, to determine, among other things: (i) final approval of the Settlement Agreement should be granted and (ii) Class Counsel's application for attorney's fees and expenses and an incentive award to the Class Representatives should be granted. No later than Thursday, September 6, 2018, Plaintiffs must file their papers in support of Class Counsel's application for attorneys' fees and expenses. No later than Wednesday, September 5, 2018, Plaintiffs must file their papers in support of final approval of the Settlement Agreement and in response to any objections.

ORDER GRANTING PL.'S MOT.
FOR PRELIMINARY APPROVAL - 3 -
No. C15-1808 TSZ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

9. The Court approves the Class Notice in the Settlement Agreement, including the manner and content of Direct Notice attached as Exhibits D-E to the Settlement Agreement and the creation of the Settlement Website, as more fully described in the Settlement Agreement and attached as Exhibit F thereto. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that Direct Notice and the other forms of Class Notice in the Settlement Agreement are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process and Rule 23.

10. Pursuant to the Settlement Agreement, Heffler Claims Group is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

11. Any Settlement Class Member who wishes to be excluded from the Settlement Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Direct Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than forty-five days (45) days after the Direct Notice is transmitted, which shall be no later than ninety (90) days after the entry of this Order, or Thursday, August 23, 2018. To be valid, the Request for Exclusion must: (a) identify the case name and number; (b) identify the name and address of the Settlement Class Member; (c) be personally signed by the Settlement Class Member requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the Settlement Class in the Litigation, such as "I hereby request that I be excluded from the proposed Settlement Class in the Class Action." Mass or class opt outs shall not be allowed. If the proposed settlement is approved, any Settlement Class Member who has not submitted a timely, written Request for Exclusion from the Class shall be bound by all subsequent proceedings, orders, and judgments

ORDER GRANTING PL.'S MOT.
FOR PRELIMINARY APPROVAL
No. C15-1808 TSZ

- 4 -

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

in this Action, even if he or she has pending, or subsequently initiates, litigation against Defendant relating to any of the Released Claims to Settlement Agreement.

12. Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may comment in support of, or in opposition to, any aspect of the proposed settlement either on his or her own or through an attorney hired at his or her expense.

13. The requirements to assert a valid written objection shall require that any member of the Settlement Class who intends to object to this Settlement Agreement must include his or her name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Settlement Class Member, state that he or she paid Convenience Fees to Defendant, the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and a statement indicating whether the objector intends to appear at the Final Approval Hearing either personally or through counsel, who must file an appearance or seek *pro hac vice* admission, accompanied by the signature of the objecting Settlement Class Member.

14. Notwithstanding Paragraph 13 above, any Settlement Class Member who does not furnish his or her notice of intent to object or otherwise fails to lodge an objection in accordance with this Order or the Settlement Agreement shall still have the opportunity to appear at the Final Approval Hearing and address the Court. Prior to transmitting the Direct Notice, the Parties are DIRECTED to revise the Direct Notice and Settlement Website materials to specifically explain this option and remove any information or statements contravening this paragraph.

15. If the Settlement is finally approved, all Settlement Class Members who have not filed a timely and proper Request for Exclusion shall release the Released Persons from all Released Claims, as described in Section 10 of the Settlement Agreement.

ORDER GRANTING PL.'S MOT.
FOR PRELIMINARY APPROVAL - 5 -
No. C15-1808 TSZ

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

16. All Settlement Class Members who do not timely exclude themselves from the Settlement Class are hereby barred from directly or indirectly (i) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims (as that term is defined in the Settlement Agreement); or (ii) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action and/or the Released Claims.

17. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final (as defined in the Settlement Agreement), pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

18. This Order shall be of no force and effect if the Settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in the Class

ORDER GRANTING PL.'S MOT.
FOR PRELIMINARY APPROVAL
No. C15-1808 TSZ

- 6 -

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

19. The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

ORDERED this 25th day of May, 2018.

_/s/ Thomas S. Zilly_
Thomas S. Zilly
United States District Judge

cc: All Counsel of Record

ORDER GRANTING PL.'S MOT. FOR PRELIMINARY APPROVAL
No. C15-1808 TSZ

- 7 -

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600