The Honorable Thomas S. Zilly

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

JUANITA GARCIA, individually and on
behalf of all others similar situated,

No. C15-1808 TSZ

**FINAL ORDER AND JUDGMENT**

11

Plaintiff,

12

vs.

13

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company,

14

Defendant.

15

16      This matter came before the Court for hearing on October 17, 2018. This Court has

17   considered Plaintiff's Motion for Final Approval to Class Action Settlement, docket no. 109,

18   including the class action settlement set forth in the Stipulation and Settlement Agreement (the

19   "Settlement Agreement") between Plaintiff Juanita Garcia on behalf of herself and all members of

20   the Settlement Class ("Plaintiffs"), and Defendant Nationstar Mortgage LLC ("Defendant")

21   attached as Exhibit 1 to the motion at docket no. 109-1, together with all exhibits thereto, the

22   arguments and authorities presented by the Parties and their counsel, as well as Plaintiff's Motion

23   for Award of Attorneys' Fees, Expenses, and Incentive Award, docket no. 103, together with all

24   exhibits thereto.

25      On May 25, 2018, the Court granted Plaintiff's motion for preliminary approval of a class

26   action settlement in this case, appointed plaintiff Juanita Garcia as the Class Representative, and

27   appointed Rafey S. Balabanian of Edelson PC and D. Frank Davis of Davis & Norris, LLP as Class

Counsel. Order (docket no. 99). The Court also approved the Class Notice, including Direct Notice and the creation of the Settlement Website, and appointed Heffler Claims Group ("Heffler") as Settlement Administrator. *Id.* In June 2018, Heffler compiled a list of class members, established a toll-free number, obtained a Post Office box, and established a website with information about the Settlement. Declaration of Joseph F. Mahan (docket no. 111) at ¶ 4-7. On July 23, 2018, Heffler emailed notices to 119,511 Settlement Class Members. *Id.* ¶ 9. Of those emails, 5,503 were determined to be undeliverable. *Id.* Those 5,503 records were added to the 43,974 records that contained only a mailing address, and all 49,477 members were mailed a Postcard Notice on August 3, 2018. *Id.* ¶¶ 9-10. Of the mailed postcards, 1,620 were identified by the postal service as undeliverable, and 60 were returned with a forwarding address. *Id.* ¶ 12.

As of October 24, 2018, Heffler has received 6,596 timely Claim Forms submitted via postcard, email, or fax and 8,443 timely Claim Forms submitted via the claims website. Notice Regarding Settlement Administration (docket no. 121).[1] As of the same date, Heffler has received 40 Exclusion Requests and no notice of objection by any Class Member. Declaration of Joseph F. Mahan (docket no. 111) at ¶ 13. As of this date, class member Sherlie Charlot has indicated she has no objection as to the scope of the proposed settlement release, docket no. 120.

Pursuant to 28 U.S.C. § 1715(b), counsel for defendant sent notices of the Settlement to the United States Attorney General and the Attorneys General of all the states in which Class Members reside on July 27, 2018. Declaration of Erik Kemp (docket no. 113) ¶ 6. The Court is satisfied that the notice requirements of 28 U.S.C. § 1715(b) were substantially met, and that the 90-day period described in 28 U.S.C. § 1715(d), between service of the notice and the date of issuance of this Order, has elapsed.

Forty-one individuals have requested exclusion from the class and the settlement of this matter: Priscilla R. Hunsaker, Darren Ellerbee, Doris Turner, Jose Acevedo, Tonietta Coit, James R. Mock, Jimmie White, Beryl Thomas, Joe Cabrera, David Hose, Sherry Brooks, James Kennedy,

---

[1]     Heffler has received 116 untimely claim forms—i.e., those received after the October 3, 2018 claims deadline. Notice Regarding Settlement Administration (docket no. 121).

Maria Vide, Starline Dixon, Mary McCammon, Daniel Brooks, Chester Lempitsky, Jacqueline White, Charles Engle, Dale Smith, Alfredo Caracena, Michelle Jackson, Robert Ridgeway, Tamara Slutskaya, Timothy Tuck, Carols Capo, Herbert Lubitz, Richard Rutkowski, Jr., Hazel Henry, Dennis Butz, James Davis, Robin Johnson, Stacie Hedley, Marilyn Sangmeister, Brian O'Neill, Veva Johnson, Floy Johnson, Sherly Cisrow, Garland Groom, Devin Dilay, and Sherlie Charlot. Only 34 of the exclusion requests match names on the class list. Declaration of Joseph F. Mahan (docket no. 111), ¶ 13, Ex. 3; *see also* Docket nos. 114 and 115. This Final Order and Judgment shall not bind or affect those individuals who have requested exclusion.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      Terms and phrases in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      The Court has personal jurisdiction over the parties and the Settlement Class Members, venue is proper, the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment.

3.      The Court finds that the Notice provided to the Settlement Class pursuant to the Settlement Agreement and the Preliminary Approval Order and consisting of individual notice via first-class U.S. Mail postcard and/or email to the Settlement Class, and an interactive settlement website, has been successful and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated to, under all circumstances, apprise Settlement Class Members of the pendency of the Litigation, the certification of the Settlement Class for purposes of the Settlement, the terms of the Agreement, and the right of members to object to the Settlement or to exclude themselves from the Settlement Class; (2) complies with the requirements of the Federal Rules of Civil Procedure and the Due Process Clause; and (3) constitutes the best notice practicable under the circumstances.

4.      The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice,

1  and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90)

2  days have elapsed since Defendant provided notice pursuant to CAFA and the date this Final

3  Approval Order and Judgment is being entered, and no objections have been received by the Court.

4       5.     This Court now gives final approval to the settlement and finds that the Settlement

5  Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The

6  settlement consideration provided under the Settlement Agreement of $3,875,000 constitutes fair

7  value given to in exchange for the release of the Released Claims against the Released Persons.

8  Pursuant to the Settlement Agreement, within five (5) business days of the Final Settlement Date,

9  Defendant shall establish the Settlement Fund. The Court finds that the consideration to be paid to

10  members of the Settlement Class is reasonable and in the best interests of the Settlement Class

11  Members considering the disputed facts and circumstances of and affirmative defenses asserted in

12  the Litigation and the potential risks and likelihood of success of pursuing litigation on the merits.

13  The complex legal and factual posture of this case, the amount of discovery completed, that

14  Plaintiff sought to adversarially certify the identical class, and the fact that the Settlement is the

15  result of arm's-length negotiations between the Parties, including negotiations presided over by

16  John Bates, Esq. of JAMS, support this finding. The Court finds that these facts, in addition to the

17  Court's observations throughout the litigation, demonstrate that there was no collusion present in

18  the reaching of the Settlement Agreement, implicit or otherwise. *See In re Bluetooth Headset*

19  *Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). This finding is also supported by, among

20  other things, the fact that the Settlement provides substantial monetary benefits to Settlement Class

21  Members and such benefits are not disproportionate to the attorneys' fees and expenses awarded to

22  Class Counsel or the Plaintiff; and the benefits provided to Settlement Class Members are

23  appropriate under the circumstances of this case.

24       6.     The Court has specifically considered the factors relevant to class settlement

25  approval (*see, e.g., Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))—including,

26  inter alia, the strength of Plaintiffs case; the risk, expense, complexity, and likely duration of further

27  litigation; the risk of not maintaining class action status throughout trial; the relief provided for in

the settlement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; and the reaction of the Settlement Class Members to the proposed settlement and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to all concerned.

7.     Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8.     The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Named Plaintiff and all other Settlement Class Members, as well as their family members, heirs, administrators, successors, and assigns.

9.     The Releases, which are set forth in Section 10 of the Settlement Agreement are effective as of the Final Settlement Date; and the Released Persons are forever released, relinquished, and discharged by the Releasing Persons from all Released Claims. Pursuant to the Settlement Agreement and this Order, only claims based on Convenience Fees as defined in paragraph 2.12 of the Settlement Agreement, charged to the "Settlement Class" making over-the-phone or on-line payments during the Class Periods as set forth in paragraph 3.1 of the Settlement Agreement, will be released by the Settlement. Class members having any other claims related to any other fee or charge or time period shall be unaffected by the Settlement and Release.

10.     The Court has also considered Plaintiff's Motion for attorneys' fees of $968,750 and expenses of $16,383.53 to Class Counsel and adjudges that these payments are fair and reasonable for the following reasons and those stated in Court. In assessing the requested attorneys' fees, the Court has considered the relief achieved for the Settlement Class Members, the time and effort devoted by Class Counsel as demonstrated by their sworn declarations and the complexity of the legal and factual issues involved. The Court finds that the Attorneys' Fees and Expenses awarded to Class Counsel identified above is fair and reasonable under both a common fund approach and a lodestar approach. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)

1   (finding in this Circuit, a 25% fee is the accepted "benchmark" in common fund cases); *Kerr v.*

2   *Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975) (lodestar approach).

3          11.     The Court has also considered Plaintiff's Motion and supporting declarations for a

4   Case Contribution Award to the Named Plaintiff. The Court adjudges that the payment of a service

5   award in the amount of $5,000 to the Plaintiff, to compensate her for her efforts and commitment

6   on behalf of the Settlement Class, is fair, reasonable, and justified under the circumstances of this

7   case. *See Radcliffe v. Experian Info. Solutions, Inc.*, 715 F.3d 1157 (9th Cir. 2013). Such payment

8   shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

9   The Court also approves up to the sum of $120,000 to be paid to  Heffler Claims Group, the

10  Settlement Administrator, for notice and administrative costs to be  paid from the Settlement Fund.

11         12.     Neither the Settlement Agreement, nor any of its terms and provisions, nor any of

12  the negotiations or proceedings connected with it, nor any of the documents or statements referred

13  to therein, nor this Final Order and Judgment, nor any of its terms and provisions, shall be:

14         (a)     offered by any person or received against the Defendant as evidence or

15  construed as or deemed to be evidence of any presumption, concession, or admission by the

16  Defendant of the truth of the facts alleged by any person or the validity of any claim that has been

17  or could have been asserted in the Garcia Litigation or in any litigation, or other judicial or

18  administrative proceeding, or the deficiency of any defense that has been or could have been

19  asserted in the Garcia Litigation or in any litigation, or of any liability, negligence, fault or

20  wrongdoing of the Defendant;

21         (b)     offered by any person or received against the Defendant as evidence of a

22  presumption, concession, or admission of any fault, misrepresentation, or omission with respect to

23  any statement or written document approved or made by the Defendant or any other wrongdoing by

24  the Defendant;

25         (c)     offered by any person or received against the Defendant as evidence of a

26  presumption, concession, or admission with respect to any liability, negligence, fault, or

27  wrongdoing in any civil, criminal, or administrative action or proceeding;

1  (d) offered by any person or received against Plaintiff or the Settlement Class as
2  an admission of or evidence that any of the Settlement Class Members' claims are with our without
3  merit; or

4  (e) offered or received in evidence in any action or proceeding against any Party
5  hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than
6  to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating
7  thereto), including the Releases, or the Final Order and Judgment.

8  13. This Final Order and Judgment and the Settlement Agreement (including the
9  exhibits thereto) may be filed in any action against or by any Released Person (as that term is
10  defined in the Settlement Agreement) to support a defense of res judicata, collateral estoppel,
11  release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue
12  preclusion or similar defense or counterclaim.

13  14. Plaintiff and all Settlement Class Members who have not opted out of the Agreement
14  are barred from filing, commencing, prosecuting, intervening in, or participating in (as class
15  members or otherwise) any action in any jurisdiction based on or relating to any of the Released
16  Claims or the facts and circumstances relating thereto. Further, Plaintiff and all Settlement Class
17  Members who have not opted out of the settlement are barred from organizing Settlement Class
18  Members, or soliciting the participation of Settlement Class Members, in a separate class for
19  purposes of pursuing any action (including by seeking to amend a pending complaint to include
20  class allegations, or seeking class certification in a pending action in any jurisdiction) based on or
21  relating to any of the Released Claims or the facts and circumstances relating thereto.

22  15. Without further order of the Court, the Settling Parties may agree to reasonably
23  necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

24  16. Judgment is hereby ENTERED for purposes of Federal Rules of Civil Procedure 58
25  and 79, and the time period for filing any notice of appeal shall commence on the date of entry of
26  this Final Order and Judgment. Without affecting the finality of this Final Order and Judgment, the
27  Court retains continuing and exclusive jurisdiction over the construction, interpretation,

consummation, implementation, and enforcement of the Settlement Agreement, including

jurisdiction to enter such further orders as may be necessary or appropriate.

17.    The Clerk is DIRECTED to send a copy of this Final Order and Judgment to all

counsel of record and to CLOSE this case.


DONE and ORDERED in Chambers in Seattle, Washington, this 26th day of October, 2018.

_____

Thomas S. Zilly
United States District Judge


cc:  All Counsel of Record